# Exhibit A

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2022-000124 | **Judge:** | Hannah, John |
| **File Date:** | 1/4/2022 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Matthew Grosch | Plaintiff | Male | Lincoln Combs |
| Shelagh Grosch | Plaintiff | Female | Lincoln Combs |
| Tyco Fire Products L P | Defendant | | Thomas Burke |
| Matlick Enterprises Inc | Defendant | | Ellen Levy |
| Kidde Fenwal Inc | Defendant | | Pro Per |
| National Foam Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 8/23/2024 | OCC - Order Continuing on Inactive/Dismissal Calendar | 8/23/2024 | |
| **NOTE:** | ORDER TO CONTINUE DISMISSAL CALENDAR | | |
| 8/20/2024 | PHO - Pro Hac Vice Order | 8/20/2024 | |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE - PAUL J. NAPOLI | | |
| 8/15/2024 | PHA - Pro Hac Vice Application | 8/15/2024 | |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Paul J. Napoli | | |
| 8/1/2024 | NWA - Notice Withdrawal Of Attorney | 8/1/2024 | |
| **NOTE:** | NOTICE OF WITHDRAWAL OF ERIC B. JOHNSON AS COUNSEL OF RECORD | | |
| 7/30/2024 | NAR - Notice Of Appearance | 7/31/2024 | |
| **NOTE:** | Notice of Appearance | | |
| 7/29/2024 | MCC - Mot/Cont On Inactive Calendar | 7/29/2024 | |
| **NOTE:** | EX-PARTE MOTION TO CONTINUE DISMISSAL CALENDAR | | |
| 7/25/2024 | NWA - Notice Withdrawal Of Attorney | 7/26/2024 | |
| **NOTE:** | NOTICE OF WITHDRAWAL OF CATHERINE GUASTELLO ALLEN AS COUNSEL OF RECORD | | |
| 4/2/2024 | ORD - Order | 4/2/2024 | |
| **NOTE:** | Order | | |
| 3/7/2024 | MCC - Mot/Cont On Inactive Calendar | 3/12/2024 | |
| **NOTE:** | Ex-Parte Motion to Continue on Dismissal Calendar | | |
| 1/30/2024 | 005 - ME: Hearing | 1/30/2024 | |
| 1/30/2024 | SCO – Scheduling Order | 1/30/2024 | |
| **NOTE:** | THIRD AMENDED SCHEDULING ORDER | | |
| 1/9/2024 | ORD - Order | 1/9/2024 | |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE - KERRY J. MILLER | | |
| 1/4/2024 | MOT - Motion | 1/9/2024 | |
| **NOTE:** | Joint Motion for Entry of Amended Scheduling Order | | |
| 1/2/2024 | PHA - Pro Hac Vice Application | 1/4/2024 | |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Kerry J. Miller | | |
| 12/11/2023 | 028 - ME: Status Conference Set | 12/11/2023 | |
| 12/5/2023 | LRM-Letter of Remand from Federal District Court | 12/6/2023 | |
| 11/22/2023 | ORD - Order | 11/22/2023 | |
| **NOTE:** | Order | | |
| 11/3/2023 | MCC - Mot/Cont On Inactive Calendar | 11/6/2023 | |
| **NOTE:** | EX-PARTE MOTION TO CONTINUE DISMISSAL CALENDAR | | |
| 8/23/2023 | 002 - ME: Hearing Vacated | 8/23/2023 | |
| 8/15/2023 | 023 - ME: Order Entered By Court | 8/21/2023 | |
| 8/8/2023 | REL - Reply | 8/9/2023 | |
| **NOTE:** | PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE YOUNG ET AL. V. 3M ET AL., MOORE V. BUCKEYE FIRE EQUIPMENT ET AL., AND GROSCH ET AL. V. TYCO FIRE PRODUCTS LP ET AL. | | |
| 7/7/2023 | NUS - Notice Of Removal Us District Court | 7/8/2023 | |
| **NOTE:** | DEFENDANT TYCO FIRE PRODUCTS LP'S NOTICE OF REMOVAL TO FEDERAL COURT | | |
| 7/6/2023 | MCD - Motion To Consolidate | 7/6/2023 | |
| **NOTE:** | PLAINTIFFS' ARIZ. R. CIV. P. 42(A) MOTION TO CONSOLIDATE YOUNG ET AL. V. CHEMGUARD, INC. ET AL., MOORE V. BUCKEYE FIRE EQUIPMENT ET AL., AND GROSCH ET AL. V. TYCO FIRE PRODUCTS LP ET AL. | | |
| 5/23/2023 | 314 - ME: Bankruptcy | 5/23/2023 | |

| | | |
|---|---|---|
| 5/19/2023 | NOB - Notice Of Filing Bankruptcy | 5/19/2023 |
| **NOTE:** | NOTICE OF SUGGESTION OF BANKRUPTCY FOR KIDDE-FENWAL, INC. AND AUTOMATIC STAY OF PROCEEDINGS | |
| 5/19/2023 | NOB - Notice Of Filing Bankruptcy | 5/19/2023 |
| **NOTE:** | NOTICE OF SUGGESTION OF BANKRUPTCY FOR KIDDE-FENWAL, INC. AND AUTOMATIC STAY OF PROCEEDINGS | |
| 3/29/2023 | ANS - Answer | 3/31/2023 |
| **NOTE:** | Defendant Matlick Enterprises' separate answer to plaintiffs' amended complaint | |
| 3/28/2023 | ANS - Answer | 3/30/2023 |
| **NOTE:** | Answer of Defendant Tyco Fire Products LP | |
| 3/24/2023 | SUM - Summons | 3/31/2023 |
| 3/24/2023 | SUM - Summons | 4/1/2023 |
| 3/24/2023 | AMS - Affidavit Alternative Method of Service | 4/3/2023 |
| **NOTE:** | NATIONAL FOAM INC | |
| 3/24/2023 | AFS - Affidavit Of Service | 4/3/2023 |
| **NOTE:** | KIDDE FENWAL INC | |
| 3/14/2023 | AMC - Amended Complaint | 3/17/2023 |
| **NOTE:** | Amended Complaint and Jury Trial Demand | |
| 3/13/2023 | PHO - Pro Hac Vice Order | 3/13/2023 |
| **NOTE:** | | |
| ORDER GRANTING MOTION AND CONSENT OF LOCAL COUNSEL FOR PRO HAC VICE ADMISSION OF MADISON NEEDHAM, MEAGHAN NEWKIRK, ANNA HROM, AND ROBERT J. SHAUGHNESSY | | |
| 3/13/2023 | ORD - Order | 3/13/2023 |
| **NOTE:** | ORDER RE UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT | |
| 3/13/2023 | ORD - Order | 3/13/2023 |
| **NOTE:** | | |
| IT IS FURTHER ORDERED vacating the trial setting conference on October 3, 2023, and resetting it to: December 12, 2023 @ 8:30 a.m. | | |
| 2/23/2023 | MOT - Motion | 2/28/2023 |
| **NOTE:** | | |
| MOTION AND CONSENT OF LOCAL COUNSEL FOR PRO HAC VICE ADMISSION OF MADISON NEEDHAM, MEAGHAN NEWKIRK, ANNA HROM, AND ROBERT J. SHAUGHNESSY | | |
| 2/17/2023 | ORD - Order | 2/17/2023 |
| **NOTE:** | The parties' deadline to complete party depositions will be moved from January 20, 2023 to February 28, 2023. | |
| 1/30/2023 | MTA - Motion To Amend | 2/1/2023 |
| **NOTE:** | Unopposed Motion for Leave to File Amended Complaint | |
| 1/30/2023 | MCO - Motion To Continue | 2/1/2023 |
| **NOTE:** | Unopposed Motion to Continue All Deadlines | |
| 12/30/2022 | MCO - Motion To Continue | 12/31/2022 |
| **NOTE:** | Plaintiffs' Unopposed Motion for Continuance of Discovery Deadlines | |
| 12/19/2022 | AFS - Affidavit Of Service | 12/20/2022 |
| **NOTE:** | Affidavit of Service of Subpoena (Industrial Commission of Arizona) | |
| 12/15/2022 | 022 - ME: Order Signed | 12/15/2022 |
| 12/14/2022 | ORD - Order | 12/20/2022 |
| **NOTE:** | PROTECTIVE / | |
| 12/12/2022 | MOT - Motion | 12/13/2022 |
| **NOTE:** | Stipulated Motion for Protective Order | |
| 11/29/2022 | 083 - ME: Conference Reset/Cont | 11/29/2022 |
| 11/29/2022 | SCO – Scheduling Order | 11/29/2022 |
| **NOTE:** | AMENDED SCHEDULING ORDER | |
| 11/15/2022 | 026 - ME: Pretrial Conference Set | 11/15/2022 |
| 11/15/2022 | SCO – Scheduling Order | 11/15/2022 |
| **NOTE:** | AMENDED SCHEDULING ORDER | |
| 11/10/2022 | STP - Stipulation | 11/12/2022 |
| **NOTE:** | Second Stipulation and Joint Motion to Amend Scheduling Order | |
| 10/10/2022 | STP - Stipulation | 10/12/2022 |
| **NOTE:** | Stipulation and Joint Motion to Amend Scheduling Order | |
| 8/24/2022 | 026 - ME: Pretrial Conference Set | 8/24/2022 |
| 8/24/2022 | SCO – Scheduling Order | 8/24/2022 |
| **NOTE:** | Order | |
| 8/10/2022 | NPD - Notice Case on Dismissal Calendar | 8/10/2022 |
| 8/1/2022 | JSR – Joint Scheduling Report | 8/4/2022 |
| **NOTE:** | Joint Report | |
| 7/13/2022 | NSC - Notice of Substitution of Counsel | 7/14/2022 |
| **NOTE:** | Notice of Substitution of Counsel Within Firm | |
| 7/5/2022 | NNF - Not Of Non-Parties At Fault | 7/6/2022 |
| **NOTE:** | Defendant Matlick Enterprises Inc Joinder in defendant notice of non parties at fault | |
| 7/1/2022 | NNF - Not Of Non-Parties At Fault | 7/5/2022 |
| **NOTE:** | Defendant Tyco Fire Products LP's Notice of Non-Parties at Fault | |
| 4/6/2022 | PHO - Pro Hac Vice Order | 4/6/2022 |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – DANIELLE C. TEUTONICO | |
| 3/29/2022 | ORD - Order | 3/29/2022 |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – JASON W. BURGE | |
| 3/16/2022 | PHA - Pro Hac Vice Application | 3/22/2022 |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Danielle C. Teutonico | |
| 3/11/2022 | PHA - Pro Hac Vice Application | 3/16/2022 |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Jason W. Burge | |
| 2/28/2022 | NJT - Not Demand For Jury Trial | 3/1/2022 |
| **NOTE:** | DEFENDANT MATLICK ENTERPRISES, INC.'S DEMAND FOR JURY TRIAL | |

| 2/28/2022 | ANS - Answer | 3/1/2022 |
|---|---|---|
| **NOTE:** | DEFENDANT MATLICK ENTERPRISES' SEPARATE ANSWER TO PLAINTIFFS' COMPLAINT / EFILE BILLING $245.00 | |
| 2/28/2022 | CCA - Cert Compulsory Arbitration | 3/1/2022 |
| **NOTE:** | DEFENDANT MATLICK ENTERPRISES, INC.'S CERTIFICATE REGARDING COMPULSORY ARBITRATION | |
| 2/1/2022 | ANS - Answer | 2/7/2022 |
| **NOTE:** | Answer of Defendant Tyco Fire Products LP / EFILE BILLING $245.00 | |
| 1/20/2022 | AFS - Affidavit Of Service | 1/25/2022 |
| **NOTE:** | MATLICK ENTERPRISES INC | |
| 1/13/2022 | AFS - Affidavit Of Service | 1/18/2022 |
| **NOTE:** | TYCO FIRE PRODUCTS LP | |
| 1/4/2022 | COM - Complaint | 1/5/2022 |
| **NOTE:** | Complaint | |
| 1/4/2022 | CSH - Coversheet | 1/5/2022 |
| **NOTE:** | Civil Cover Sheet | |
| 1/4/2022 | CCN - Cert Arbitration - Not Subject | 1/5/2022 |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | |
| 1/4/2022 | SUM - Summons | 1/5/2022 |
| **NOTE:** | Summons | |
| 1/4/2022 | SUM - Summons | 1/5/2022 |
| **NOTE:** | Summons | |

## Case Calendar

| Date | Time | Event |
|---|---|---|
| 9/21/2023 | 8:45 | Pre-Trial Conference |
| 10/3/2023 | 8:45 | Pre-Trial Conference |
| 12/12/2023 | 8:30 | Pre-Trial Conference |
| 1/25/2024 | 8:30 | Status Conference |
| 10/29/2024 | 8:30 | Pre-Trial Conference |

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| No records found. | | | | | |

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/4/2022 4:01:55 PM
Filing ID 13781075

**Plaintiff's Attorney:**
Lincoln Combs
Bar Number: 025080, issuing State: AZ
Law Firm: OSteen and Harrison
300 W Clarendon Ave Ste 400
Phoenix, AZ 85013
Telephone Number: (602)252-8888
Email address: lcombs@vanosteen.com

CV2022-000124

**Plaintiffs:**
Matthew Grosch

Shelagh Grosch

**Defendants:**
TYCO FIRE PRODUCTS, LP

MATLICK ENTERPRISES, INC.

Discovery Tier t3

Case Category: Tort Non-Motor Vehicle
Case Subcategory: Product Liability - Toxic/Other

AZTurboCourt.gov Form Set #6416322

Civil Cover Sheet
Page 1 of 1

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/4/2022 4:01:55 PM
Filing ID 13781078

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Matthew Grosch, et al.
Plaintiff(s),
v.
TYCO FIRE PRODUCTS, LP, et al.
Defendant(s).

Case No. **CV2022-000124**

**SUMMONS**

To: MATLICK ENTERPRISES, INC.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *January 04, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6416222

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/4/2022 4:01:55 PM
Filing ID 13781077

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Matthew Grosch, et al.
Plaintiff(s),
v.
TYCO FIRE PRODUCTS, LP, et al.
Defendant(s).

Case No. **CV2022-000124**

**SUMMONS**

To: TYCO FIRE PRODUCTS, LP

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *January 04, 2022*

*JEFF FINE*
Clerk of Superior Court

By: *MICHAEL FARROW*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #6416322

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/4/2022 4:01:55 PM
Filing ID 13781076

Person/Attorney Filing: Lincoln Combs
Mailing Address: 300 W Clarendon Ave Ste 400
City, State, Zip Code: Phoenix, AZ 85013
Phone Number: (602)252-8888
E-Mail Address: lcombs@vanosteen.com
[ □ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 025080, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Matthew Grosch, et al.
Plaintiff(s),
v.
TYCO FIRE PRODUCTS, LP, et al.
Defendant(s).

Case No.  CV2022-000124

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Maricopa County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Lincoln Combs /s/
Plaintiff/Attorney for Plaintiff



Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/4/2022 4:01:55 PM
Filing ID 13781074

Lincoln Combs, Esq. – State Bar #025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

CV2022-000124

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | (Product Liability; Negligence; Punitive Damages) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | **(Demand for Jury Trial)** |

For their Complaint against Defendants Tyco Fire Products, LP ("Tyco") and Matlick Enterprises, Inc. ("United Fire" and, collectively with Tyco, "Defendants"), Plaintiffs Matthew Grosch and Shelagh Grosch ("Plaintiffs"), through undersigned counsel, hereby allege, based upon information and belief, as follows:



## INTRODUCTION

1.   Plaintiff Matthew Grosch ("Matt") has been a firefighter for fifteen years.  Throughout that period, he worked with aqueous film-forming foams ("AFFFs") containing the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS").  PFAS include, but are not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.   AFFFs are used by fire departments, including the departments where Matt worked, to extinguish fires.  Matt was exposed to AFFFs in training sessions, while fighting fires, and, after a fire was extinguished, by "painting" rooms, which entails coating every surface with a thick concentration of foam to prevent fires from rekindling.  Throughout his career, Matt had routine dermal exposure to AFFFs.

3.   Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFFs with knowledge that they contained highly toxic PFAS, which would expose end users of the product to the risks associated with PFAS.  Each of the Defendants supplied AFFFs, either on a manufacturer or distributor basis, to the Phoenix Fire Department that employs Matt.

4.   PFAS accumulates in the blood and bodily tissues of humans exposed to the material and persists for long periods of time. These are highly toxic and carcinogenic chemicals.  Defendants knew, or should have known, that PFAS present significant health risks to humans who are exposed to them.

5.   In his role as a firefighter, Matt used Defendants' AFFFs in their intended manner, without material change in the products' condition, and in a manner which Defendants were aware



that firefighters like Matt would use the product. Matt was unaware of the toxic nature of the PFAS in AFFFs – indeed, Defendants represented their foam products were inert and posed no health hazards.

6.    After more than a decade of exposure to AFFFs, in March 2017 Matt was diagnosed with testicular cancer. Matt's consumption, and/or dermal absorption of Defendants' AFFF products caused him to develop the serious medical conditions and complications alleged herein.

7.    Through this action, Matt and his wife, Shelagh, seek to recover for the permanent and significant damages sustained as a direct consequence of his exposure to Defendants' AFFF products during the course of Matt's training and firefighting activities.

## PARTIES, JURISDICTION, AND VENUE

8.    Plaintiffs are a married couple residing in Maricopa County, Arizona.

9.    Defendant Tyco Fire Products, LP, as a successor-in-interest to the Ansul Company ("Tyco") is a Delaware limited partnership and does business throughout the United States, including in Maricopa County, Arizona. Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS. Tyco, and its predecessor in interest Ansul, designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Complaint.

10.   Defendant Matlick Enterprises, Inc. d/b/a United Fire Equipment Company ("United Fire") is an Arizona corporation and does business throughout this state, including in Maricopa County. United Fire marketed, distributed, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Complaint.

O'STEEN HARRISON

11. Tyco is hereafter referred to as the "Manufacturer Defendant." United Fire is hereafter referred to as the "Distributor Defendant."

12. Defendants have caused events to occur in Maricopa County, Arizona, out of which all claims stated herein arise, and venue is proper in this Court pursuant to A.R.S. S 12-401.

13. The amount in controversy exceeds the Court's minimum jurisdictional amount.

14. The Court has jurisdiction of this action pursuant to Article VI, Section 14 of the Arizona Constitution and A.R.S. § 12-123.

**GENERAL ALLEGATIONS**

15. Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish fires.

16. AFFF has better firefighting capabilities than water because of its unique properties, which extinguish fires by smothering them, ultimately starving them of oxygen.

17. AFFFs can be used to fight fires directly in conjunction with or in place of water, or they can be used to insulate a premises that was previously on fire, to prevent fire from reigniting.

18. AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and other parts of the world. AFFF contains PFAS, which are highly fluorinated synthetical chemical compounds whose family includes PFOS and PFOA.

19. PFAS have been used for decades in the manufacture of AFFF. PFAS chemicals are entirely manmade, and do not naturally occur.

20. Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in humans.

21. AFFF and PFAS are associated with various adverse health effects in humans.



22. Exposure to AFFF has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease, and infertility.

23. In the 1960s, studies by PFAS manufacturers raised concerns about the health risks caused by these substances.[1]

24. By the 1970s, animal studies of PFAS revealed immunotoxicity and other adverse effects.

25. By the 1980s, studies by PFAS manufacturers reported immunotoxicity and carcinogenicity effects caused by PFAS.

26. By the 1990s, certain PFAS manufacturers began monitoring the levels of PFAS in the blood serum of their workers. Studies began showing an excess occurrence of prostate cancer in individuals exposed to PFAS.

27. By at least 2010, additional research and testing performed by certain PFAS manufacturers revealed multiple potential adverse health impacts among workers exposed to PFAS, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

28. After the USEPA and other entities began asking manufacturers to stop manufacturing and/or using certain PFAS, Defendants began manufacturing and/or distributing more of certain other and/or "new" PFAS, including so-called "Short-Chain PFAS."

29. Defendants manufacturing and/or distributing Short-Chain PFAS are aware that Short-Chain PFAS have also been found in human blood. By the mid-2010s, manufacturers were aware

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6172956/



that certain Short-Chain PFAS have been found to cause the same triad of tumors, (testicular, liver, and pancreatic), in animals as non-Short-Chain PFAS.

30.  Moreover, by the early 2010s, research on Short-Chain PFAS suggested that the technical performance of these Short-Chain PFAS is lower, requiring larger quantities and/or more substances to be used to provide the same performance, leading to the same aggregate exposure for affected humans.

31.  Nonetheless, Defendants each downplayed the risks of AFFFs containing PFAS to firefighters like Matthew Grosch.

32.  Even after an independent science panel, known as the "C8 Science Panel," announced in the 2010s that human exposure to PFAS were associated with certain human diseases, including kidney and testicular cancer,[2] Defendants continued to downplay the risk of AFFFs.

33.  At all relevant times, Manufacturer Defendant, through its acts and omissions, concealed and/or withheld information from its customers, governmental entities, and the public that would have properly and fully alerted Plaintiff to the risks of exposure to AFFFs containing PFAS.

34.  At all relevant times, Defendants encouraged continued and increased use of PFAS by their customers and others and tried to encourage and foster the increased and further use of PFAS through the promotion of AFFFs to fire departments, including the fire department where Matthew Grosch works, while downplaying the risks.

35.  At all relevant times, Manufacturer Defendant was and/or should have been aware, or knew and/or should have known, that its design, marketing, development, manufacture, distribution,

---

[2] https://ehp.niehs.nih.gov/doi/pdf/10.1289/ehp.1306615



release, training and response of users, production of instructional materials and/or sale of AFFFs containing PFAS would result in the contamination of the blood and/or body of Matthew Grosch with PFAS, causing injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Matthew Grosch.

**Defendants' AFFFs were used by the Phoenix Fire Department**

36. Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing toxic PFAS that were used by fire departments around the country, including county and municipal firefighting departments.

37. Defendants each designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS in such a way as to cause the exposure to and ultimate contamination of Matthew Grosch's blood and body with PFAS, resulting in persistence and accumulation of PFAS in his blood and body.

38. Each of the Defendants manufactured, sold, and/or distributed AFFFs to the Phoenix Fire Department, thereby causing the contamination of the blood and/or body of Matthew Grosch with PFAS.

39. Tyco/Ansul manufactured and/or sold AFFFs to Phoenix Fire Department, based upon information and belief, during all relevant time periods. Tyco/Ansul's AFFFs were used by firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by Tyco/Ansul thereby exposing Matthew Grosch to PFAS.

40. United Fire distributed AFFFs to the Phoenix Fire Department, based upon information and belief, during all relevant time periods. AFFFs distributed by United Fire were used by



firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by United Fire, thereby exposing Matthew Grosch to PFAS.

**The Plaintiff's exposure to Defendants' AFFFs**

41. Matthew Grosch and his wife, Shelagh Grosch, have been happily married since October 2001.

42. Matthew Grosch began his fire service career in January of 2007, with the Phoenix Fire Department, serving the city of Phoenix, Arizona.

43. Matt was first exposed to AFFFs in the Phoenix Fire Department academy, where he trained with Class A and B firefighting foams. During training, it was common to have AFFFs on his body from head to toe, and it was common to have direct skin contact with AFFFs while cleaning up after drills. At the time, he was led to believe that the foam was generally inert and provided no hazard to his health. After his training, in service as a firefighter, Matt was exposed to AFFFs while spraying foam during firefighting operations.

44. Matt's responsibilities included driving, pumping, and maintaining the fire truck, which included pumping AFFFs, cleaning AFFFs out of the firefighting equipment, and adding new foam as needed. While operating and cleaning equipment using foam, he was never given any instruction from the manufacturers of distributors to avoid contact with AFFFs, or that the materials were otherwise harmful.

45. During Matt's time as a firefighter, distributors like Defendants met with the Phoenix Fire Department and promoted the various uses of AFFFs as modern and advanced solutions to fire fighting.

O'STEEN HARRISON

46. The fire stations servicing the Phoenix-area airports had specific "crash trucks" that are designated solely for fighting aircraft fires. The crash truck for the Phoenix-area airports contained MilSpec AFFF.

47. The fire stations servicing the Phoenix-area airports also house engines used to fight residential and commercial fires.  Although these non-airport engines used AFFFs, they were not used to fight aircraft fires and therefore did not have MilSpec AFFF.

48. Firefighters who regularly expect to fight aircraft fires obtain an Aircraft Rescue Firefighting ("ARF") certification. Matt was not ARF certified at any time prior to his diagnosis and never fought aircraft fires.

49. When Matt was stationed at the fire stations servicing the Phoenix-area airports, he worked exclusively on the trucks that were designated for residential and commercial firefighting, which did not hold MilSpec AFFF.  During his professional career, Matt cannot recall ever interacting with MilSpec AFFF.

50. Over the course of 15 years as a firefighter with the Phoenix Department, from 2007 to the present, Matthew Grosch routinely used, handled, and came in direct contact with AFFFs containing PFOA produced, manufactured, sold, and/or distributed by the Defendants.  His exposure to these products was in the ordinary course of his firefighting activities, and was in the standard way that Defendants anticipated that these products would be used and handled.

51. At no time in his career was Matt warned by the Defendants that their products carried a substantial risk of adverse medical outcomes, including cancers such as testicular cancer.

52. In March 2017, at the age of 40, Matthew Grosch was diagnosed with testicular cancer, with a significant tumor.  He had no family history of testicular cancer, nor any genetic

O'STEEN & HARRISON

predisposition.  He is not and has never been a smoker.  Among other medical treatments, he underwent an orchiectomy and chemotherapy.  His medical treatments continue to this day.

### FIRST CLAIM FOR RELIEF
### (Strict Products Liability-Design Defect and Failure to Warn against All Defendants)

53. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 52 of this Complaint as if they were fully set forth herein.

54. Upon information and belief, Defendants are the manufacturers and/or distributors of the AFFFs containing PFAS to which Matthew Grosch was exposed.

55. Defendants are each the sellers of the AFFFs containing PFAS to which Matthew Grosch was exposed. Defendants sell AFFFs in the ordinary course of their business.

56. The use of the AFFFs in training activities and routine firefighting activities was the purpose for which the AFFFs were intended and was reasonably foreseeable by Defendants.  The AFFFs were used in substantially the same condition in which they were sold.

57. A reasonable firefighter would not expect the AFFFs used in training activities and routine firefighting activities to expose him to a known carcinogen.

58. AFFFs failed to perform as safely as an ordinary firefighter would expect when the AFFFs were used in the reasonably foreseeable manner of routine firefighting activities.

59. Defendants designed an unreasonably harmful product that was inherently defective in that it contained known carcinogens.

60. Defendants had full knowledge that AFFFs contained known carcinogens and failed to warn Plaintiffs of the unreasonably dangerous risks.

O'STEEN HARRISON

61. Matthew Grosch has suffered lasting and ongoing personal injuries resulting from the defective and unreasonably dangerous nature of the product caused by its defective design.

62. Matthew Grosch was a healthy middle-aged man with no history of testicular cancer, making his likelihood of developing the disease quite low.

63. As a direct and proximate result of the foregoing, Plaintiffs have been damaged, both via personal injuries and through loss of consortium, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### (Negligent Failure to Warn Against Manufacturing Defendant)

64. Plaintiffs incorporate the allegations contained in paragraphs 1 through 63 of this Complaint as if they were fully set forth herein.

65. Manufacturing Defendant knew, through internal and external research, that AFFFs were likely dangerous when used in training activities and routine firefighting activities.

66. Manufacturing Defendant had no reason to believe that Plaintiffs would realize the danger of AFFFs, including their carcinogenic effects.

67. Manufacturing Defendant failed to exercise reasonable care to inform Plaintiffs of AFFFs dangers or of the facts which make it likely to be dangerous.

68. Because of Defendant's failure to warn Plaintiffs about the dangers of AFFFs, Plaintiffs suffered personal injuries.

## THIRD CLAIM FOR RELIEF
### (Negligent Plan or Design of Product Against All Defendants)

69. Plaintiffs incorporate the allegations contained in paragraphs 1 through 68 of this Complaint as if they were fully set forth herein.



70. AFFFs, products designed by Defendants, are dangerous for use in training activities and routine firefighting activities, which is the intended use of AFFFs.

71. Defendants failed to exercise reasonable care in continuing to design and failing to re-design AFFFs which contain dangerous carcinogens.

**72.** Because of Defendants' defective design of AFFFs Plaintiffs suffered personal injuries.

### FOURTH CLAIM FOR RELIEF
#### (Punitive Damages against Tyco/Ansul)

73. Plaintiffs incorporate the allegations contained in paragraphs 1 through 72 of this Complaint as if they were fully set forth herein.

74. Upon information and belief, Defendants Tyco/Ansul (the "Manufacturer Defendant") first started manufacturing, marketing, and selling AFFFs many years ago.

75. Over the ensuing years, the Manufacturer Defendants either knew or should have known that an increasing volume of industry research demonstrated that AFFFs cause serious medical effects in humans who are exposed to them dermally, including tissue cancers such as testicular cancer. Throughout that period, and up to the present, the Manufacturer Defendants have never warned firefighters or the broader public of the known health risks of AFFFs.

76. The Manufacturer Defendants had obligations under various laws, including but not limited to 15 U.S.C. § 2607(3), to disclose to various government agencies the health risks of AFFFs containing PFAS, including in particular the carcinogenic effects of these products of which the Manufacturer Defendant was aware. Nonetheless, the Manufacturer Defendant intentionally withheld from applicable government agencies its knowledge of the hazardous health effects AFFFs can cause to fire fighters like Matthew Grosch.

O'STEEN HARRISON

77. The Manufacturer Defendant consciously pursued this course of conduct – the manufacture, marketing, and sale of a deficient and dangerous product with no representation to expected users of this known danger – in order to serve its own profit motives.

78. The Manufacturer Defendant pursued the actions set forth above despite its knowledge of the substantial risk that AFFFs posed to firefighters like Matthew Grosch.

79. The Manufacturer Defendant acted with an evil mind, meriting an award of punitive damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF
#### (Loss of Consortium)

80. Plaintiffs incorporate the allegations contained in paragraphs 1 through 79 of this Complaint as if they were fully set forth herein.

81. Shelagh Grosch is and was at all times relevant to this action, the legal spouse of Matthew Grosch, and they have at all times relevant to this action, lived together as husband and wife.

82. As a proximate result of the personal injuries suffered by Matthew Grosch, as described in this Complaint, Shelagh Grosch has been deprived of the benefits of their marriage including his love, affection, society, and consortium, and other husbandly duties and actions. Matthew Grosch provided Shelagh Grosch with all of the benefits of a marriage between husband and wife, prior to his exposure to Defendants' hazardous AFFFs and the resulting injuries described herein.

83. Shelagh Grosch has also incurred the costs and expenses related to the medical care, treatment, medications, and hospitalization to which Matthew Grosch was subjected for the physical injuries he suffered as a proximate result of his use of the Defendants' AFFFs. Shelagh Grosch will continue to incur the future costs and expenses related to the care, treatment, medications, and

O'STEEN HARRISON

hospitalization of Matthew Grosch due to his injuries from exposure to Defendants' hazardous AFFFs.

84. Shelagh Grosch has suffered loss of consortium, as described herein, including the past, present, and future loss of her husband's companionship, services, society, and the ability of Matthew Grosch to provide Shelagh Grosch with the benefits of marriage, all of which has resulted in her pain, suffering, and mental and emotional distress and worry.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, Plaintiffs, by and through counsel undersigned, hereby request a trial by jury as to all triable issues in the above-captioned matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

A.   All Defendants:

    i.   For general and special damages to Plaintiffs including pain, suffering, and for reasonable and necessary medical treatment and other related damages, in amounts to be proven at trial but which are in excess of $300,000 (which will be sufficient to qualify for Tier 3 under Rule 26.2);

    ii.   For Plaintiffs' costs herein incurred; and

    iii.   For such other and further relief as the Court deems just and proper.

B.   Manufacturer Defendant:

    i.   For punitive damages in an amount to be determined by the jury at trial;

    ii.   For such other and further relief as the Court deems just and proper.

O'STEEN & HARRISON
ATTORNEYS AT LAW

DATED this 4th day of January, 2022.

O'STEEN & HARRISON, PLC

Lincoln Combs
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
*Attorneys for Plaintiff*

Keith Blanchard
P.O. Box 4552
Scottsdale, Arizona 85261
602-488-9762

CLERK OF THE
SUPERIOR COURT
FILED
F. FOWLER, DEF

**22 JAN 13 PM 2:50**

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

MATTHEW GROSCH and SHELAGH
GROSCH,

                Plaintiffs,

    vs.

TYCO FIRE PRODUCTS, LP and MATLICK
ENTERPRISES, INC.,

                Defendants.

Case No.: CV2022-000124

Certificate of Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Keith Blanchard, being duly sworn states: I am qualified to serve process in this cause,
appointed by the Superior Court in Maricopa County. I swear under the penalty of
perjury that the following is true and accurate. I received the following documents in this
action: Summons, Complaint and Certificate Regarding Arbitration from Lincoln Combs
(025080) of O'STEEN & HARRISON, PLC, on January 6, 2022, and in each instance, I
personally served a copy of each document listed above on those named below in the
manner, time and place shown:

Service upon: **Tyco Fire Products, LP,** by leaving one true copy of the above documents
with Christine Napier (White female, 40, 5'6", 150 lbs., blonde hair) Agent for Statutory
Agent CT Corporation Systems, authorized to accept service at its usual place of
business. Service effected at 3800 N. Central Avenue, Suite 460, Phoenix, AZ 85012.
Document served on January 12, 2021 at 2:33 p.m.

I declare under penalty of perjury that the forgoing is true, correct and executed on this
date: <u>January 13, 2022</u>.

Keith Blanchard, Affiant

| | | |
|---|---|---|
| $ | 16.00 | Service |
| $ | 24.00 (min) | Mileage |
| $ | 10.00 | Processing Fee |
| $ | 50.00 | Total |

CLERK OF THE
SUPERIOR COURT
FILED
L. FARR, DEP

22 JAN 20   PM 3: 03

CERTIFICATE OF SERVICE

| Case: CV2022-000124 | Court<br>Superior Court Arizona | County:<br>Maricopa |
|---|---|---|
| Plaintiff / Petitioner:<br>Mathew Grosch | | Defendant / Respondent:<br>Tyco Fire Products, LP |
| Received by:<br>Don Stiver  January 11 2022 5:39 pm | | For:<br>Lincoln Combs ATT |
| To be served upon: Matlick Enterprises, INC | | |

I, Don Stiver, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address Matlick Enterprises, INC

310 South Williams Blvd #250 Tucson AZ 85711 Manner of Service by service upon Statutory Agent David West. Denise Lown authorized to accept for David West

January 12 2022, 9:15 am MST

Documents: Summons, Complaint and Certificate of Compulsory Arbitration

I Declare Under Penalty of Perjury That the Foregoing is True and Correct.   Military Service No

Don Stiver PIMA 044              Date                              Service Fee 80.00
1175 N. Solar Drive              January 12 2022
Vail Arizona 85641

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
2/1/2022 3:15:00 PM
Filing ID 13888146

1

Quarles & Brady LLP
One Renaissance Square

2

Two North Central Avenue
Suite 600

3

Phoenix, AZ  85004-2322
TELEPHONE 602-229-5200

4

Attorneys for Defendant

5

Tyco Fire Products LP

6

Eric B. Johnson (#020512)
Eric.johnson@quarles.com

7

Amy Levine Heiserman (#032486)
Amy.Heiserman@quarles.com

8

9

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10

IN AND FOR THE COUNTY OF MARICOPA

11

| MATTHEW GROSCH and SHELAGH | NO. CV2022-000124 |

12

GROSCH,

13

Plaintiffs,

**ANSWER OF DEFENDANT TYCO
FIRE PRODUCTS LP**

14

v.

15

TYCO FIRE PRODUCTS LP and
MATLICK ENTERPRISES, INC.,

16

Defendants.

17

18

Defendant Tyco Fire Products LP ("Tyco"), by and through its undersigned counsel,

19

hereby answers the Complaint filed by Plaintiffs Matthew and Shelagh Grosch

20

("Plaintiffs").  This Answer is based on Tyco's investigation to date, and Tyco reserves the

21

right to supplement or amend this Answer during the course of the litigation as new

22

information is learned.

23

All allegations not specifically admitted are denied.  In particular, the Complaint

24

routinely refers without differentiation to "Defendants," which formulation includes an

25

entity other than Tyco.  Unless an allegation as to that other defendant is specifically

26

admitted herein, Tyco lacks knowledge or information sufficient to form a belief about the

27

truth of the matter and, on that basis, denies the allegation.  Additionally, to the extent that

28

QB\72305479.1

1  any headings or subheadings in the Complaint are intended as allegations, those allegations

2  are denied.

3        In response to the numbered paragraphs of the Complaint, Tyco states as follows,

4  with each numbered paragraph below responding to the same-numbered paragraph of the

5  Complaint:

6        1.      Responding to the first two sentences, Tyco lacks knowledge or information

7  sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

8  Responding to the third sentence, Tyco admits that PFAS include, but are not limited to,

9  PFOA and PFOS and related chemicals, including those that degrade to PFOA or PFOS.

10        2.      Tyco admits that AFFFs are used by some fire departments.  As to the other

11  allegations, Tyco lacks knowledge or information sufficient to form a belief about the truth

12  of the allegations and, on that basis, denies them.

13        3.      To the extent that the allegations are directed at Tyco, the allegations are

14  denied.  To the allegations that are directed at the other defendant, Tyco lacks knowledge

15  or information sufficient to form a belief about the truth of the allegations and, on that basis,

16  denies them.

17        4.      Responding to the first sentence, the allegations are vague and ambiguous as

18  to what is meant by "PFAS" and "long periods of time," and on that basis it denies the

19  allegations.  Responding to the second and third sentences, Tyco denies the allegations.

20        5.      Tyco lacks knowledge or information sufficient to form a belief about the

21  truth of allegations about Mr. Grosch's conduct and state of mind and, on that basis, denies

22  them.  To the extent that the allegations are directed at Tyco or Tyco's AFFF products, the

23  allegations are denied.  To the extent that the allegations are directed at the other defendant,

24  Tyco lacks knowledge or information sufficient to form a belief about the truth of the

25  allegations and, on that basis, denies them.

26        6.      Responding to the first sentence, Tyco lacks knowledge or information

27  sufficient to form a belief about the truth of allegations about Mr. Grosch's status, on that

28  basis, denies them.  Responding to the second sentence, to the extent that the allegations are

QB\72305479.1

- 2 -

directed at Tyco or Tyco's AFFF products, the allegations are denied.  To the extent that the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

7.     This paragraph merely purports to characterize this action as set forth in the Complaint and does not require a response.  To the extent that a response is required, Tyco denies that Plaintiffs are entitled to any damages or other remedies against it.

8.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

9.     It is admitted that Tyco Fire Products LP is a limited partnership organized and existing under the laws of the State of Delaware.  To the extent that a further response is required, it is admitted that an affiliate of Tyco merged with an affiliate of Ansul (then known as Wormald US Inc.) in 1990, and that Ansul is a brand name used by Tyco on some products.  The allegations are otherwise denied.

10.    Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

11.    This paragraph simply describes a naming convention and does not require a response.

12.    To the extent that the allegations are directed at Tyco, the allegations are denied.  To the extent that the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

13.    This paragraph states a legal conclusion and does not require a response.  To the extent that a response is required, the allegations are denied.

14.    This paragraph states a legal conclusion and does not require a response.  To the extent that a response is required, the allegations are denied.

15.    Tyco admits that AFFF is formed by combining various substances in a concentrate with water at the point of use.  The allegations are otherwise denied.

QB\72305479.1

- 3 -

16.     Tyco admits that AFFF has superior firefighting performance as compared to water used alone on certain types of fires because of AFFF's properties, one of which is its ability to form films on liquid fuels.  The allegations are otherwise denied.

17.     The allegations in this paragraph are vague and ambiguous as to what is meant by "in conjunction with or in place of water" and "insulate a premises."  On that basis, Tyco denies the allegations.

18.     Tyco admits that AFFF by definition includes one or more fluorosurfactants; that fluorosurfactants are per- or polyfluoroalkyl substances; and that AFFF and was introduced to the market by another manufacturer in the 1960s.  The remaining allegations are vague and ambiguous as to what is meant by "rapidly," "the primary firefighting foam" and "highly fluorinated synthetical chemical compounds."  On that basis, Tyco denies all the remaining allegations.

19.     Tyco admits that AFFF by definition includes one or more fluorosurfactants; that fluorosurfactants are per- or polyfluoroalkyl substances; that AFFF has been used for decades; and that the fluorosurfactants used in Tyco's AFFFs are manmade.  With respect to the remaining allegations, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

20.     Denied.

21.     The allegations in this paragraph are vague and ambiguous as to what is meant by "associated with."  On that basis, Tyco denies the allegations.  Tyco denies that AFFF or the PFAS compounds contained in AFFF cause any adverse health effect in humans.

22.     The allegations in this paragraph are vague and ambiguous as to what is meant by "linked to."  On that basis, Tyco denies the allegations.  Tyco denies that exposure to AFFF causes any adverse health effect in humans.

23.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

24.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

QB\72305479.1

- 4 -

1      25.    Tyco lacks knowledge or information sufficient to form a belief about the

2      truth of the allegations and, on that basis, denies them.

3      26.    Tyco lacks knowledge or information sufficient to form a belief about the

4      truth of the allegations and, on that basis, denies them.

5      27.    Tyco lacks knowledge or information sufficient to form a belief about the

6      truth of the allegations and, on that basis, denies them.

7      28.    The allegations in this paragraph are vague and ambiguous as to what is meant

8      by "'new' PFAS" and "Short-Chain PFAS." Tyco admits that both before and after USEPA

9      began to investigate "long chain" PFAS, Tyco manufactured AFFF containing "short-

10     chain" PFAS (i.e., those based on molecules containing carbon chains with seven or fewer

11     carbon atoms).  To the extent that the allegations are directed at the other defendant, Tyco

12     lacks knowledge or information sufficient to form a belief about the truth of the allegations

13     and, on that basis, denies them.

14     29.    The allegations in this paragraph are vague and ambiguous as to what is meant

15     by "Short-Chain PFAS."  To the extent that the allegations are directed at Tyco, those

16     allegations are denied.  To the extent that the allegations are directed at the other defendant,

17     Tyco lacks knowledge or information sufficient to form a belief about the truth of the

18     allegations and, on that basis, denies them.

19     30.    The allegations in this paragraph are vague and ambiguous as to what is meant

20     by "Short-Chain PFAS" and "lower" "technical performance."  On that basis, Tyco denies

21     the allegations to the extent that they pertain to its conduct.  To the extent that the allegations

22     are directed at the other defendant, Tyco lacks knowledge or information sufficient to form

23     a belief about the truth of the allegations and, on that basis, denies them.

24     31.    To the extent the allegations are directed at Tyco, those allegations are denied.

25     To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or

26     information sufficient to form a belief about the truth of the allegations, and on that basis,

27     denies them.

28

QB\72305479.1

- 5 -

32.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

33.     Denied.

34.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

35.     Denied.

36.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

37.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

38.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

39.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

40.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

41.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

QB\72305479.1

- 6 -

1    42.    Tyco lacks knowledge or information sufficient to form a belief about the
2    truth of the allegations and, on that basis, denies them.

3    43.    Tyco lacks knowledge or information sufficient to form a belief about the
4    truth of the allegations and, on that basis, denies them.

5    44.    Tyco lacks knowledge or information sufficient to form a belief about the
6    truth of the allegations and, on that basis, denies them.

7    45.    Tyco lacks knowledge or information sufficient to form a belief about the
8    truth of the allegations and, on that basis, denies them.

9    46.    Tyco lacks knowledge or information sufficient to form a belief about the
10   truth of the allegations and, on that basis, denies them.

11   47.    Tyco lacks knowledge or information sufficient to form a belief about the
12   truth of the allegations and, on that basis, denies them.

13   48.    Tyco lacks knowledge or information sufficient to form a belief about the
14   truth of the allegations and, on that basis, denies them.

15   49.    Tyco lacks knowledge or information sufficient to form a belief about the
16   truth of the allegations and, on that basis, denies them.

17   50.    Tyco lacks knowledge or information sufficient to form a belief about the
18   truth of the allegations and, on that basis, denies them.

19   51.    Tyco denies that its AFFF "carried a substantial risk of adverse medical
20   outcomes, including cancers such as testicular cancer."   Tyco lacks knowledge or
21   information sufficient to form a belief as to whether warnings and other information
22   provided with its AFFF made their way to Mr. Grosch, and, on that basis, denies the
23   allegation that he was not appropriately warned.

24   52.    Tyco lacks knowledge or information sufficient to form a belief about the
25   truth of the allegations and, on that basis, denies them.

26   53.    Tyco realleges each of its answers to the preceding paragraphs and
27   incorporates each such answer as if fully stated herein.

28

QB\72305479.1

54.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

55.     To the extent the allegations are directed at Tyco, Tyco admits that it has sold AFFF containing PFAS and denies the remainder of the allegations.  To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

56.     Responding to the first sentence, to the extent that the allegations are directed at Tyco, those allegations are denied.  To the extent that the allegations of the first sentence are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.  As to the second sentence, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations and, on that basis, denies them.

57.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

58.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

59.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

60.     To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or

QB\72305479.1

- 8 -

information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

61.    To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

62.    Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

63.    To the extent the allegations are directed at Tyco, the allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

64.    Tyco realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Tyco realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

70.    To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

71.    To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

QB\72305479.1

- 9 -

72. To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

73. Tyco realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

74. The allegations are vague and ambiguous as to what is meant by "many years ago" and "manufacturing, marketing, and selling," and on those bases, Tyco denies the allegations.

75. Denied.

76. This paragraph states a legal conclusion and does not require a response. To the extent that a response is required, the allegations are denied.

77. Denied.

78. Denied.

79. Denied.

80. Tyco realleges each of its answers to the preceding paragraphs and incorporates each such answer as if fully stated herein.

81. Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

82. To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

83. To the extent the allegations are directed at Tyco, those allegations are denied. To the extent the allegations are directed at the other defendant, Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

84.     Tyco lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

### AS TO PLAINTIFFS' PRAYER FOR RELIEF

Tyco denies the allegations in the final paragraphs of the Complaint under the heading "Prayer for Relief" (including all sub-paragraphs) and further denies that Plaintiffs are entitled to any damages or remedies against Tyco.

### <u>DEFENSES</u>

Tyco asserts the following defenses without assuming the burden of proof or production as to any issue or element that otherwise rests with Plaintiffs. By listing these matters as defenses, Tyco does not admit or acknowledge that it bears the burden of proof and/or production with respect to any of them. This statement of defenses is based on Tyco's investigation to date, and Tyco reserves all rights to (i) supplement or amend these defenses during the course of litigation as new information is learned; (ii) to assert any and all other defenses now available or that may become available during the course of discovery or trial; (iii) to rely on any and all defenses and presumptions set forth in or arising from any rule of law or statute of any state whose substantive law might control the relevant action; and/or (iv) to rely upon any other defenses set forth in any Answer or disclosure of affirmative defenses of any Defendant in this action. All of the following defenses are pled in the alternative, and none constitutes an admission that Tyco is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever.

1.     The Complaint, and each cause of action or count alleged therein, fails to state facts sufficient to constitute a claim upon which relief may be granted against Tyco.

2.     This Court lacks personal jurisdiction over Tyco, and the Complaint should therefore be dismissed.

3.     Plaintiffs' claims are barred or limited for lack of standing.

4.     Plaintiffs' claims are or may be barred, in whole or in part, by the applicable statutes of limitations. *See, e.g.*, Ariz. Rev. Stat. §§ 12-542, 12-551.

QB\72305479.1

- 11 -

1  5. Plaintiffs' claims are or may be barred, in whole or in part, by applicable

2 statutes of repose.

3  6. Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of

4 laches.

5  7. Plaintiffs' claims are or may be barred, in whole or in part, because

6 Defendants are entitled to immunity from suit under the government contractor defense.

7 *See Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

8  8. The Complaint, and each cause of action or count alleged therein, fails to join

9 necessary parties.

10  9. Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs

11 are not the real parties in interest or lack capacity to bring their claims.

12  10. Plaintiffs' claims are or may be not ripe and/or have been mooted.

13  11. Plaintiffs' claims are or may be barred, in whole or in part, to the extent that

14 they have failed to exhaust administrative remedies.

15  12. Plaintiffs are or may be barred by the doctrine of unclean hands from all forms

16 of relief sought in the Complaint.

17  13. Plaintiffs are or may be barred by the doctrines of estoppel and/or waiver from

18 all forms of relief sought in the Complaint.

19  14. Plaintiffs are or may be barred by the doctrines of res judicata and collateral

20 estoppel from all forms of relief sought in the Complaint.

21  15. Plaintiffs' claims are or may be barred in whole or in part under the bulk

22 supplier, component part supplier, sophisticated-purchaser, sophisticated-user,

23 sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related

24 doctrines available under applicable law.

25  16. Any injuries and/or damages sustained by Plaintiffs are barred by the

26 doctrines of intervening cause and/or superseding cause.

27  17. Plaintiffs' claims are or may be barred, in whole or in part, because of product

28 misuse.

QB\72305479.1

- 12 -

18.     Plaintiffs' claims are or may be barred, in whole or in part, because the plans or designs for the products at issue or the methods and techniques of manufacturing, inspecting, testing and labeling the products conformed with the state of the art at the time the product was first sold by the defendant.  Ariz. Rev. Stat. § 12-683(1).

19.     Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was an alteration or modification of the product that was not reasonably foreseeable, made by a person other than the defendant and subsequent to the time the product was first sold by the defendant.  Ariz. Rev. Stat. § 12-683(2).

20.     Plaintiffs' claims are or may be barred, in whole or in part, because the proximate cause of the incident giving rise to the action was a use or consumption of the product that was for a purpose, in a manner or in an activity other than that which was reasonably foreseeable or was contrary to any express and adequate instructions or warnings appearing on or attached to the product or on its original container or wrapping, if the intended consumer knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings.  Ariz. Rev. Stat. § 12-683(3).

21.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

22.     Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

23.     Plaintiffs' claims are or may be barred, in whole or in part, because Tyco neither knew, nor should have known, that any of their AFFF products posed the risks alleged by Plaintiffs by virtue of the prevailing state of the medical, scientific, technical, and/or industrial knowledge available to Tyco at all times relevant to the claims or causes of action asserted by Plaintiffs.

24.     Plaintiffs' claims are or may be barred, in whole or in part, because Tyco used proper methods in designing, testing, and manufacturing their products in conformity with

- 13 -

(i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) the state of the art in existence at the time the design was prepared and the products were manufactured and tested.

25.    Plaintiffs' claims are or may be barred, in whole or in part, because federal, state, and/or local authorities authorized, ratified, or were aware of and acquiesced in actions by Tyco that are the subject of Plaintiffs' claims. Tyco is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

26.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

27.    Plaintiffs' claims are or may be barred, in whole or in part, under the doctrine of federal preemption, including, without limitation, express preemption, implied conflict preemption, and field preemption, pursuant to any applicable statutes, regulations, guidance documents, notices, military specification, and policy statements, enacted and/or promulgated and/or issued by Congress, federal agencies, or the executive branch, including, without limitation, to the extent that Plaintiffs' claims constitute an impermissible challenge to a response or remediation action under CERCLA, 42 U.S.C. § 9613(h).

28.    Plaintiffs' claims are or may be barred, in whole or in part, because of consent, public necessity, private necessity and/or privilege.

29.    Discovery may establish that Plaintiffs engaged in fraudulent and/or negligent acts or omissions, and thereby are at fault for its own alleged injuries and barred from recovery based on the doctrine of *in pari delicto*, the defense of unclean hands or estoppel, or like defense.

30.    Discovery may establish that Plaintiffs engaged in fraudulent or otherwise wrongful conduct and/or negligent acts or omissions, and thereby proximately caused and contributed to their own alleged injuries. In addition, Tyco invokes any such other statutory

or common law principles of contributory or comparative negligence as may be deemed to apply, that permit allocation or apportionment of fault pursuant to applicable state law, and/or that permit a proportional reduction of any damages found against Tyco based on the tortious conduct of any settling tortfeasor and/or responsible third party, or Plaintiffs.

31.    Tyco cannot be held jointly or severally liable.  In addition, Tyco invokes any other statutory or common law principles that may prohibit or limit the application of joint liability, permit allocation, or apportionment of fault pursuant to applicable state law, permit a proportional reduction of any damages found against Tyco based on the tortious conduct of any settling tortfeasor and/or responsible third party, or Plaintiffs.

32.    Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Tyco, and in the event that Tyco is found to be liable to Plaintiffs, Tyco will be entitled to indemnification, contribution, and/or apportionment. *See* Ariz. Rev. Stat. § 12-684.

33.    By operation of the "one satisfaction" rule and/or by application of the affirmative defense of payment (or like defense), the damages asserted by Plaintiffs must be reduced by any amounts recovered by them, including without limitation, amounts received to pay for remediation efforts, settlement with third-parties (whether the result of formal proceedings or not), or other avenues of recovery.

34.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

35.    Plaintiffs' claims are or may be barred, in whole or in part, because Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made.  Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

36.    Plaintiffs' claims are or may be barred or limited, in whole or in part, by the economic loss rule.

QB\72305479.1

- 15 -

37.     Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, open and obvious risk, and matters of common knowledge.

38.     Plaintiffs' claims against Tyco are or may be barred, in whole or in part, because a successor corporation is not liable for the former's corporation's debts and liabilities.

39.     Plaintiffs' claims are or may be barred, in whole or in part, because the foreseeable risks associated with the design or formulation of the relevant product(s) did not exceed the benefits associated with that design or formulation.

40.     Plaintiffs' claims are or may be barred, in whole or in part, because the products at issue perform as safely as an ordinary consumer would expect when used in a reasonably foreseeable manner.

41.     Plaintiffs' claims for punitive or exemplary damages are or may be barred or reduced, in whole or in part, by applicable law or statute, including but not limited to the Arizona Revised Statutes § 12-689, or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of Arizona or that of any other state whose laws may apply. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent, without limitation, that it (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages; (3) unconstitutionally may permit recovery of punitive damages based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm to, Plaintiffs; (4)

1   unconstitutionally may permit recovery of punitive damages in an amount that is not both

2   reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount

3   of compensatory damages, if any; (5) unconstitutionally may permit jury consideration of

4   net worth or other financial information relating to Tyco; (6) lacks constitutionally

5   sufficient standards to be applied by the trial court in post-verdict review of any punitive

6   damages award; (7) lacks constitutionally sufficient standards for appellate review of

7   punitive damages awards; (8) would unconstitutionally impose a penalty, criminal in nature,

8   without according Tyco the same procedural protections that are accorded to criminal

9   defendants under the Constitutions of the United States, Arizona, and/or any other state

10  whose laws may apply; and (9) otherwise fails to satisfy Supreme Court precedent,

11  including, without limitation, *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1

12  (1991); *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); *BMW of

13  North America, Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mutual Automobile

14  Insurance Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549

15  U.S. 346 (2007).

16      42.     Tyco reserves the right to assert all applicable defenses under Arizona Rules

17  of Civil Procedure, as investigation and discovery proceeds.

18      43.     Tyco adopts by reference any additional applicable defense pleaded by the

19  other defendant not otherwise pleaded herein.

20                          **PRAYER FOR RELIEF**

21      Tyco respectfully prays that the Court dismiss the Complaint with prejudice, and

22  award Tyco their costs and attorneys' fees, and such other relief as this Court finds just and

23  equitable.

24  / / /

25  / / /

26

27

28

QB\72305479.1

- 17 -

1    RESPECTFULLY SUBMITTED this 1st day of February, 2022.

2                                          QUARLES & BRADY LLP
                                           One Renaissance Square
3                                          Two North Central Avenue
                                           Suite 600
4                                          Phoenix, AZ 85004-2322

5                                          By: _/s/ Amy Levine Heiserman_____
6                                               Eric B. Johnson
                                                Amy Levine Heiserman
7
                                           Attorneys for Defendant
8                                          Tyco Fire Products LP

9    **EFILED** with the Clerk of the Court this 1st day of February, 2022, and

10   **COPY** of the foregoing mailed/emailed this 1st day of February, 2022, to:

11   Lincoln Combs, Esq., State Bar #025080
     O'STEEN & HARRISON, PLC
12   300 W. Clarendon Ave., Suite 400
     Phoenix, Arizona 85013-3424
13   lcombs@vanosteen.com

14   Kerry Miller, pro hac vice pending
     Jason W. Burge, pro hac vice pending
15   Danielle Teutonico, pro hac vice pending
     FISHMAN HAYGOOD LLP
16   201 St. Charles Ave., Floor 46
     New Orleans, Louisiana 70170
17   kmiller@fishmanhaygood.com
     jburge@fishmanhaygood.com
18   dteutonico@fishmanhaygood.com

19   Attorneys for Plaintiffs

20    _/s/ Kim Simmons_____
21

22

23

24

25

26

27

28
     QB\72305479.1
                                      - 18 -

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
2/28/2022 11:19:01 AM
Filing ID 13987808

1  **RESNICK & LOUIS, P.C.**
2  Ellen S. Levy, Esq., AZ Bar #020275
   8111 E. Indian Bend Road
3  Scottsdale, Arizona 85250
   elevy@rlattorneys.com
4  Telephone: (602) 456-2918
5  Fax: (602) 456-2918

6  *Attorney for Defendant Matlick Enterprises, Inc.*

7
8  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9  **IN AND FOR THE COUNTY OF MARICOPA**

10  MATTHEW GROSCH and SHELAGH
11  GROSCH

12          Plaintiff,

13  v.

14  TYCO FIRE PRODUCTS, LP and
15  MATLICK ENTERPRISES, INC.,

16          Defendants.

17

| | |
|---|---|
| CASE NO.: CV2022-000124 | |

**DEFENDANT MATLICK ENTERPRISES' SEPARATE ANSWER TO PLAINTIFFS' COMPLAINT**

(Assigned to the Honorable John Hannah – DTJC)

18      MATLICK ENTERPRISES, INC., hereinafter "Matlick', through counsel, admits,
19
20  denies and asserts the following in response to Plaintiffs' Complaint:

21      1.      Matlick is without sufficient information or knowledge to either affirm or deny
22
23  the allegations of Paragraph 1 of Plaintiffs' Complaint and therefore denies same.

24      2.      Matlick admits AFFFs are used by fire departments but is without sufficient
25  information or knowledge to either affirm or deny the allegations of Paragraph 2 of Plaintiffs'
26  Complaint and therefore denies same.
27
28      3.      Matlick admits it distributed AFFF products as requested but is currently

without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 3 of Plaintiffs' Complaint and therefore denies same.

4.      The allegations of paragraph 4 of Plaintiff's Complaint represent improper pleading and argument requiring no response.  In the event the allegations of paragraph 4 are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny same and therefore denies.

5.      Matlick denies it ever represented a products safety to Plaintiff or the Phoenix Fire Department.  Matlick is without sufficient information or knowledge to either affirm or deny the remaining allegations of paragraph 5 to Plaintiffs Complaint and therefore denies same.

6.      Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 6 of Plaintiffs' Complaint and therefore denies same.

7.      Matlick acknowledges Plaintiffs have pursued an action against it but is without sufficient information or knowledge as to the remaining allegations of paragraph 7 of Plaintiffs' Complaint and therefore denies same.

### PARTIES, JURISDICTION AND VENUE

8.      Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 8 of Plaintiffs' Complaint and therefore denies same.

9.      Matlick is aware Tyco is a manufacturer of AFFF products but is without sufficient information or knowledge as to the remaining allegations of paragraph 9 of Plaintiffs' Complaint and therefore denies same.

10.     Matlick admits it is doing business as United Fire and further admits it is an Arizona corporation doing business in Arizona.   Matlick further admits it distributes products as requested by its' customers.  Matlick is currently without sufficient information or knowledge as to what the products it sold were used for and, currently, the remainder of the allegations stated within paragraph 10 of Plaintiffs' Complaint.

11.     Admitted.

12.     Denied.

13.     Admitted.

14.     Admitted.

## GENERAL ALLEGATIONS

15.     Matlick admits AFFF products mixed with other agents is used to extinguish fires.

16.     The allegations of paragraph 16 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 16 of Plaintiffs' Complaint and therefore denies same.

17.     The allegations of paragraph 17 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 17 of Plaintiffs' Complaint and therefore denies same.

3

18.    The allegations of paragraph 18 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 18 of Plaintiffs' Complaint and therefore denies same.

19.    The allegations of paragraph 19 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick admits PFAS chemicals are manmade but is without sufficient information or knowledge to either affirm or deny the remaining allegations of paragraph 19 of Plaintiffs' Complaint and therefore denies same.

20.    The allegations of paragraph 20 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 20 of Plaintiffs' Complaint and therefore denies same.

21.    The allegations of paragraph 21 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick admits PFAS have a potential link for various health effects but denies there is sufficient evidence to affiliate AFFF with various adverse health effects.

22.    The allegations of paragraph 22 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick denies same.

4

23.    The allegations of paragraph 23 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 23 of Plaintiffs' Complaint and therefore denies same.

24.    The allegations of paragraph 24 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 24 of Plaintiffs' Complaint and therefore denies same.

25.    The allegations of paragraph 25 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 25 of Plaintiffs' Complaint and therefore denies same.

26.    The allegations of paragraph 26 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 26 of Plaintiffs' Complaint and therefore denies same.

27.    The allegations of paragraph 27 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 27 of Plaintiffs' Complaint and therefore denies same.

28.     The allegations of paragraph 28 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 28 of Plaintiffs' Complaint and therefore denies same.

29.     The allegations of paragraph 29 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 29 of Plaintiffs' Complaint and therefore denies same.

30.     The allegations of paragraph 30 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 30 of Plaintiffs' Complaint and therefore denies same.

31.     The allegations of paragraph 31 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick denies ever communicated with firefighters regarding the alleged risks of AFFFs with or without PFAS.

32.     The allegations of paragraph 32 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 32 of Plaintiffs' Complaint and therefore denies same.

33.     The allegations of paragraph 33 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, the allegations are not directed at Matlick and therefore require no response from this Defendant.  In the event the allegations of paragraph 33 are deemed proper and directed at this Defendant, they are denied.

34.     The allegations of paragraph 34 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick denies same.

35.     The allegations of paragraph 35 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, the allegations are not directed at Matlick and therefore require no response from this Defendant.  In the event the allegations of paragraph 35 are deemed proper and directed at this Defendant, they are denied.

36.     The allegations of paragraph 36 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick admits it distributed AFFF products to fire departments in Arizona but denies the remaining allegations of paragraph 36 of Plaintiffs' Complaint.

37.     The allegations of paragraph 37 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.  In the event the allegations are deemed proper, Matlick denies same.

38.   The allegations of paragraph 38 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, the allegations are not directed at Matlick and therefore require no response from this Defendant.   In the event the allegations of paragraph 38 are deemed proper, Matlick denies same.

39.   Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 39 of Plaintiffs' Complaint and therefore denies same.

40.   United Fire/Matlick admits it distributed AFFF products but currently is without sufficient information or knowledge as to whether it distributed AFFF products to Phoenix Fire Department; how or when Grosh used the products or whether Grosh was exposed to PFAS through firefighting efforts or other means.

41.   Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 41 of Plaintiffs' Complaint and therefore denies same.

42.   Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 42 of Plaintiffs' Complaint and therefore denies same.

43.   Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 43 of Plaintiffs' Complaint and therefore denies same.

44.   Matlick denies it, as a distributor, would give instruction to an individual firefighter as to how to use AFFFs.  Matlick is without sufficient information or knowledge to either affirm or deny the remaining allegations of Paragraph 44 of Plaintiffs' Complaint and therefore denies same.

45. Denied.

46. Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 46 of Plaintiffs' Complaint and therefore denies same.

47. Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 47 of Plaintiffs' Complaint and therefore denies same.

48. Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 48 of Plaintiffs' Complaint and therefore denies same.

49. Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 49 of Plaintiffs' Complaint and therefore denies same.

50. Matlick is without sufficient information or knowledge to either affirm or deny the allegations of Paragraph 50 of Plaintiffs' Complaint and therefore denies same.

51. The allegations of paragraph 51 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, they are denied.

52. The allegations of paragraph 52 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 52 of Plaintiffs' Complaint and therefore denies same.

**FIRST CLAIM FOR RELIEF**
**(Strict Products Liability-Design Defect and Failure to Warn against All Defendants)**

53. Matlick admits, denies and reaffirms its' responses to paragraphs 1-52 as stated above.

9

54.   Matlick admits it distributes AFFF products but denies the balance of the allegations contained within paragraph 54 of Plaintiffs' Complaint.

55.   Matlick admits it distributes AFFF products in its' ordinary course of business but denies the remaining allegations of paragraph 55 of Plaintiffs' Complaint.

56.   The allegations of paragraph 56 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick admits AFFFs are used in routine firefighting activities but denies the remaining allegations contained within paragraph 56 of Plaintiffs' Complaint.

57.    The allegations of paragraph 57 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, Matlick is without sufficient information or knowledge to either affirm or deny same.

58.   The allegations of paragraph 58 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed proper, they are denied.

59.   Matlick denies it "designs" products and the remainder of the allegations of paragraph 59 of Plaintiffs' Complaint.

60.   Denied as to Matlick.

61.   Denied.

62.   The allegations of paragraph 62 of Plaintiffs' Complaint represent improper pleading and argument requiring no response.   In the event the allegations are deemed

10

proper, Matlick is without sufficient information or knowledge to either affirm or deny the allegations and therefore denies same.

63.     Denied.

**SECOND CLAIM FOR RELIEF**
**(Negligent Failure to Warn against Manufacturing Defendant)**

64.     Matlick admits, denies and reaffirms its' responses to paragraphs 1-63 as stated above.

65.     The allegations of paragraph 65 of Plaintiffs' Complaint are not directed at Matlick and therefore require no response from this Defendant.  In the event the allegations are deemed directed to this Defendant, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 65 and therefore denies same.

66.     The allegations of paragraph 66 of Plaintiffs' Complaint are not directed at Matlick and therefore require no response from this Defendant.  In the event the allegations are deemed directed to this Defendant, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 66 and therefore denies same.

67.     The allegations of paragraph 67 of Plaintiffs' Complaint are not directed at Matlick and therefore require no response from this Defendant.  In the event the allegations are deemed directed to this Defendant, Matlick is without sufficient information or knowledge to either affirm or deny the allegations of paragraph 67 and therefore denies same.

11

68. Denied.

## THIRD CLAIM FOR RELIEF
### (Negligent Plan or Design of Product Against all Defendants)

69.  Matlick admits, denies and reaffirms its' responses to paragraphs 1-68 as stated above.

70.  Matlick denies it, as a distributor, designed AFFF products and further denies proper use of AFFF products, regardless of how used, are dangerous.

71.  Matlick denies it, as a distributor, designed or designs AFFF products as well as the remainder of the allegations contained within paragraph 71 of Plaintiffs' Complaint.

72.  Denied.

## FOURTH CLAIM FOR RELIEF
### (Punitive Damages against Tyco/Ansul)

73.  Matlick admits, denies and reaffirms its' responses to paragraphs 1-72 as stated above.

74.  Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 74 of Plaintiffs' Complaint and therefore denies same.

75.  Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 75 of Plaintiffs' Complaint and therefore denies same.

12

76.     Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 76 of Plaintiffs' Complaint and therefore denies same.

77.     Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 77 of Plaintiffs' Complaint and therefore denies same.

78.     Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 78 of Plaintiffs' Complaint and therefore denies same.

79.     Matlick is without sufficient information or knowledge to either affirm the allegations contained within paragraph 79 of Plaintiffs' Complaint and therefore denies same.

**FIFTH CLAIM FOR RELIEF**
**(Loss of Consortium)**

80.     Matlick admits, denies and reaffirms its' responses to paragraphs 1-79 as stated above.

81.     Matlick is without sufficient information or knowledge to either affirm or deny the allegations contained within paragraph 81 of Plaintiffs' Complaint and therefore denies same.

82.     Matlick denies the products at issue were the proximate cause of Plaintiff's personal injuries and further denies the remaining allegations of paragraph 82 of Plaintiffs' Complaint.

13

83.    Matlick denies the products at issue were the proximate cause of Plaintiff's personal injuries and further denies the remaining allegations of paragraph 83 of Plaintiffs' Complaint.

84.    Matlick is without sufficient information or knowledge to either affirm or deny the allegations contained within paragraph 84 of Plaintiffs' Complaint and therefore denies same.

85.    Matlick denies each and every allegation not specifically addressed herein.

## AFFIRMATIVE DEFENSES

Matlick asserts the following affirmative defenses to Plaintiffs' claims:

1.    The Complaint, and each cause of action or count alleged therein, fails to allege facts sufficient to state a claim upon which relief may be granted against Matlick Enterprises.

2.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, repose, and/or the equitable defense of laches.

3.    The Complaint, and each cause of action or count alleged therein, fails to join necessary and/or indispensable parties.

4.    Matlick Enterprises denies any liability, but in the event Matlick Enterprises is found to have any liability to any Plaintiff, Matlick Enterprises is entitled to an offset against any such liability on its part for the greatest of: (1) any amounts actually paid by any person or entity heretofore or hereafter for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release or covenant not to sue any person or entity heretofore or hereafter for any of the injuries, costs,

14

damages and expenses alleged in the Complaint; or (3) the equitable share of the liability of any person or entity that heretofore has received, or hereafter receives, any release from liability or covenant not to sue with respect to any of the injuries, costs, damages and expenses alleged in the Complaints.

5.     Matlick Enterprises asserts its rights to a proportionate reduction of any damages found against Matlick Enterprises based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

6.     Recovery of damages is or may be barred and/or diminished to the extent Plaintiffs have or will receive payment(s) for such damages from various collateral sources.

7.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrines of acquiescence, accord and satisfaction, ratification, settlement, or release.

8.     Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaint were proximately caused by others, including intervening and/or superseding acts or omissions.

9.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of election of remedies.

10.     Any costs alleged to be incurred in the future may not be recovered as they are remote, speculative, and contingent.

11.     Matlick's actions, if deemed to have contributed to Plaintiff's injury and associated damages, are entitled to a Government Contractor's Defense.

12.     Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of

15

federal preemption, including pursuant to any applicable statutes, regulations or guidance.

13.     Some or all of the claims made by Plaintiffs are barred by Matlick Enterprises' compliance with all applicable state and federal laws, regulations and orders.

14.     Plaintiffs' claims are not ripe and/or have been mooted.

15.     Some or all of Plaintiffs' claims and/or requested forms of relief may be barred by the doctrines of res judicata and collateral estoppel.

16.     To the extent that Plaintiffs have received or may receive some or all of the requested relief from a government agency, Matlick Enterprises asserts its entitlement to an appropriate set-off or reduction of any judgment against it.

17.     Plaintiffs' claims are barred by the economic loss doctrine.

18.     The claims and/or damages alleged in the Complaint are or may be barred, in whole or in part, by the doctrine of avoidable consequences and by Plaintiffs' failure to mitigate injury and/or damages.

19.     Plaintiffs' claims are or may be barred, in whole or in part, under the doctrines of contributory negligence and/or comparative fault, and/or other applicable common-law or statutory doctrine.

20.     Plaintiffs' claims were caused or contributed by Plaintiff's misuse of the product at issue.

21.     Plaintiffs' claims are or may be barred, in whole or in part, under applicable common law or statutory doctrines, including but not limited to avoidable consequences, voluntary exposure, assumption of risk, and open and obvious risk.

16

22.     Matlick Enterprises denies any negligence, culpable conduct or liability on its part but, if Matlick Enterprises ultimately is found liable for any portion of Plaintiffs' alleged damages, Matlick Enterprises shall only be liable for its equitable share of Plaintiffs' alleged damages.

23.     Matlick Enterprises is entitled to all the procedural, substantive, and other protections, caps, and limitations provided by applicable state statutes and other state and federal laws regarding Plaintiffs' claims for compensatory and punitive damages.

24.     Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which the liability of Matlick Enterprises can be predicated on the acts or omissions of a third-party, who was not an agent or employee of Matlick Enterprises and for whose actions or omissions Matlick Enterprises is not legally responsible, or any other theory of vicarious liability.

25.     Matlick Enterprises cannot be held jointly and severally liable for the acts of omissions of third parties because their acts or omissions were separate and distinct, and the alleged harm is divisible from any harm allegedly caused by acts or omissions of Matlick Enterprises.

26.     Plaintiffs' claims are barred, in whole or in part, to the extent that the alleged injuries and damages, if any, were due to preexisting and/or unrelated conditions, for which Matlick Enterprises cannot be held responsible.

27.     Plaintiffs' claims are barred, in whole or in part, for failing to link any of their alleged exposure to any product(s) sold by Matlick Enterprises.

28.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs cannot

17

establish that their alleged injuries were caused by exposure to any product(s), the products alleged or otherwise, were sold by Matlick Enterprises.

29.     Plaintiffs' claims are barred, in whole or in part, to the extent that the damages alleged in the Complaints were caused or contributed to, in whole or in part, by the negligence, carelessness, fault, culpable conduct, and/or want of care attributable to others over whom Matlick Enterprises neither had nor exercised any control.

30.     Plaintiffs' claims are or may be barred, in whole or in part, to the extent they have failed to exhaust administrative remedies.

31.     Matlick Enterprises asserts its right to allocation or apportionment of fault pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Matlick Enterprises based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

32.     Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages.

33.     Plaintiffs' purported exposure to products sold by Matlick Enterprises, if any, was too removed, indefinite, de minimus and insufficient to establish a reasonable degree of probability that any such product caused or was a substantial contributing factor in causing any alleged injury, damage or loss to Plaintiffs.

18

34.     Plaintiffs' claims are barred in whole or in part under the bulk supplier, component part supplier, sophisticated-purchaser, sophisticated-user, sophisticated intermediary, and/or knowledgeable-user doctrines or other similar or related doctrines available under applicable law.

35.     Plaintiffs' claims are or may be barred to the extent that a product sold by Matlick Enterprises was unforeseeably misused or altered.

36.     Plaintiffs' claims are or may be barred because the products which were sold by Matlick Enterprises used proper methods in designing, testing, and manufacture in conformity with (i) federal and state regulations, standards, specifications, and laws in effect; (ii) available knowledge and research of the scientific and industrial communities; (iii) generally recognized and prevailing industry standards; and (iv) state of the art in existence at the time the design was prepared and the products were manufactured and tested.

37.     Plaintiffs' claims are or may be barred to the extent that any warranties were disclaimed and/or limited by applicable provisions of the UCC.

38.     Plaintiffs' warranty claims, if any, are or may be barred because Plaintiffs did not provide Matlick Enterprises reasonable notice of any alleged breach.

39.     Plaintiffs' warranty claims, if any, are or may be barred, in whole or in part, by the voluntary payment doctrine and/or the partial payment doctrine.

40.     Matlick Enterprises, as a distributor of products manufactured by others, which products were not altered, modified or repackaged by Matlick Enterprises, is entitled to statutory, contractual and/or common law indemnity from the manufacturer which sold the

product alleged to have caused injury.

41.     Matlick Enterprises is entitled to all procedural, substantive caps and limitations on compensatory and/or punitive damages as available under applicable state law.

42.     The Complaint is barred, in whole or in part, by the government contractor defense to whose protections Matlick Enterprises is entitled.

43.     The Complaint is barred to the extent it relies upon the doctrines of market share, alternative liability, collective liability, or any other theory establishing liability other than by proof that product sold by Matlick Enterprises specifically caused Plaintiffs' injuries.

44.     Some or all of the claims in this action may be governed by arbitration clauses and are thereby subject to arbitration.

45.     The relief sought in the Complaint is barred to the extent it seeks to establish an independent science panel or seeks medical monitoring for injuries which have not yet occurred.

46.     Matlick Enterprises adopts by reference any additional applicable defense pleaded by Co-Defendant(s) not otherwise pleaded herein.

47.     If it is determined that Plaintiffs, or anyone on whose behalf Plaintiffs are allegedly suing, was injured, as set forth in the Complaints, which Matlick Enterprises denies, Matlick Enterprises alleges that such hardship is outweighed by the convenience and public service rendered by Matlick Enterprises' actions.

48.     Plaintiffs' claims may be barred, in whole or in part, by the doctrine of unclean hands.

49.    Plaintiffs' claims may be barred, in whole or in part, by the doctrines of estoppel and/or waiver.

50.    Plaintiffs' claims are or may be barred, in whole or in part, by the doctrine of primary jurisdiction.

51.    Plaintiffs' claims against Matlick Enterprises are or may be barred, in whole or in part, under the firefighter/fireman's rule and/or public duty doctrine.

52.    Plaintiffs' claims are or may be barred in whole or in part because there was not an alternative feasible design for the products at issue.

53.    Plaintiffs' claims are or may be barred in whole or in part due to a lack of privity between the Plaintiffs and Matlick Enterprises.

54.    Matlick Enterprises reserves the right to assert all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b), as investigation and discovery proceeds.

55.    Matlick Enterprises therefore asserts that it may be held liable only for the amount of non-economic damages, if any, allocated to it in direct proportion to its percentage of fault, if any.

56.    Plaintiffs did not reasonably rely on any representation, disclaimer, warning, or other act or omission of Matlick Enterprises.

57.    If there was a less dangerous alternate design, without admitting that there was and without assuming the burden of proof on this issue, Matlick Enterprises did not and could not have known of such an alternate design at the time.

58.    Matlick Enterprises asserts its right to allocation or apportionment of fault

21

pursuant to applicable state law, as well as its right to a proportionate reduction of any damages found against Matlick Enterprises based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiff. See A.R.S. § 12-2501, *et seq.*

59.     Plaintiff's claims are barred by the provisions of Arizona law related to product liability, A.R.S. §§ 12-681 to 687.

Matlick Enterprises does not admit or acknowledge that it bears the burden of proof and/or burden of persuasion with respect to any of the above defenses. All of the preceding defenses are pled in the alternative, and none constitutes an admission that Matlick Enterprises is liable to Plaintiffs, that Plaintiffs have been or will be injured or damaged in any way, or that Plaintiffs are entitled to any relief whatsoever. Matlick Enterprises reserves the right to (a) rely on any and all defenses and presumptions set forth in or arising from any rule or law or statute of any state whose substantive law might control the relevant action; (b) reply upon any other applicable defenses set forth in any Answer or disclosure of affirmative defenses of any other defendant in the above-captioned action (including, without limitation, any case transferred to the above-captioned action), except to the extent that they would impose liability on Matlick Enterprises; (c) rely upon any other defenses that may become apparent during fact or expert discovery in this matter; and (d) supplement these defenses with any additional defenses that subsequently become apparent or available during discovery in this matter, or at trial.

WHEREFORE, having fully answered the allegations of the Complaint, Matlick prays:

22

1  A.  that the Complaint be dismissed with prejudice, and that Plaintiffs take nothing

2  thereby;

3  B.  that it be awarded its attorneys' fees;

4

5  C.  that it be awarded its costs for this lawsuit; and

6  D.  for such other and further relief as this Court deems just and proper.

7

**RESPECTULLY SUBMITTED** this 28th day of February, 2022.

8

9  **RESNICK & LOUIS, P.C.**

10  By:  /s/ Ellen S. Levy

11  Ellen S. Levy, Esq.
8111 E. Indian Bend Road

12  Scottsdale, Arizona 85250
*Attorney for Defendant Matlick Enterprises, Inc.*

13

14  **ORIGINAL** of the foregoing
15  e-filed via TurboCourt this 28th
day of February, 2022, with:

16

17  Clerk of Court
Maricopa County Superior Court

18

19  **COPIES** of the foregoing
e-mailed this same date to:

20

21  Lincoln Combs, Esq.
O'STEEN & HARRISON, PLC

22  lcombs@vanosteen.com
*Attorneys for Plaintiff*

23

24  Kerry Miller, Esq.
Jason W. Burge, Esq.

25  Danielle Teutonico, Esq.
FISHMAN HAYGOOD LLP

26  kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com

27  dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

28

23

Amy L. Heiserman, Esq.
QUARLES & BRADY, LLP
amy.heiserman@quarles.com
*Attorney for Defendant Tyco Fire Products, LP*

By: */s/ LaWanda Brice*
        LaWanda Brice
        Employee of Resnick & Louis, P.C.

24

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
2/28/2022 11:24:51 AM
Filing ID 13987829

1 | **RESNICK & LOUIS, P.C.**
2 | Ellen S. Levy, Esq., AZ Bar #020275
8111 E. Indian Bend Road
3 | Scottsdale, Arizona 85250
4 | elevy@rlattorneys.com
Telephone: (602) 456-2918
5 | Fax: (602) 456-2918

6 | *Attorney for Defendant Matlick Enterprises, Inc.*

7

8 | **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9 | **IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | CASE NO.: CV2022-000124 |
| Plaintiffs, | **DEFENDANT MATLICK ENTERPRISES, INC.'S DEMAND FOR JURY TRIAL** |
| v. | |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC., | (Assigned to the Honorable John Hannah – DTJC) |
| Defendants. | |

Pursuant to Rule 38(b), Ariz. R. Civ. P., Defendant MATLICK ENTERPRISES, INC. demands a jury trial on all issues in the above-entitled action.

**RESPECTFULLY SUBMITTED** this 28th day of February, 2022.

**RESNICK & LOUIS, P.C.**

By:  /s/ Ellen S. Levy
Ellen S. Levy, Esq.
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
*Attorney for Defendant Matlick Enterprises, Inc.*

///

**ORIGINAL** of the foregoing
e-filed via TurboCourt this 28th
day of February, 2022, with:

Clerk of Court
Maricopa County Superior Court

**COPIES** of the foregoing
e-mailed this same date to:

Lincoln Combs, Esq.
O'STEEN & HARRISON, PLC
lcombs@vanosteen.com
*Attorneys for Plaintiff*

Kerry Miller, Esq.
Jason W. Burge, Esq.
Danielle Teutonico, Esq.
FISHMAN HAYGOOD LLP
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Amy L. Heiserman, Esq.
QUARLES & BRADY, LLP
amy.heiserman@quarles.com
*Attorney for Defendant Tyco Fire Products, LP*

By:  */s/ LaWanda Brice*
　　　LaWanda Brice
　　　Employee of Resnick & Louis, P.C.

2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
2/28/2022 11:22:38 AM
Filing ID 13987828

1

**RESNICK & LOUIS, P.C.**

2
Ellen S. Levy, Esq., AZ Bar #020275

3
8111 E. Indian Bend Road
Scottsdale, Arizona 85250

4
elevy@rlattorneys.com
Telephone: (602) 456-2918

5
Fax: (602) 456-2918

6
*Attorney for Defendant Matlick Enterprises, Inc.*

7
### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8

9
### IN AND FOR THE COUNTY OF MARICOPA

10
MATTHEW GROSCH and SHELAGH

11
GROSCH

12
                    Plaintiffs,

13
v.

14
TYCO FIRE PRODUCTS, LP and

15
MATLICK ENTERPRISES, INC.,

16
                    Defendants.

17

CASE NO.: CV2022-000124

**DEFENDANT MATLICK
ENTERPRISES, INC.'S CERTIFICATE
REGARDING COMPULSORY
ARBITRATION**

(Assigned to the Honorable John Hannah –
DTJC)

18
        The undersigned files this Certificate Regarding Compulsory Arbitration and states,

19

20
pursuant to Rules 72 through 76 of the Arizona Rules of Civil Procedure that she chooses not

21
to contest Plaintiffs' assertion that this case is NOT subject to compulsory arbitration at this

22
time.  However, Defendant Matlick Enterprises, Inc. reserves the right to contest Plaintiffs'

23

24
Certificate Regarding Compulsory Arbitration when and if discovery provides a basis for doing

25
so.

26

27

28
/ / /

**RESPECTULLY SUBMITTED** this 28th day of February, 2022.

**RESNICK & LOUIS, P.C.**

By:    /s/ Ellen S. Levy
       Ellen S. Levy, Esq.
       8111 E. Indian Bend Road
       Scottsdale, Arizona 85250
       *Attorney for Defendant Matlick Enterprises, Inc.*

**ORIGINAL** of the foregoing
e-filed via TurboCourt this 28th
day of February, 2022, with:

Clerk of Court
Maricopa County Superior Court

**COPIES** of the foregoing
e-mailed this same date to:

Lincoln Combs, Esq.
O'STEEN & HARRISON, PLC
lcombs@vanosteen.com
*Attorneys for Plaintiff*

Kerry Miller, Esq.
Jason W. Burge, Esq.
Danielle Teutonico, Esq.
FISHMAN HAYGOOD LLP
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Amy L. Heiserman, Esq.
QUARLES & BRADY, LLP
amy.heiserman@quarles.com
*Attorney for Defendant Tyco Fire Products, LP*

By: /s/ LaWanda Brice
     LaWanda Brice
     Employee of Resnick & Louis, P.C.

2



Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
3/11/2022 1:41:50 PM
Filing ID 14039779

Lincoln Combs, Esq. – State Bar #025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – JASON W. BURGE** |
| v. | (Assigned to the Hon. John Hannah) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

Plaintiffs, by and through the undersigned counsel, hereby move for the *pro hac vice* appearance of Jason W. Burge of the firm Fishman Haygood LLP, as counsel on behalf of the Plaintiffs, joining Plaintiffs' current counsel in the above captioned matter. The Notice of

O'STEEN &HARRISON

1   Receipt of Completed Application is attached at Exhibit A. Notices for Mr. Burge can be sent

2   to:

3
4                              Jason W. Burge
                       FISHMAN HAYGOOD LLP
5                     201 St. Charles Ave., Floor 46
                      New Orleans, Louisiana 70170
6                      jburge@fishmanhaygood.com

7

8

9          DATED this 11th day of March, 2022.

10

11                                       **O'STEEN & HARRISON, PLC**

12

13

14

15                                       Lincoln Combs
                                         300 W. Clarendon Ave., Suite 400
16                                       Phoenix, Arizona 85013-3424

17                                       **FISHMAN HAYGOOD LLP**
                                         Kerry J. Miller
18                                       Jason W. Burge
                                         Danielle Teutonico
19                                       201 St. Charles Avenue, Suite 4600
                                         New Orleans, LA 70170-4600
20                                       *Attorneys for Plaintiff*

21

22   **ORIGINAL** of the foregoing e-filed
     this 11th day of March, 2022 with:
23
     TurboCourt.com
24   Clerk of the Court
     Maricopa County Superior Court
25
     **COPY** of the foregoing e-mailed
26   this 11th day of March, 2022 to:

O'STEEN HARRISON
ATTORNEYS AT LAW

1

2  The Honorable John Hannah
   Maricopa County Superior Court

3

4  **COPY** of the foregoing e-served
   this 11th day of March, 2022 to:

5

6

7  Ellen S. Levy
   **RESNICK & LOUIS, P.C.**

8  8111 E. Indian Bend Road
   Scottsdale, Arizona 85250

9  Telephone: (602) 456-2918
   Fax: (602) 456-2918

10 elevy@rlattorneys.com

11
   *Attorneys for Defendant Matlick*
12 *Enterprises, Inc.*

13

14 By /s/ *Kat Lane*

15

16

17

18

19

20

21

22

23

24

25

26

## Maricopa County Superior Court

| | |
|---|---|
| Grosch,<br>     Plaintiff | )<br>)<br>) |
| | )     CASE # **CV2022-000124** |
| v. | )<br>) |
| | )     SBA App #1013165 |
| Tyco Fire Products, LP and Matlick | ) |
| Enterprises, Inc., | )   **NOTICE OF RECEIPT OF COMPLETE** |
|      Defendant. | )          **APPLICATION** |

NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has received the verified application and fee from Jason W Burge.

In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule 39, within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Forbach v Chemguard, Inc., et al. | Coconino County Superior Court | 2/17/2022 | Pending |
| Joshua Moore v Buckeye Fire Equipment Co., et al. | Maricopa County Superior Court | 2/17/2022 | Pending |
| Landon Young and Heather Young v Chemguard, Inc., et al. | Maricopa County Superior Court | 2/17/2021 | Y |
| Bryan Jeffries, et al. v Chemguard, Inc., et al.<br>~CLOSED~ | Maricopa County Superior Court | 1/6/2021 | N |

Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 8th day of March 2022

*Wendy Macias*

Wendy Macias
Resource Center Specialist
State Bar of Arizona

Original Mailed on this 8th day of March 2022 to:

C Lincoln Combs
300 W CLARENDON AVE STE 400
PHOENIX, AZ 85013-3424



**STATE BAR** OF **ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# 1013165
Bar Number# P210043

CK#13460   $505.00
Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Jason W. Burge

Firm/Company Name: Fishman Haygood, LLP

Office Address: 201 St. Charles Ave., Ste. 4600, New Orleans, LA

Telephone: 504-586-5252   Fax: 504-586-5250   Email Address: jburge@fishmanhaygood.com

Residence Address: 4142 Vendome Pl, New Orleans, LA 70125

Title of cause or case where applicant seeks to appear: Grosch v. Tyco Fire Products, LP and Matlick Enterprises, Inc.
Docket Number: CV2022-000124

Court, Board, or Administrative Agency: Superior Court, County of Maricopa

Party on whose behalf applicant seeks to appear: Plaintiffs, Matthew and Shelagh Grosch

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted:<br>(Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| Louisiana | 10/13/06 | 30420 |
| Texas | 3/7/19 | 24112316 |
|  |  |  |
|  |  |  |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☐ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Young v. Chemguard et al | CV2020-017108 | Superior Court, County of Maricopa | yes |
| Jeffries v. Chemguard et al | CV2020-015377 | uperior Court, County of Maricopa | withdrawn-MDL |
|  |  |  |  |

This case or cause ☐ is / ☑ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#_____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Lincoln Combs

State Bar of Arizona Number: 025080

Address: O'Steen & Harrison, PLC, 300 W. Clarendon Ave., Ste. 400, Phoenix, AZ 85013

Telephone: 602-252-8888    Fax: 602-274-1209    Email Address: lcombs@vanosteen.com

☒ Local Counsel is a member in good standing.

☒ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Tyco Fire Products, LP | Eric Bowen Johnson | Two North Central Ave, Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | 8111 E. Indian Bend Rd, Scottsdale, AZ 85250 |

☒ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☒ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF    Louisiana                            )

County of    Parish or Orleans                  ) ss.

I, Jason W. Burge                            , swear that all statements in this application are true, correct and complete to the best of my knowledge and belief.

Dated: 2/15/22                        Applicant's Signature:

SUBSCRIBED AND SWORN TO before me this    15th    day of Feb        2022

Jason W. Burge                        .

Name of Applicant

Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of **Louisiana** )

County of Parish or Orleans ) ss.

I, **Jason W. Burge**, a member of the State Bar of **Louisiana**, submit this unsworn verification in support of my:

☐ Resignation of Membership

☑ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: **2/15/22**

Attorney signature

# United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, VERONICA ODINET KOCLANES, Clerk of the Supreme Court of the State of

Louisiana, do hereby certify that

### *JASON W. BURGE ESQ., #30420*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court

and the several courts of the State of Louisiana, on the 13th Day of October, 2006 A.D.; and is

currently in good standing, and sufficiently qualified to perform the duties of an attorney and

counselor at law.

IN WITNESS WHEREOF, I hereunto sign

my name and affix the seal of this Court, at

the City of New Orleans, this the 8th Day of

February, 2022, A.D.

Clerk of Court
Supreme Court of Louisiana

# The Supreme Court of Texas

AUSTIN

CLERK'S OFFICE

**I, BLAKE HAWTHORNE,** Clerk of the Supreme Court of Texas, certify that the records of this office show that

### Jason Walker Burge

was duly admitted and licensed as an attorney and counselor at law by the Supreme Court of Texas on the 7th day of March, 2019.

I further certify that the records of this office show that, as of this date

### Jason Walker Burge

is presently enrolled with the State Bar of Texas as an active member in good standing.

**IN TESTIMONY WHEREOF** witness my signature and the seal of the Supreme Court of Texas at the City of Austin, this, the 9th day of February, 2022.

BLAKE HAWTHORNE, Clerk

Clerk, Supreme Court of Texas

No. 7401C.2

This certification expires thirty days from this date, unless sooner revoked or rendered invalid by operation of rule or law.



Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
3/16/2022 1:28:30 PM
Filing ID 14057522

Lincoln Combs, Esq. – State Bar #025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – DANIELLE C. TEUTONICO** |
| v. | |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | (Assigned to the Hon. John Hannah) |
| Defendants. | |

Plaintiffs, by and through the undersigned counsel, hereby move for the *pro hac vice*

appearance of Danielle C. Teutonico of the firm Fishman Haygood LLP, as counsel on behalf

of the Plaintiffs, joining Plaintiffs' current counsel in the above captioned matter. The Notice of

O'STEEN HARRISON

Receipt of Completed Application is attached at Exhibit A. Notices for Ms. Teutonico can be

sent to:

Danielle C. Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
dteutonico@fishmanhaygood.com

DATED this 16th day of March, 2022.

O'STEEN & HARRISON, PLC

Lincoln Combs
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed
this 16th day of March, 2022 with:

TurboCourt.com
Clerk of the Court
Maricopa County Superior Court

**COPY** of the foregoing e-mailed

O'STEEN&HARRISON
ATTORNEYS AT LAW

this 16th day of March, 2022 to:

The Honorable John Hannah
Maricopa County Superior Court

**COPY** of the foregoing e-served
this 16th day of March, 2022 to:

Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
Telephone: (602) 456-2918
Fax: (602) 456-2918
elevy@rlattorneys.com

*Attorneys for Defendant Matlick*
*Enterprises, Inc.*

By /s/ *Kat Lane*

| | |
|---|---|
| 1 | **Maricopa County Superior Court** |
| 2 | Grosch,             ) |
| |     Plaintiff        ) |
| 3 |               )    CASE # **CV2022-000124** |

**Maricopa County Superior Court**

Grosch,
    Plaintiff
           )
           )
           )    CASE # **CV2022-000124**
     v.       )
           )    SBA App #1013168
Tyco Fire Products, LP and Matlick )
Enterprises, Inc.,      )    **NOTICE OF RECEIPT OF COMPLETE**
    Defendant.    )              **APPLICATION**

NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the</u> <u>verified application and fee from Danielle C Teutonico</u>.

In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule 39, within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Forbach v Chemguard, Inc., et al. | Coconino County Superior Court | 2/18/2022 | Pending |
| Joshua Moore v Buckeye Fire Equipment Co., et al. | Maricopa County Superior Court | 2/18/2022 | Pending |
| Landon Young and Heather Young v Chemguard, Inc., et al. | Maricopa County Superior Court | 2/17/2021 | Y |
| Bryan Jeffries, et al. v Chemguard, Inc., et al. ~CLOSED~ | Maricopa County Superior Court | 1/6/2021 | N |

Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 9th day of March 2022

*Wendy Macias*

Wendy Macias
Resource Center Specialist
State Bar of Arizona

Original Mailed on this 9th day of March 2022 to:

C Lincoln Combs
300 W CLARENDON AVE STE 400
PHOENIX, AZ 85013-3424



**STATE BAR OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# 1013168
Bar Number# PZ10044
CK#13466   $505.00

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Danielle C. Teutonico

Firm/Company Name: Fishman Haygood, LLP

Office Address: 201 St. Charles Ave., Ste. 4600, New Orleans, LA

Telephone: 504-586-5252     Fax: 504-586-5250     Email Address: dteutonico@fishmanhaygood.com

Residence Address: 2233 St. Charles Ave, Apt 501, New Orleans, LA 70130

Title of cause or case where applicant seeks to appear: Grosch v. Tyco Fire Products, LP and Matlick Enterprises, Inc.

Docket Number: CV2022-000124

Court, Board, or Administrative Agency: Superior Court, County of Maricopa

Party on whose behalf applicant seeks to appear: Plaintiffs, Matthew and Shelagh Grosch

### Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| Louisiana | 10/30/2020 | 39512 |
| New York | 1/9/2019 | 5657325 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☒ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Young v. Chemguard et al | CV2020-017108 | Superior Court, County of Maricopa | yes |
| Jeffries v. Chemguard et al | CV2020-015377 | uperior Court, County of Maricopa | withdrawn-MDL |
| | | | |

This case or cause ☐ is / ☒ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket# _____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Lincoln Combs

State Bar of Arizona Number: 025080

Address: O'Steen & Harrison, PLC, 300 W. Clarendon Ave., Ste. 400, Phoenix, AZ 85013

Telephone: 602-252-8888     Fax: 602-274-1209     Email Address: lcombs@vanosteen.com

☒ Local Counsel is a member in good standing.

☒ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| Tyco Fire Products, LP | Eric Bowen Johnson | Two North Central Ave, Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | 8111 E. Indian Bend Rd, Scottsdale, AZ 85250 |

☒ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☒ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF    Louisiana                                    )

County of    Parish of Orleans                          ) ss.

I, Danielle C. Teutonico                , swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 02/16/2022          Applicant's Signature

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20 22, by

Danielle C. Teutonico            .

Name of Applicant

Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona.  This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of ___**Louisiana**___ )

County of ___Parish or Orleans___ ) ss.

I, ___**Danielle C. Teutonico**___, a member of the State Bar of ___**Louisiana**___, submit this unsworn verification in support of my:

☐ Resignation of Membership

☒ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: ___**2/16/22**___

_____
Attorney signature



*Appellate Division of the Supreme Court*
*of the State of New York*
*Second Judicial Department*

I, Maria T. Fasulo, Clerk of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, do hereby certify that

### Danielle Christine Teutonico

was duly licensed and admitted to practice as an Attorney and Counselor at Law in all the courts of this State on **January 9, 2019,** has duly taken and subscribed the oath of office prescribed by law, has been enrolled in the Roll of Attorneys and Counselors at Law on file in this office, is duly registered with the Administration Office of the Courts, and according to the records of this Court is currently in good standing as an Attorney and Counselor-at-Law.



In Witness Whereof, I have hereunto set my hand in the City of Brooklyn on February 8, 2022.

*Maria T. Fasulo*

Clerk of the Court

CertID-00052741

# United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, VERONICA ODINET KOCLANES, Clerk of the Supreme Court of the State of Louisiana, do hereby certify that

### *DANIELLE TEUTONICO ESQ., #39512*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court and the several courts of the State of Louisiana, on the 30th Day of October, 2020 A.D.; and is currently in good standing, and sufficiently qualified to perform the duties of an attorney and counselor at law.

IN WITNESS WHEREOF, I hereunto sign my name and affix the seal of this Court, at the City of New Orleans, this the 8th Day of February, 2022, A.D.

Clerk of Court
Supreme Court of Louisiana

Granted as Submitted
O'S*See eSignature pageARRISON

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
3/29/2022 8:00:00 AM
Filing ID 14098884

1 Lincoln Combs, Esq. – State Bar #025080
2 **O'STEEN & HARRISON, PLC**
   300 W. Clarendon Ave., Suite 400
3 Phoenix, Arizona 85013-3424
   (602) 252-8888
4 (602) 274-1209 FAX
   lcombs@vanosteen.com
5
6 Kerry Miller, *pro hac vice pending*
   Jason W. Burge, *pro hac vice pending*
7 Danielle Teutonico, *pro hac vice pending*
8 **FISHMAN HAYGOOD LLP**
   201 St. Charles Ave., Floor 46
9 New Orleans, Louisiana 70170
   Telephone: (504) 586-5252
10 Facsimile: (504) 586-5250
11 kmiller@fishmanhaygood.com
   jburge@fishmanhaygood.com
12 dteutonico@fishmanhaygood.com
   *Attorneys for Plaintiff*
13
14 **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
   IN AND FOR THE COUNTY OF MARICOPA**
15
16 MATTHEW GROSCH and SHELAGH      Case No. CV2022-000124
   GROSCH
17
                        Plaintiffs,     **ORDER RE MOTION TO ASSOCIATE
18                                       COUNSEL PRO HAC VICE – JASON
19 v.                                    W. BURGE**

20 TYCO FIRE PRODUCTS, LP and        (Assigned to the Hon. John Hannah)
   MATLICK ENTERPRISES, INC.
21
22                        Defendants.

23        Having heard Plaintiffs Motion to Associate Counsel Pro Hac Vice, and with good cause

24 appearing,

25        IT IS ORDERED granting the *pro hac vice* appearance of Jason W. Burge of the firm

26 Fishman Haygood LLP as additional counsel for Plaintiffs.

O'STEEN & HARRISON
ATTORNEYS AT LAW

1

2       DATED this _____.

3

4                                    _____
                                     Honorable John Hannah
5                                    Maricopa County Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# eSignature Page 1 of 1

Filing ID: 14098884   Case Number: CV2022-000124
Original Filing ID: 14039779

Granted as Submitted



/S/ John Hannah Date: 3/25/2022

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2022-000124          SIGNATURE DATE: 3/25/2022

E-FILING ID #: 14098884          FILED DATE: 3/29/2022 8:00:00 AM

AMY R HEISERMAN

ELLEN S LEVY

LINCOLN COMBS

DOCKET-CIVIL-CCC

Granted as Submitted
O'STEEN & HARRISON
*See eSignature page*
ATTORNEYS AT LAW

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
4/6/2022 8:00:00 AM
Filing ID 14137729

Lincoln Combs, Esq. – State Bar #025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
(602) 252-8888
(602) 274-1209 FAX
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – DANIELLE C. TEUTONICO** |
| v. | |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | (Assigned to the Hon. John Hannah) |
| Defendants. | |

Having heard Plaintiffs Motion to Associate Counsel Pro Hac Vice, and with good cause appearing,

IT IS ORDERED granting the *pro hac vice* appearance of Danielle C. Teutonico of the firm Fishman Haygood LLP as additional counsel for Plaintiffs.

O'STEEN HARRISON
ATTORNEYS AT LAW

1

2          DATED this _____.

3

4                                              _____
                                               Honorable John Hannah
5                                              Maricopa County Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# eSignature Page 1 of 1

Filing ID: 14137729   Case Number: CV2022-000124
Original Filing ID: 14057522

---

**Granted as Submitted**



/S/ John Hannah Date: 4/5/2022

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2022-000124

E-FILING ID #: 14137729

SIGNATURE DATE: 4/5/2022

FILED DATE: 4/6/2022 8:00:00 AM

AMY R HEISERMAN

ELLEN S LEVY

LINCOLN COMBS

DOCKET-CIVIL-CCC

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
7/1/2022 3:19:54 PM
Filing ID 14510938

1  QUARLES & BRADY LLP
Firm State Bar No. 00443100
2       Renaissance One
Two North Central Avenue
3    Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200
4
Eric B. Johnson (#020512)
5  eric.johnson@quarles.com
Amy Levine Heiserman (#032486)
6  amy.heiserman@quarles.com

7  *Attorneys for Defendant Tyco Fire Products LP*

8       IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA

9          IN AND FOR THE COUNTY OF MARICOPA

10

11  MATTHEW GROSCH AND SHELAGH
GROSCH,                                    Case No. CV2022-000124

12             Plaintiffs,               **DEFENDANT TYCO FIRE
                                         PRODUCTS LP'S NOTICE OF NON-
13      v.                               PARTIES AT FAULT**

14  TYCO FIRE PRODUCTS LP AND
MATLICK ENTERPRISES, INC.,

15

16             Defendants.

17          Pursuant to Arizona Rule of Civil Procedure 26(b)(5) and Arizona Revised Statutes

18  Section 12-2506(B), Defendant Tyco Fire Products LP provides notice that the following

19  individuals or entities may be wholly or partially at fault for the damages alleged by

20  Plaintiffs. Discovery is ongoing and further investigation is continuing at this time, which

21  may bring to light additional information regarding other non-parties at fault. Tyco reserves

22  the right to amend, supplement, or otherwise modify this disclosure. The following non-

23  parties may be wholly or partially at fault:

24       1.   Individuals or entities, including those not yet identified, that sold products to

25            Plaintiffs, the City of Phoenix, the Phoenix Fire Department, or any other

26            employer of Plaintiffs that may have caused or contributed to their purported

27            injuries.

28

QB\510241.00089\72367118.1

2. Individuals or entities, including those not yet identified, with a duty to warn Plaintiffs that failed to provide adequate instructions or warnings related to the potential risks associated with the products that may have caused or contributed to Plaintiffs' alleged injuries.

3. Individuals or entities, including those not yet identified, that altered or modified the products that may have caused or contributed to Plaintiffs' alleged injuries.

4. Plaintiff Matthew Grosch's current or former employers, including but not limited to the Phoenix Fire Department.

5. City or government entities, including the Arizona Department of Environmental Quality, the Phoenix Fire Department, and other fire departments near Phoenix, Arizona.

6. Phoenix-Mesa Gateway Airport, Phoenix Sky Harbor International Airport, or other facilities currently or previously monitored, controlled, or operated by the United States.

7. Private or public water treatment plants or water companies, including but not limited to the City of Phoenix Water Services Department, City of Phoenix, Arizona Water Company, and EPCOR Water Company.

8. Owners or operators of flood irrigation facilities.

9. Without waiving any objection, any medical providers that may have provided treatment to Plaintiff Matthew Grosch, including but not limited to Dr. Alan Haruo Bryce, Dr. Robet Ferrigni, and Dr. Erik Castle.

10. Without waiving any objection, any individual or entity named by any other defendant in this matter as a potential non-party at fault.

11. Without waiving any objection, any named party or co-defendant is dismissed from this lawsuit.

12. Without waiving any objection, any named party or co-defendant that settles with Plaintiffs before trial.

- 2 -

1    Tyco reserves the right to amend or supplement this notice of non-parties at fault as

2  it continues its investigation.

3    DATED this 1st day of July, 2022.

4                        QUARLES & BRADY LLP
                         Two North Central Avenue
5                        Phoenix, AZ  85004-2391

6

7                        By  _/s/ Amy Levine Heiserman_
                            Eric B. Johnson
8                            Amy Levine Heiserman

9                        *Attorneys for Defendant Tyco Fire Products LP*

10  **EFILED** with the Clerk of the Court and a **COPY** mailed and e-mailed this 1st day of
    July, 2022 to:
11

12  Lincoln Combs, Esq. (#025080)
    O'STEEN & HARRISON, PLC
13  300 W. Clarendon Ave., Suite 400
    Phoenix, Arizona 85013-3424
14  lcombs@vanosteen.com

15  Kerry Miller, pro hac vice pending
    Jason W. Burge, pro hac vice pending
16  Danielle Teutonico, pro hace vice pending
    FISHMAN HAYGOOD LLP
17  201 St. Charles Ave., Floor 46
    New Orleans, Louisiana 70170
18  kmiller@fishmanhaygood.com
    jburge@fishmanhaygood.com
19  dteutonico@fishmanhaygood.com

20  *Counsel for Plaintiffs*
    Ellen Levy
21  RESNICK & LOUIS PC
    8111 E. Indian Bend Rd.
22  Scottsdale, Arizona 85250
    elevy@rlattorneys.com
23  *Counsel for Matlick Enterprises, Inc.*

24   _/s/ Kim Simmons_

25

26

27

28

- 3 -

QB\510241.00089\72367118.1

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
7/5/2022 11:13:00 AM
Filing ID 14516080

1   **RESNICK & LOUIS, P.C.**
2   Ellen S. Levy, Esq., AZ Bar #020275
    8111 E. Indian Bend Road
3   Scottsdale, Arizona 85250
    elevy@rlattorneys.com
4   Telephone: (602) 456-2918
    Fax: (602) 456-2918
5

6   *Attorney for Defendant Matlick Enterprises, Inc.*

7
             **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
8
9               **IN AND FOR THE COUNTY OF MARICOPA**

10  MATTHEW GROSCH and SHELAGH          CASE NO.: CV2022-000124
11  GROSCH
                                        **DEFENDANT  MATLICK**
12          Plaintiff,                  **ENTERPRISES, INC. JOINDER IN**
                                        **DEFENDANT NOTICE OF NON-**
13  v.                                  **PARTIES AT FAULT**

14  TYCO FIRE PRODUCTS, LP and
15  MATLICK ENTERPRISES, INC.,
                                        *(Assigned to the Honorable John Hannah –*
16          Defendants.                 *DTJC)*

17

18      Defendant Matlick Enterprises, Inc., by and through counsel undersigned, hereby join
19
    in the Notice of Non-Party at Fault Designations filed by Defendant Tyco Fire Products, LP
20
21  filed July 1, 2022.

22      **RESPECTULLY SUBMITTED** this 5th day of July, 2022.
23
24                                      **RESNICK & LOUIS, P.C.**

25                          By:   */s/ Ellen S. Levy*
                                  Ellen S. Levy, Esq.
26                                8111 E. Indian Bend Road
                                  Scottsdale, Arizona 85250
27                                *Attorney for Defendant Matlick Enterprises, Inc.*
28

1   **ORIGINAL** of the foregoing
    e-filed via TurboCourt this 5ᵗʰ
2   day of July, 2022, with:

3
    Clerk of Court
4   Maricopa County Superior Court

5
    **COPIES** of the foregoing mailed/
6   e-mailed this same date to:

7
    Lincoln Combs, Esq.
8   O'STEEN & HARRISON, PLC
    300 W. Clarendon Ave., Suite 400
9   Phoenix, Arizona 85013-3424
    lcombs@vanosteen.com
10  *Attorneys for Plaintiff*

11
    Kerry Miller, Esq.
12  Jason W. Burge, Esq.
    Danielle Teutonico, Esq.
13  FISHMAN HAYGOOD LLP
    201 St. Charles Ave., Floor 46
14  New Orleans, Louisiana 70170
    kmiller@fishmanhaygood.com
15  jburge@fishmanhaygood.com
    dteutonico@fishmanhaygood.com
16  *Attorneys for Plaintiff*

17
    Amy L. Heiserman, Esq.
18  QUARLES & BRADY, LLP
    One Renaissance Square
19  Two North Central Ave., Suite 600
    Phoenix, AZ 85004
20  amy.heiserman@quarles.com
    *Attorney for Defendant Tyco Fire Products, LP*
21

22
23  By: */s/ Valerie Vanata*

24       Valerie Vanata
         Employee of Resnick & Louis, P.C.
25

26

27

28

                                    2

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
7/13/2022 11:17:19 AM
Filing ID 14553199

1

**QUARLES & BRADY LLP**
Firm State Bar No. 00443100
2       Renaissance One
Two North Central Avenue
3       Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200
4

5   Eric B. Johnson (#020512)
eric.johnson@quarles.com
6   Catherine Allen (#024697)
Catherine.Allen@quarles.com

7   *Attorneys for Defendant Tyco Fire Products LP*

8
IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9
IN AND FOR THE COUNTY OF MARICOPA
10

11   MATTHEW GROSCH and SHELAGH        NO. CV2022-000124
GROSCH,
12                                      **NOTICE OF SUBSTITUTION OF**
13              Plaintiffs,             **COUNSEL WITHIN FIRM**

14        v.

15   TYCO FIRE PRODUCTS LP and
MATLICK ENTERPRISES, INC.,
16
Defendants.
17

18        Defendant Tyco Fire Products LP ("Tyco"), hereby gives notice that Catherine

19   Allen, an attorney with Quarles & Brady LLP, is substituted in as counsel of record for Amy

20   Levine Heiserman. Ms. Heiserman is leaving the firm and should be removed from all

21   future service in this matter.

22   / / /

23   / / /

24

25

26

27

28

QB\510241.00095\74858605.1

1    DATED this 13th day of July, 2022.

2                                         QUARLES & BRADY LLP
                                          Two North Central Avenue
3                                         Phoenix, AZ  85004-2391

4                                         By   /s/ Eric B. Johnson
5                                               Eric B. Johnson
                                                Catherine Allen
6                                               *Attorneys for Defendant Tyco Fire Products
7                                               LP*

8    **EFILED** with the Clerk of the Court this 13th day of July, 2022, and

9    **COPY** of the foregoing e-mailed this 13th day of July, 2022 to:

10
     Lincoln Combs (025080)
11   O'STEEN & HARRISON, PLC
     300 W. Clarendon Avenue, Suite 400
12   Phoenix, Arizona 85013-3424
     lcombs@vanosteen.com
13

14   Kerry Miller
     Jason W. Burge
15   Danielle Teutonico
     FISHMAN HAYGOOD LLP
16   201 St. Charles Ave., Floor 46
     New Orleans, Louisiana 70170
17   kmiller@fishmanhaygood.com
     jburge@fishmanhaygood.com
18   dteutonico@fishmanhaygood.com
     *Counsel for Plaintiffs*
19

20   Ellen S. Levy
21   RESNICK & LOUIS PC
     8111 E. Indian Bend Rd.
22   Scottsdale, Arizona 85250
     elevy@rlattorneys.com
23   *Counsel for Matlick Enterprises, Inc.*

24    /s/ Kim Simmons
25

26

27

28

                                - 2 -

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
8/1/2022 4:13:51 PM
Filing ID 14638019

Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | No.  CV2022-000124 |
| Plaintiffs, | **JOINT REPORT** |
| v. | (Assigned to the Hon. John Hannah) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

The parties signing below certify they have conferred about the matters set forth in Rule 16(b)(2) and (c)(3) and that this case is not subject to the mandatory arbitration provisions of Rule 72. The parties are submitting a Proposed Scheduling Order with this Joint Report. Each date in the Joint Report and in the Proposed Scheduling Order includes a calendar month, day, and year.

### 1.   BRIEF DESCRIPTION OF THE CASE:

Matthew Grosch is a firefighter and has been allegedly exposed to AFFF firefighting foams which contain PFAS, fluorinated synthetic chemical compounds whose family includes PFOS and PFOA. After over fifteen years of service as a firefighter

and alleged use of AFFF firefighting foams, Matthew was diagnosed with testicular cancer with a significant tumor. Matthew underwent an orchiectomy and chemotherapy.

Plaintiffs are claiming that the defendants that both manufactured and distributed AFFFs (hereinafter the "Manufacturer Defendant," which is Tyco Fire Products, LP ("Tyco") and the "Distributor Defendant," which is Matlick Enterprises, Inc. ("Matlick")) are liable to Plaintiffs under a strict products liability theory. Plaintiffs also allege that the Manufacturer Defendant is liable to Plaintiffs under a negligent failure to warn theory, negligent plan or design theory, and are liable to Plaintiffs for punitive damages.

2.    **CURRENT CASE STATUS**: The case was filed in state court on January 4, 2022. Tyco filed its answer on February 1, 2022 and Matlick filed its answer on February 28, 2022. Tyco filed a Notice of Non-Parties at Fault on July 1, 2022 and Matlick filed its Joinder in Tyco's Notice of Non-Parties at Fault on July 5, 2022.

3.    AMENDMENTS:  The parties do not anticipate filing an amendment to any pleadings adding a new party to the case.

4.    SETTLEMENT:  The parties agree to engage in a mediation with a private mediator. The parties will be ready for a private mediation by August 2, 2023.

5.    READINESS:  This case will be ready for trial by November 15, 2023.

6.    JURY:  A trial by jury is demanded.

7.    LENGTH OF TRIAL:  The estimated length of trial is seven (7) days.

8.    PREFERENCE: This case is not entitled to a preference for trial.

9.    SPECIAL REQUIREMENTS:   The parties will not require disability accommodations or an interpreter.

10.    SCHEDULING CONFERENCE: The parties do not request a Rule 16(d) scheduling conference.

11.   OTHER MATTERS:  The parties stipulate that this is a Tier 3 case as described in Rule 26.2, Ariz. R. Civ. P.  The parties further stipulate that additional time beyond the limits described in Rule 26.2(f)(3) is required due to the complexity of the issues which form the basis of Plaintiff's Complaint. The parties further agree that such additional time is necessary as not all defendants have been served yet in this case.

ITEMS UPON WHICH THE PARTIES DO NOT AGREE: _____.

Dated the 1st day of August, 2022

By: */s/ Danielle Teutonico*
Lincoln Combs, Esq.-State Bar #025080
**O'STEEN & HARRSION, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013
Telephone: (602) 252-8888
Facsimile:(602) 274-1209
lcombs@vanosteen.com

Kerry J. Miller
Jason W. Burge
Danielle Teutonico
**FISHMAN HAYGOOD LLP**
201 St. Charles Avenue, Suite 4600
New Orleans, LA 70170-4600
Telephone: (504) 586-5252
Facsimile: (504) 586-5250
Email: kmiller @fishmanhaygood.com
        jburge@fishmanhaygood.com
        dteutonico@fishmanhaygood.com

A COPY of the foregoing
was delivered via email
this 1st day of August, 2022, to:

Ellen Levy
RESNICK & LOUIS PC
8111 E. Indian Bend Road
Scottsdale, AZ 85250
elevy@rlattorneys.com

3

Eric B. Johnson
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004
Eric.johnson@quarles.com

Catherine G. Allen
QUARLES & BRADY LLP
2 N. Central Ave #3
Phoenix, AZ 85004
Catherine.allen@quarles.com

By: */s/ Amy Lee Harris*

4

| Office Distribution |
|---|
|  |

# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**\*\*FILED\*\***
08/10/2022
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

08/06/2022

COURT ADMINISTRATION

**Case Number:** CV2022-000124

**Matthew Grosch**

**V.**

**Tyco Fire Products L P**

The Judge assigned to this action is the Honorable John R Hannah

## NOTICE OF PLACEMENT ON THE DISMISSAL CALENDAR

Pursuant to Rule 38.1(d) of the Arizona Rules of Civil Procedure, the parties and counsel are notified that this case is being placed on the dismissal calendar on 8/10/22. This case will be dismissed **without further notice on** 10/10/2022 unless one of the following actions occurs prior to the date of dismissal:

1. A Joint Report and Proposed Scheduling order is filed;
2. A Comprehensive Pretrial Conference is set;
3. A final judgment, notice of decision, arbitration award, or dismissal is entered; or
4. A motion to continue on the dismissal calendar demonstrating good cause is filed and granted prior to the dismissal date.

See Rule 38.1(d)(2).

IT IS ORDERED placing this case on the dismissal calendar.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at: www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number:  CV2022-000124

| Party Name | Attorney Name | |
|---|---|---|
| Matlick Enterprises Inc | Ellen S Levy | Bar ID: 020275 |
| Tyco Fire Products L P | ERIC B JOHNSON | Bar ID: 020512 |
| Matthew Grosch | Lincoln Combs | Bar ID: 025080 |
| Shelagh Grosch | Lincoln Combs | Bar ID: 025080 |

**Granted with Modifications**
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
8/24/2022 8:00:00 AM
Filing ID 14740282

1
2
3
4
5
6

Kerry Miller, *pro hac pending*
Jason W. Burge, *pro hac pending*
Danielle Teutonico, *pro hac pending*
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com

7

*Attorneys for Plaintiffs*

8

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | No.  CV2022-000124 |
| Plaintiffs, | |
| v. | **SCHEDULING ORDER** |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | (Assigned to the Hon. John Hannah) |
| Defendants. | |

UPON CONSIDERATION of the Parties' Proposed Scheduling Order, the Court orders as follows:

1.    **INITIAL DISCLOSURE:** The Parties have already exchanged Initial Disclosure Statements.

2.    **EXPERT WITNESS DISCLOSURE:**  Plaintiff shall disclose the identity and opinions of experts by March 17, 2023. Defendants shall disclose the identity and opinions of their experts by May 1, 2023. Any rebuttal experts' opinions will be disclosed by May 31, 2023.

**3.**   **LAY (NON-EXPERT) WITNESS DISCLOSURE:**   The parties shall disclose lay witnesses by October 17, 2022 with ongoing disclosures per the rules and final disclosures as stated herein.

**4.**   **FINAL SUPPLEMENTAL DISCLOSURE:**   Each party shall provide final supplemental disclosures, including final supplementation of witnesses, exhibits, disclosure statements, discovery responses, and medical literature to be used at trial, whether for use on direct examination, cross-examination, or otherwise by June, 14, 2023. This order does not replace the parties' obligation to seasonably disclose Rule 26.1 information on an ongoing basis and as it becomes available. **No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except under order of the Court for good cause shown or upon a written or an on-the-record agreement of the parties.**

**5.**   **DISCOVERY DEADLINES:**

A. The parties will propound discovery undertaken pursuant to Rules 33 through 36 by November 15, 2022.

B. The parties will complete the depositions of parties by January 20, 2023.

C. The parties will complete the depositions of lay witnesses by February 28, 2023.

D. The parties will complete the depositions of expert witnesses by June 30, 2023.

E. The parties will complete all other discovery by July 17, 2023 ("Complete discovery" includes conclusion of all depositions and supplementations of responses to written discovery).

6.   **PRIVATE MEDIATION:**  The parties agree to a private mediation by August 2, 2023.

7.   **DISPOSITIVE MOTIONS AND TRIAL:**

   A.  The parties shall file all dispositive motions by September 1, 2023.

   B.  The parties propose a trial-ready date of November 15, 2023.

   C.  The parties believe the trial will last seven (7) days.

8.   **TRIAL SETTING CONFERENCE:**

   A.  On  **September 21, 2023, at 8:45 a.m.,** the Court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

9.   Please note that the Court is utilizing a virtual platform called Court Connect. An auto-generated e-mail has been sent to local counsel of record.  If for some reason you did not receive the e-mail, please advise the Court.  You may join the hearing using the following link: https:\\tinyurl.com/jbazmc-cvj07, or you may appear via telephone by calling 1-917-781-4590, conference ID# 75956374#.   For   further   information,   please   visit: https:\\superiorcourt.maricopa.gov/court-connect/

10.  **FIRM DATES:**

   A.  No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this Court approving the stipulation.

   B.  Dates set forth in this order that govern court filings or hearings are firm dates, and may be modified only with this Court's consent and for good cause.

   C.  This Court ordinarily will not consider a lack of preparation good cause.

11.  **FURTHER ORDERS:**  The court further orders as follows:

Date: _____       _____
                                  Judge of the Superior Court

3

# eSignature Page 1 of 1

Filing ID: 14740282   Case Number: CV2022-000124
Original Filing ID: 14638019

**Granted with Modifications**



/S/ John Hannah Date: 8/23/2022

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2022-000124

E-FILING ID #: 14740282

SIGNATURE DATE: 8/23/2022

FILED DATE: 8/24/2022 8:00:00 AM

ELLEN S LEVY

ERIC B JOHNSON

LINCOLN COMBS

Clerk of the Superior Court
*** Electronically Filed ***
08/24/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                          08/23/2022

HONORABLE JOHN R. HANNAH JR

CLERK OF THE COURT
A. Walker
Deputy

MATTHEW GROSCH, et al.                    LINCOLN COMBS

v.

TYCO FIRE PRODUCTS L P, et al.            ERIC B JOHNSON

ELLEN S LEVY
JUDGE HANNAH

TELEPHONIC TRIAL SCHEDULING CONFERENCE SET

Pursuant to the parties' Scheduling Order electronically filed and granted by the Court,

**IT IS ORDERED** setting a **Telephonic Trial Scheduling Conference** for the purpose of assigning a trial date on **September 21, 2023 at 8:45 a.m.** **(time allotted: 15 minutes)** in this division, before:

HONORABLE JUDGE JOHN HANNAH
MARICOPA COUNTY SUPERIOR COURT
EAST COURT BUILDING
101 W. JEFFERSON
8TH FLOOR, COURTROOM 811
PHOENIX, AZ 85003
602-372-0759

Docket Code 026                    Form V000A                    Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                              08/23/2022

Counsel/parties shall have their trial calendars available for the conference.

Please note that the Court is utilizing a virtual platform called Court Connect. An auto-generated e-mail has been sent to local counsel of record. If for some reason you did not receive the e-mail, please advise the Court. You may join the hearing using the following link: https:\\tinyurl.com/jbazmc-cvj07, or you may appear via telephone by calling 1-917-781-4590, conference ID# 75956374#. For further information, please visit: https:\\superiorcourt.maricopa.gov/court-connect/

**PRETRIAL ORDERS**

The Court having been assigned to this case, the parties shall make note of the pretrial orders identified below. To the extent that the orders are inconsistent with any order that has been entered in this matter, including any scheduling order, this minute entry controls and the inconsistent language in any such previous order is vacated.

**Discovery Disputes**:

If a discovery dispute needs judicial intervention, the parties must first comply with Rule 37's meet and confer provision. Absent resolution, counsel for the movant shall email the Court's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and all other counsel to advise them of his/her request for a telephonic hearing. Each party shall thereafter email the Court's Judicial Assistant a three-page summary of the dispute with each party entitled to submit one and one-half pages of that text, pursuant to Rule 26(d)(2). Please make certain all parties are copied on the email. The emails will be filed with the clerk. Once the Court receives a summary from each party **and** a certification of compliance with Rule 37, the judicial assistant will email the parties to schedule a telephonic conference with the judge.

**Motion Practice:**

Do **not** combine pleadings. (Responses, replies, cross motions, etc., should each be filed as a separate pleading).

A proposed order/judgment must be attached as a Word doc. using the proper turbo court code. All stipulations, joint scheduling reports, unopposed motions, etc., MUST contain a proposed order. If your system is not allowing you to attach a Word order, you must email a copy to this division's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and she can attach it on our end.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                        08/23/2022

ALL motions are held for a briefing period. If you need a determination sooner than a normal briefing period would allow, please do the following: 1. Speak with opposing counsel to make certain if they have an objection. If there is no objection, file a stipulation. 2. E-file the motion and email the filed document in Word format to the judicial assistant and opposing counsel. 3. Indicate that you are asking for a shortened briefing schedule and when you need a ruling. 4. The Court will review your request and email all parties with a briefing schedule if necessary.

If the parties have agreed to an extension of time for filing responses/replies, email my judicial assistant regarding the agreement.   Otherwise, the Court may assume that no responses/replies will be filed and rule without the benefit of the response/reply.

Unless another order in this cause establishes a date-certain deadline, the deadline for filing a summary judgment motion is **120 days before the trial management conference**. The parties are limited to filing **one** motion for summary judgment.  No modification, including a stipulated modification, of this deadline and filing limit will be honored absent a motion explaining why the deadline or filing limit is impractical in the circumstances.

### Motions *in Limine*:

The granting or denial of a motion *in limine* turns on whether the admission of evidence reaches the level of reversible error or a mistrial.   Motions *in limine* are not granted "except upon a clear showing of non-admissibility."   The parties shall not file motions denominated as "*in limine*" that are, in substance, late-filed motions for summary judgment.  The number of motions *in limine* is limited to four (4) per side.

**1. Page Limit and Format**:  Neither the motion *in limine* nor the response may exceed **three pages**, including the caption.  Showing that the motion has merit should not require more than that.  Motions *in limine* shall be consecutively numbered in the caption identifying the party filing it and the subject of the motion; e.g. "Defendant's Motion in *Limine* No. 1 Re: Insurance Agreement," and shall deal with one discrete subject per motion.  Do not respond to more than one motion in *limine* in each response.

Any motion *in limine* or response to such a motion should begin with a simple declarative sentence that identifies the evidence that is the subject of the motion, with the understanding that the broader the scope of the evidence to be excluded, the less likely it is that a motion *in limine* will be granted.   The remainder of the motion or response should then explain why a mistrial or reversible error would or would not result if the motion is denied, with citations to authority that have reached the same conclusion in the same or similar circumstances (this also applies to motions *in limine* based on any failure to disclose, keeping in mind that nondisclosure implicates Ariz. R. Civ. P. 37(c)).   If the motion is unable to explain why its denial would result in a mistrial or

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                                08/23/2022

reversible error, the remainder should then demonstrate persuasively what efficiency, economy, or other benefit is to be gained by granting the motion.

**2. Rule 7.2**: Motions *in limine* shall be filed in accordance with Ariz.R.Civ.P. 7.2. Prior to filing any motion *in limine*, the parties through counsel must meet and confer to attempt to resolve issues to be raised by such motions, and any motions *in limine* must include a certification that counsel have so conferred.

**3. Deadlines**: The deadline for motions *in limine* is **30 days** before the final pretrial management conference. In both instances, responses must be filed **15 days** after service, and no replies should be filed unless requested.

**4. Under Advisement**: Although motions *in limine* will be considered as quickly as the court's schedule permits, they will not be taken under advisement any sooner than 15 days before the start of the trial, regardless of when they are filed. If the parties believe that a ruling on such a motion early in the case will facilitate settlement, they should notify this division (by telephone at **602-506-4791** or e-mail to the judicial assistant) and every effort will be made to decide the issue as soon as time allows.

### *Daubert* **Motions**:

Any motion brought for a *Daubert* hearing or brought under Ariz.R.Evid. 702, shall be filed at least **120 days** before the Final Trial Management Conference. Failure to file such a motion by this date shall constitute a waiver of (1) any objection that the expert is not qualified to render expert testimony, and/or (2) any objection that any opinion of the expert should be excluded under Ariz.R.Evid. 702.

### **Miscellaneous Issues**:

All court proceedings are recorded digitally and not by a court reporter. Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding. The fee is $140 for up to three hours and $280 for any hearing in excess of three hours. This fee does not include preparation of transcripts.

Should you want an unofficial copy of the proceedings, the parties or counsel may request a CD of the proceedings for a $30.00 charge. If a CD is requested, please obtain a form from the Self Service Center to request a daily copy of a court hearing or trial proceeding being conducted.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                    08/23/2022

Pay the applicable fee **at the Self Service Center**.  Attach the receipt showing payment of the fee and present both the receipt and the form to the bailiff.  **For copies of hearings or trial proceedings recorded previously, please call Electronic Records Services at 602-506-7100**.

Requests for interpreters, court reporters or video conference must be made at least two weeks prior to your hearing date.

Oral Argument/Trial time will be divided equally between Plaintiff and Defendant.

If you are not familiar with this division's electronic equipment, please make an appointment with this division's bailiff, Tomi Polvorosa, via email at tomi.polvorosa@jbazmc.maricopa.gov, to test the equipment at least one week prior to your hearing.

Preferred communication with this division is via email to the judicial assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov.  We are able to respond much quicker to an email.  Please make sure you endorse all parties involved in the case.

All inquiries regarding exhibit procedures should be directed to this division's courtroom clerk at **(602) 506-1375**.

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
10/10/2022 1:01:10 PM
Filing ID 14966351

1

**QUARLES & BRADY LLP**
Firm State Bar No. 00443100

2

Renaissance One
Two North Central Avenue

3

Phoenix, AZ  85004-2391
TELEPHONE 602.229.5200

4

5

Eric B. Johnson (#020512)
eric.johnson@quarles.com

6

Catherine Allen (#024697)
Catherine.Allen@quarles.com

7

*Attorneys for Defendant Tyco Fire Products LP*

8

9

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

10

IN AND FOR THE COUNTY OF MARICOPA

11

12

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH, | NO. CV2022-000124 |
| Plaintiffs, | **STIPULATION AND JOINT MOTION TO AMEND SCHEDULING ORDER** |
| v. | |
| TYCO FIRE PRODUCTS LP and MATLICK ENTERPRISES, INC., | |
| Defendants. | |

13

14

15

16

17

18

    Plaintiffs Matthew Grosch and Shelagh Grosch (collectively, the "Plaintiffs"),

19

defendant Tyco Fire Products LP ("Tyco"), and defendant Matlick Enterprises, Inc.

20

("Matlick" and, collectively with the Plaintiffs and Tyco, the "Parties") hereby agree and

21

respectfully request that the Court enter an amended scheduling order that provides that any

22

motion brought for a *Daubert* hearing or brought under Ariz. R. Evid. 702, shall be filed on

23

or before **September 1, 2023**.

24

    Pursuant to the Minute Entry/Order setting a Telephonic Trial Scheduling

25

Conference and other deadlines, the current deadline to file a motion brought for a *Daubert*

26

hearing or brought under Ariz. R. Evid. 702 is 120 days before the Final Trial Management

27

Conference, i.e., on or before May 24, 2023.  The deadline for expert witness depositions,

28

however, is June 1, 2023.  Accordingly, the Parties believe that good cause exists to extend

1   the foregoing deadline to September 1, 2023 and respectfully request that the Court enter

2   the proposed amended scheduling order submitted herewith.

3           RESPECTFULLY SUBMITTED this 10th day of October, 2022.

4

5   **QUARLES & BRADY** LLP                    **O'STEEN & HARRISON, PLC**
    Two North Central Avenue                  Lincoln Combs
6   Phoenix, AZ 85004-2391                     300 W. Clarendon Avenue, Suite 400
                                               Phoenix, Arizona 85013-3424
7   By */s/ Catherine Allen*
                                               **-and-**
8       Eric B. Johnson
        Catherine Allen                        **FISHMAN HAYGOOD LLP**
9   *Attorneys for Defendant Tyco Fire Products LP*   201 St. Charles Ave., Floor 46
                                               New Orleans, LA 70170
10  **RESNICK & LOUIS PC**

11  8111 E. Indian Bend Rd.
    Scottsdale, Arizona 85250
12                                             */s/ Danielle Teutonico*

13  By   */s/ Ellen S. Levy**                  Kerry Miller
                                               Jason W. Burge (*pro hac vice*)
14      Ellen S. Levy                          Danielle Teutonico (*pro hac vice*)
        *Attorney for Defendant Matlick*
15      *Enterprises, Inc.*

16

17  * Signed by Catherine Allen on behalf of and
    with the express permission of identified
18  attorney

19

20

21

22

23

24

25

26

27

28

                                   - 2 -

1    **E-FILED** with the Clerk of the Court
     this 10th day of October, 2022, and
2

3    **COPY** of the foregoing e-mailed
     this 10th day of October, 2022 to:
4

5    Lincoln Combs (025080)
     O'STEEN & HARRISON, PLC
6    300 W. Clarendon Avenue, Suite 400
     Phoenix, Arizona 85013-3424
7    lcombs@vanosteen.com

8    Kerry Miller
     Jason W. Burge
9    Danielle Teutonico
     FISHMAN HAYGOOD LLP
10   201 St. Charles Ave., Floor 46
     New Orleans, Louisiana 70170
11   kmiller@fishmanhaygood.com
     jburge@fishmanhaygood.com
12   dteutonico@fishmanhaygood.com
13   *Counsel for Plaintiffs*

14   Ellen S. Levy
     RESNICK & LOUIS PC
15   8111 E. Indian Bend Rd.
     Scottsdale, Arizona 85250
16   elevy@rlattorneys.com
     *Counsel for Matlick Enterprises, Inc.*
17

18   /s/ Iesha Meza

19

20

21

22

23

24

25

26

27

28

QB\510241.00095\74858605.1

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
11/10/2022 11:33:06 AM
Filing ID 15115144

1

2

Quarles & Brady LLP
Renaissance One
Two North Central Avenue, Suite 600
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

3

4   Eric B. Johnson (#020512)
    eric.johnson@quarles.com
5   Catherine Allen (#024697)
    Catherine.Allen@quarles.com
6
    *Attorneys for Defendant Tyco Fire Products LP*

7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                   IN AND FOR THE COUNTY OF MARICOPA

10

11  MATTHEW GROSCH and SHELAGH          No. CV2022-000124
    GROSCH,
12                                       **SECOND STIPULATION AND**
                 Plaintiffs,             **JOINT MOTION TO AMEND**
13                                       **SCHEDULING ORDER**
          v.
14
    TYCO FIRE PRODUCTS LP and
15  MATLICK ENTERPRISES, INC.,
16               Defendants.

17

18          Plaintiffs Matthew Grosch and Shelagh Grosch (collectively, the "Plaintiffs"),

    defendant Tyco Fire Products LP ("Tyco"), and defendant Matlick Enterprises, Inc.
19
    ("Matlick" and, collectively with the Plaintiffs and Tyco, the "Parties") hereby agree and
20
    respectfully request that the Court enter an amended scheduling order that extends the
21
    deadline for the parties to propound discovery to January 15, 2023.
22
            Pursuant to the existing scheduling order[1], the deadline for parties to propound
23
    discovery undertaken pursuant to Rules 33 through 36 is November 15, 2022.  On or about
24

25  ─────────────────
    [1] On October 10, 2022, the Parties submitted the Stipulation and Joint Motion to Amend
26  Scheduling Order (the "October Stipulation and Joint Motion") requesting that the Court
    enter an amended scheduling order that provides that any motion brought for a *Daubert*
27  hearing or brought under Ariz. R. Evid. 702 shall be filed on or before September 1, 2023.
    The Court has not yet ruled on the October Stipulation and Joint Motion.  The proposed
    amended scheduling order attached hereto, incorporates the change requested in the October
28  Stipulation and Joint Motion.

QB\510241.00095\76639200.2

1   August 30, 2022, Tyco served a subpoena upon the City of Phoenix Fire Department
2   ("PFD") requesting the production of certain documents by September 16, 2022.  There
3   was a delay in receiving a completed HIPAA form requested by PFD to allow the
4   production of certain of the requested documents.  The HIPAA form was transmitted to
5   PFD, but PFD has not yet produced the requested documents.  Tyco has been in
6   communication with the PFD and believes that the production is forthcoming, but has not
7   yet been provided a date certain by which the production will occur.  The Parties believe
8   that an extension of the deadline for the Parties to propound discovery undertaken pursuant
9   to Rules 33 through 36 is warranted under the circumstances, as documents produced by
10  PFD may contain information that warrants service of written discovery requests on
11  additional third parties.

12          Accordingly, the Parties respectfully request that the Court enter the proposed
13  amended scheduling order submitted herewith.

14          RESPECTFULLY SUBMITTED this 10th day of November, 2022.

15  **QUARLES & BRADY LLP**                    **O'STEEN & HARRISON, PLC**
16  Two North Central Avenue                   Lincoln Combs
    Phoenix, AZ  85004-2391                    300 W. Clarendon Avenue, Suite 400
17                                             Phoenix, Arizona 85013-3424
    By */s/ Catherine Allen*
18      Eric B. Johnson                        **-and-**
19          Catherine Allen
        *Attorneys for Defendant Tyco Fire*    **FISHMAN HAYGOOD LLP**
20      *Products LP*                          201 St. Charles Ave., Floor 46
                                               New Orleans, LA 70170
21  **RESNICK & LOUIS PC**
22  8111 E. Indian Bend Rd.
    Scottsdale, Arizona 85250                  */s/ Danielle Teutonico*
23                                             Kerry Miller
    By  */s/ Ellen S. Levy*                    Jason W. Burge (*pro hac vice*)
24      Ellen S. Levy                          Danielle Teutonico (*pro hac vice*)
25      *Attorney for Defendant Matlick*
        *Enterprises, Inc.*
26
27  * Signed by Catherine Allen on behalf of
    and with the express permission of
28  identified attorney

                                    - 2 -

1
2

**E-FILED** with the Clerk of the Court
this 10th day of November, 2022, and

3

**COPY** of the foregoing e-mailed
this 10th day of November, 2022 to:

4
5

Lincoln Combs (025080)
O'STEEN & HARRISON, PLC
300 W. Clarendon Avenue, Suite 400
Phoenix, Arizona 85013-3424
lcombs@vanosteen.com

6
7
8

Kerry Miller
Jason W. Burge
Danielle Teutonico
FISHMAN HAYGOOD LLP
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Counsel for Plaintiffs*

9
10
11
12
13
14
15

Ellen S. Levy
RESNICK & LOUIS PC
8111 E. Indian Bend Rd.
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Counsel for Matlick Enterprises, Inc.*

16
17
18

/s/ Iesha Meza

19
20
21
22
23
24
25
26
27
28

- 3 -

Clerk of the Superior Court
*** Electronically Filed ***
11/15/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                            11/14/2022

                                                 CLERK OF THE COURT
HONORABLE JOHN R. HANNAH JR                            A. Walker
                                                       Deputy


MATTHEW GROSCH, et al.                   LINCOLN COMBS

v.

TYCO FIRE PRODUCTS L P, et al.           ERIC B JOHNSON


                                         ELLEN S LEVY
                                         JUDGE HANNAH


TELEPHONIC TRIAL SCHEDULING CONFERENCE SET


Pursuant to the parties' Scheduling Order electronically filed and granted by the Court,

**IT IS ORDERED** setting a **Telephonic Trial Scheduling Conference** for the purpose of assigning a trial date on **September 21, 2023 at 8:45 a.m. (time allotted: 15 minutes)** in this division, before:

HONORABLE JUDGE JOHN HANNAH
MARICOPA COUNTY SUPERIOR COURT
EAST COURT BUILDING
101 W. JEFFERSON
8TH FLOOR, COURTROOM 811
PHOENIX, AZ  85003
602-372-0759

Docket Code 026                    Form V000A                    Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                          11/14/2022

Counsel/parties shall have their trial calendars available for the conference.

The Court is utilizing a virtual platform called Court Connect for online hearings. An auto-generated e-mail with a link to the online "courtroom" has been sent to local counsel of record, who should forward it to co-counsel, clients or client representatives, and others who will participate in the hearing. You may forward the link to anyone who wants to attend the hearing, but please advise the Court if you expect more than a few spectators so that we can make any technical adjustments that may be necessary. If for some reason you did not receive the e-mail, please advise the Court. The hearing may also be joined using the following link: tinyurl.com/jbazmc-cvj07; or appearances may be made by telephone, by calling 1-917-781-4590,      conference      ID      759-563-74#.      For      further      information,      please visit: https://superiorcourt.maricopa.gov/court-connect/

The physical courtroom (Courtroom 811, East Court Building, 101 W, Jefferson, Phoenix, AZ) is open and accessible for most hearings. Attorneys and parties may choose to appear in person; and spectators are always welcome in the courtroom at public hearings. If an in-person appearance at a scheduled online hearing is anticipated, we ask as a courtesy that you let us know in advance so we can ensure that the appearance is accommodated.

**PRETRIAL ORDERS**

The Court having been assigned to this case, the parties shall make note of the pretrial orders identified below. To the extent that the orders are inconsistent with any order that has been entered in this matter, including any scheduling order, this minute entry controls and the inconsistent language in any such previous order is vacated.

**Discovery Disputes**:

If a discovery dispute needs judicial intervention, the parties must first comply with Rule 37's meet and confer provision. Absent resolution, counsel for the movant shall email the Court's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and all other counsel to advise them of his/her request for a telephonic hearing. Each party shall thereafter email the Court's Judicial Assistant a three-page summary of the dispute with each party entitled to submit one and one-half pages of that text, pursuant to Rule 26(d)(2). Please make certain all parties are copied on the email. The emails will be filed with the clerk. Once the Court receives a summary from each party **and** a certification of compliance with Rule 37, the judicial assistant will email the parties to schedule a telephonic conference with the judge.

**Motion Practice:**

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                    11/14/2022

Do **not** combine pleadings. (Responses, replies, cross motions, etc., should each be filed as a separate pleading).

A proposed order/judgment must be attached as a Word doc. using the proper turbo court code. All stipulations, joint scheduling reports, unopposed motions, etc., MUST contain a proposed order. If your system is not allowing you to attach a Word order, you must email a copy to this division's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and she can attach it on our end.

ALL motions are held for a briefing period. If you need a determination sooner than a normal briefing period would allow, please do the following: 1. Speak with opposing counsel to make certain if they have an objection. If there is no objection, file a stipulation. 2. E-file the motion and email the filed document in Word format to the judicial assistant and opposing counsel. 3. Indicate that you are asking for a shortened briefing schedule and when you need a ruling. 4. The Court will review your request and email all parties with a briefing schedule if necessary.

If the parties have agreed to an extension of time for filing responses/replies, email my judicial assistant regarding the agreement. Otherwise, the Court may assume that no responses/replies will be filed and rule without the benefit of the response/reply.

Unless another order in this cause establishes a date-certain deadline, the deadline for filing a summary judgment motion is **120 days before the trial management conference**. The parties are limited to filing **one** motion for summary judgment. No modification, including a stipulated modification, of this deadline and filing limit will be honored absent a motion explaining why the deadline or filing limit is impractical in the circumstances.

**Motions *in Limine*:**

The granting or denial of a motion *in limine* turns on whether the admission of evidence reaches the level of reversible error or a mistrial. Motions *in limine* are not granted "except upon a clear showing of non-admissibility." The parties shall not file motions denominated as "*in limine*" that are, in substance, late-filed motions for summary judgment. The number of motions *in limine* is limited to four (4) per side.

**1. Page Limit and Format**: Neither the motion *in limine* nor the response may exceed **three pages**, including the caption. Showing that the motion has merit should not require more than that. Motions *in limine* shall be consecutively numbered in the caption identifying the party filing it and the subject of the motion; e.g. "Defendant's Motion in *Limine* No. 1 Re: Insurance

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                              11/14/2022

Agreement," and shall deal with one discrete subject per motion.  Do not respond to more than one motion in *limine* in each response.

Any motion *in limine* or response to such a motion should begin with a simple declarative sentence that identifies the evidence that is the subject of the motion, with the understanding that the broader the scope of the evidence to be excluded, the less likely it is that a motion *in limine* will be granted.   The remainder of the motion or response should then explain why a mistrial or reversible error would or would not result if the motion is denied, with citations to authority that have reached the same conclusion in the same or similar circumstances (this also applies to motions *in limine* based on any failure to disclose, keeping in mind that nondisclosure implicates Ariz. R. Civ. P. 37(c)).   If the motion is unable to explain why its denial would result in a mistrial or reversible error, the remainder should then demonstrate persuasively what efficiency, economy, or other benefit is to be gained by granting the motion.

**2.  Rule 7.2**:  Motions *in limine* shall be filed in accordance with Ariz.R.Civ.P. 7.2.  Prior to filing any motion *in limine*, the parties through counsel must meet and confer to attempt to resolve issues to be raised by such motions, and any motions *in limine* must include a certification that counsel have so conferred.

**3.  Deadlines**:  The deadline for motions *in limine* is **30 days** before the final pretrial management conference.  In both instances, responses must be filed **15 days** after service, and no replies should be filed unless requested.

**4.  Under Advisement**:  Although motions *in limine* will be considered as quickly as the court's schedule permits, they will not be taken under advisement any sooner than 15 days before the start of the trial, regardless of when they are filed.  If the parties believe that a ruling on such a motion early in the case will facilitate settlement, they should notify this division (by telephone at **602-506-4791** or e-mail to the judicial assistant) and every effort will be made to decide the issue as soon as time allows.

***Daubert* Motions**:

Any motion brought for a *Daubert* hearing or brought under Ariz.R.Evid. 702, shall be filed at least **120 days** before the Final Trial Management Conference.  Failure to file such a motion by this date shall constitute a waiver of (1) any objection that the expert is not qualified to render expert testimony, and/or (2) any objection that any opinion of the expert should be excluded under Ariz.R.Evid. 702.

**Miscellaneous Issues**:

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                          11/14/2022

All court proceedings are recorded digitally and not by a court reporter.  Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding.  The fee is $140 for up to three hours and $280 for any hearing in excess of three hours.  This fee does not include preparation of transcripts.

Should you want an unofficial copy of the proceedings, the parties or counsel may request a CD of the proceedings for a $30.00 charge.  If a CD is requested, please obtain a form from the Self Service Center to request a daily copy of a court hearing or trial proceeding being conducted. Pay the applicable fee **at the Self Service Center**.  Attach the receipt showing payment of the fee and present both the receipt and the form to the bailiff.  **For copies of hearings or trial proceedings recorded previously, please call Electronic Records Services at 602-506-7100**.

Requests for interpreters, court reporters or video conference must be made at least two weeks prior to your hearing date.

Oral Argument/Trial time will be divided equally between Plaintiff and Defendant.

If you are not familiar with this division's electronic equipment, please make an appointment with this division's bailiff, Tomi Polvorosa, via email at tomi.polvorosa@jbazmc.maricopa.gov, to test the equipment at least one week prior to your hearing.

Preferred communication with this division is via email to the judicial assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov.  We are able to respond much quicker to an email.  Please make sure you endorse all parties involved in the case.

All inquiries regarding exhibit procedures should be directed to this division's courtroom clerk at **(602) 506-1375**.

Granted with Modifications
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
11/15/2022 8:00:00 AM
Filing ID 15120450

1
QUARLES & BRADY LLP
Firm State Bar No. 00443100

2
Renaissance One

3
Two North Central Avenue
Phoenix, AZ  85004-2391

4
TELEPHONE 602.229.5200

5
Eric B. Johnson (#020512)
eric.johnson@quarles.com

6
Catherine Allen (#024697)

7
Catherine.Allen@quarles.com

8
*Attorneys for Defendant Tyco Fire Products LP*

9
**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10
**IN AND FOR THE COUNTY OF MARICOPA**

11
MATTHEW GROSCH and SHELAGH
GROSCH

12

13
Plaintiffs,

14
v.

15
TYCO FIRE PRODUCTS, LP and MATLICK
ENTERPRISES, INC.

16

17
Defendants.

No.  CV2022-000124

**AMENDED SCHEDULING
ORDER**

(Assigned to the Hon. John Hannah)

18

19
UPON CONSIDERATION of the Parties' Proposed Scheduling Order, the Court

orders as follows:

20
1.     **INITIAL DISCLOSURE:** The Parties have already exchanged Initial Disclosure

21
Statements.

22
2.     **EXPERT WITNESS DISCLOSURE:**  Plaintiff shall disclose the identity and

23
opinions of experts by March 17, 2023. Defendants shall disclose the identity and

24

25

opinions of their experts by May 1, 2023. Any rebuttal experts' opinions will be disclosed by May 31, 2023.

3. **LAY (NON-EXPERT) WITNESS DISCLOSURE:** The parties shall disclose lay witnesses by October 17, 2022 with ongoing disclosures per the rules and final disclosures as stated herein.

4. **FINAL SUPPLEMENTAL DISCLOSURE:** Each party shall provide final supplemental disclosures, including final supplementation of witnesses, exhibits, disclosure statements, discovery responses, and medical literature to be used at trial, whether for use on direct examination, cross-examination, or otherwise by June 14, 2023. This order does not replace the parties' obligation to seasonably disclose Rule 26.1 information on an ongoing basis and as it becomes available. **No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except under order of the Court for good cause shown or upon a written or an on-the-record agreement of the parties.**

5. **DISCOVERY DEADLINES:**

   A. The parties will propound discovery undertaken pursuant to Rules 33 through 36 by November 15, 2022.

   B. The parties will complete the depositions of parties by January 20, 2023.

   C. The parties will complete the depositions of lay witnesses by February 28, 2023.

   D. The parties will complete the depositions of expert witnesses by June 30, 2023.

E.  The parties will complete all other discovery by July 17, 2023 ("Complete discovery" includes conclusion of all depositions and supplementations of responses to written discovery).

6.   **PRIVATE MEDIATION:**  The parties agree to a private mediation by August 2, 2023.

7.   ***DAUBERT* MOTIONS:**  Any motion for a *Daubert* hearing or brought under Ariz. R. Evid. 702, shall be filed by **September 1, 2023**.  Failure to file such a motion by this date shall constitute a waiver of (1) any objection that the expert is not qualified to render expert testimony, and/or (2) any objection that any opinion of the expert should be excluded under Ariz. R. Evid. 702.

8.   **DISPOSITIVE MOTIONS AND TRIAL:**

A.  The parties shall file all dispositive motions by September 1, 2023.

B.  The parties propose a trial-ready date of November 15, 2023.

C.  The parties believe the trial will last seven (7) days.

9.   **TRIAL SETTING CONFERENCE:**

A.  On   **September 21, 2023 @ 8:45 a.m.**  ,   the Court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

10.   The Court is utilizing a virtual platform called Court Connect for online hearings.  An auto-generated e-mail with a link to the online "courtroom" has been sent to local counsel of record, who should forward it to co-counsel, clients or client representatives, and others who will participate in the hearing.  You may forward the link to anyone who wants to attend the hearing, but please advise the Court if you expect more than a few spectators so that we can make any technical adjustments that may be necessary.  If for

3

some reason you did not receive the e-mail, please advise the Court.  The

hearing may also be joined using the following link:  tinyurl.com/jbazmc-

cvj07; or appearances may be made by telephone, by calling 1-917-781-4590,

conference ID 759-563-74#.  For further information, please visit:

https://superiorcourt.maricopa.gov/court-connect/

11.    The physical courtroom (Courtroom 811, East Court Building, 101 W,

Jefferson, Phoenix, AZ) is open and accessible for most hearings.  Attorneys

and parties may choose to appear in person; and spectators are always

welcome in the courtroom at public hearings.  If an in-person appearance at a

scheduled online hearing is anticipated, we ask as a courtesy that you let us

know in advance so we can ensure that the appearance is accommodated.

12.    **FIRM DATES:**

A. No stipulation of the parties that alters a filing deadline or a hearing date

contained in this scheduling order will be effective without an order of this

Court approving the stipulation.

B. Dates set forth in this order that govern court filings or hearings are firm

dates, and may be modified only with this Court's consent and for good

cause.

C. This Court ordinarily will not consider a lack of preparation good cause.

13.    **FURTHER ORDERS:**  The court further orders as follows:

Date: _____          _____

Judge of the Superior Court

# eSignature Page 1 of 1

Filing ID: 15120450   Case Number: CV2022-000124
Original Filing ID: 14966351

**Granted with Modifications**



/S/ John Hannah Date: 11/11/2022

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2022-000124                SIGNATURE DATE: 11/11/2022

E-FILING ID #: 15120450                        FILED DATE: 11/15/2022 8:00:00 AM

ELLEN S LEVY

ERIC B JOHNSON

LINCOLN COMBS

**Granted with Modifications**
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
11/29/2022 8:00:00 AM
Filing ID 15171621

Quarles & Brady LLP
Renaissance One
Two North Central Avenue, Suite 600
Phoenix, Arizona 85004-2391
TELEPHONE 602.229.5200

Eric B. Johnson (#020512)
eric.johnson@quarles.com
Catherine Allen (#024697)
Catherine.Allen@quarles.com

*Attorneys for Defendant Tyco Fire Products LP*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH, | No. CV2022-000124 |
| Plaintiffs, | |
| v. | **AMENDED SCHEDULING ORDER** |
| TYCO FIRE PRODUCTS LP and MATLICK ENTERPRISES, INC., | (Assigned to the Hon. John Hannah) |
| Defendants. | |

UPON CONSIDERATION of the Parties' Proposed Amended Scheduling Order, the Court orders as follows:

1.   **INITIAL DISCLOSURE:** The Parties have already exchanged Initial Disclosure Statements.

2.   **EXPERT WITNESS DISCLOSURE:** Plaintiff shall disclose the identity and opinions of experts by March 17, 2023. Defendants shall disclose the identity and opinions of their experts by May 1, 2023. Any rebuttal experts' opinions will be disclosed by May 31, 2023.

QB\510241.00095\76639888.1

3. **LAY (NON-EXPERT) WITNESS DISCLOSURE:**  The parties shall disclose lay witnesses by October 17, 2022 with ongoing disclosures per the rules and final disclosures as stated herein.

4. **FINAL SUPPLEMENTAL DISCLOSURE:**  Each party shall provide final supplemental disclosures, including final supplementation of witnesses, exhibits, disclosure statements, discovery responses, and medical literature to be used at trial, whether for use on direct examination, cross-examination, or otherwise by June 14, 2023. This order does not replace the parties' obligation to seasonably disclose Rule 26.1 information on an ongoing basis and as it becomes available.

   **No party shall use any lay witness, expert witness, expert opinion, or exhibit at trial not disclosed in a timely manner, except under order of the Court for good cause shown or upon a written or an on-the-record agreement of the parties.**

5. **DISCOVERY DEADLINES:**

   A. The parties will propound discovery undertaken pursuant to Rules 33 through 36 by January 15, 2023.

   B. The parties will complete the depositions of parties by January 20, 2023.

   C. The parties will complete the depositions of lay witnesses by February 28, 2023.

   D. The parties will complete the depositions of expert witnesses by June 30, 2023.

   E. The parties will complete all other discovery by July 17, 2023 ("Complete discovery" includes conclusion of all depositions and supplementations of responses to written discovery).

2

QB\510241.00095\76639888.1

6.     **PRIVATE MEDIATION:** The parties agree to a private mediation by August 2, 2023.

7.     ***DAUBERT* MOTIONS:** Any motion for a *Daubert* hearing or brought under Ariz. R. Evid. 702, shall be filed by **September 1, 2023**.  Failure to file such a motion by this date shall constitute a waiver of (1) any objection that the expert is not qualified to render expert testimony, and/or (2) any objection that any opinion of the expert should be excluded under Ariz. R. Evid. 702.

8.     **DISPOSITIVE MOTIONS AND TRIAL:**

   A. The parties shall file all dispositive motions by September 1, 2023.

   B. The parties propose a trial-ready date of November 15, 2023.

   C. The parties believe the trial will last seven (7) days.

9.     **TRIAL SETTING CONFERENCE**:

   A. On  **October 3, 2023, at    8:45       a.m.,**  the Court will conduct a telephonic trial setting conference. Attorneys and self-represented parties shall have their calendars available for the conference.

   B. The Court is utilizing a virtual platform called Court Connect for online hearings.  An auto-generated e-mail with a link to the online "courtroom" has been sent to local counsel of record, who should forward it to co-counsel, clients or client representatives, and others who will participate in the hearing.  You may forward the link to anyone who wants to attend the hearing, but please advise the Court if you expect more than a few spectators so that we can make any technical adjustments that may be necessary.  If for some reason you did not receive the e-mail, please advise the Court.  The hearing may also be joined using the following link:  tinyurl.com/jbazmc-cvj07; or appearances may be made by telephone,

3

by calling 1-917-781-4590, conference ID 759-563-74#. For further information, please visit: https://superiorcourt.maricopa.gov/court-

10. **FIRM DATES:**

    A. No stipulation of the parties that alters a filing deadline or a hearing date contained in this scheduling order will be effective without an order of this Court approving the stipulation.

    B. Dates set forth in this order that govern court filings or hearings are firm dates, and may be modified only with this Court's consent and for good cause.

    C. This Court ordinarily will not consider a lack of preparation good cause.

11. **FURTHER ORDERS:** The court further orders as follows:

Date: _____          _____

                                        Judge of the Superior Court

4

# eSignature Page 1 of 1

Filing ID: 15171621   Case Number: CV2022-000124
Original Filing ID: 15115144

**Granted with Modifications**

 /S/ John Hannah Date: 11/23/2022

Judicial Officer of Superior Court

## ENDORSEMENT PAGE

CASE NUMBER: CV2022-000124

E-FILING ID #: 15171621

SIGNATURE DATE: 11/23/2022

FILED DATE: 11/29/2022 8:00:00 AM

ELLEN S LEVY

ERIC B JOHNSON

LINCOLN COMBS

Clerk of the Superior Court
*** Electronically Filed ***
11/29/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                              11/28/2022

                                              CLERK OF THE COURT
HONORABLE JOHN R. HANNAH JR                          A. Walker
                                                      Deputy

MATTHEW GROSCH, et al.                    LINCOLN COMBS

v.

TYCO FIRE PRODUCTS L P, et al.            ERIC B JOHNSON

                                          ELLEN S LEVY
                                          JUDGE HANNAH

TELEPHONIC TRIAL SCHEDULING CONFERENCE RESET

     In light of the parties' Stipulation to Extend Deadlines,

     **IT IS ORDERED** vacating the Telephonic Trial Scheduling Conference on September 21,
2023 at 8:45 a.m. and resetting same to **October 3, 2023 at 8:45 a.m. (time allotted: 15 minutes)**
in this division.

                    HONORABLE JUDGE JOHN HANNAH
                    MARICOPA COUNTY SUPERIOR COURT
                         EAST COURT BUILDING
                            101 W. JEFFERSON
                       8TH FLOOR, COURTROOM 811
                          PHOENIX, AZ  85003
                             602-372-0759

Docket Code 083                   Form V000A                        Page 1

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                                    11/28/2022

Counsel/parties shall have their trial calendars available for the conference.

The Court is utilizing a virtual platform called Court Connect for online hearings.  An auto-generated e-mail with a link to the online "courtroom" has been sent to local counsel of record, who should forward it to co-counsel, clients or client representatives, and others who will participate in the hearing.  You may forward the link to anyone who wants to attend the hearing, but please advise the Court if you expect more than a few spectators so that we can make any technical adjustments that may be necessary.  If for some reason you did not receive the e-mail, please advise the Court.  The hearing may also be joined using the following link:  tinyurl.com/jbazmc-cvj07; or appearances may be made by telephone, by calling 1-917-781-4590,     conference     ID     759-563-74#.     For     further     information,     please visit:  https://superiorcourt.maricopa.gov/court-connect/

The physical courtroom (Courtroom 811, East Court Building, 101 W, Jefferson, Phoenix, AZ) is open and accessible for most hearings.  Attorneys and parties may choose to appear in person; and spectators are always welcome in the courtroom at public hearings.  If an in-person appearance at a scheduled online hearing is anticipated, we ask as a courtesy that you let us know in advance so we can ensure that the appearance is accommodated.

## PRETRIAL ORDERS

The Court having been assigned to this case, the parties shall make note of the pretrial orders identified below.  To the extent that the orders are inconsistent with any order that has been entered in this matter, including any scheduling order, this minute entry controls and the inconsistent language in any such previous order is vacated.

**Discovery Disputes**:

If a discovery dispute needs judicial intervention, the parties must first comply with Rule 37's meet and confer provision.  Absent resolution, counsel for the movant shall email the Court's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and all other counsel to advise them of his/her request for a telephonic hearing.  Each party shall thereafter email the Court's Judicial Assistant a three-page summary of the dispute with each party entitled to submit one and one-half pages of that text, pursuant to Rule 26(d)(2).  Please make certain all parties are copied on the email.  The emails will be filed with the clerk.  Once the Court receives a summary from each party **and** a certification of compliance with Rule 37, the judicial assistant will email the parties to schedule a telephonic conference with the judge.

**Motion Practice**:

Docket Code 083                          Form V000A                          Page 2

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                          11/28/2022

Do **not** combine pleadings. (Responses, replies, cross motions, etc., should each be filed as a separate pleading).

A proposed order/judgment must be attached as a Word doc. using the proper turbo court code. All stipulations, joint scheduling reports, unopposed motions, etc., MUST contain a proposed order. If your system is not allowing you to attach a Word order, you must email a copy to this division's Judicial Assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov, and she can attach it on our end.

ALL motions are held for a briefing period. If you need a determination sooner than a normal briefing period would allow, please do the following: 1. Speak with opposing counsel to make certain if they have an objection. If there is no objection, file a stipulation. 2. E-file the motion and email the filed document in Word format to the judicial assistant and opposing counsel. 3. Indicate that you are asking for a shortened briefing schedule and when you need a ruling. 4. The Court will review your request and email all parties with a briefing schedule if necessary.

If the parties have agreed to an extension of time for filing responses/replies, email my judicial assistant regarding the agreement. Otherwise, the Court may assume that no responses/replies will be filed and rule without the benefit of the response/reply.

Unless another order in this cause establishes a date-certain deadline, the deadline for filing a summary judgment motion is **120 days before the trial management conference**. The parties are limited to filing **one** motion for summary judgment. No modification, including a stipulated modification, of this deadline and filing limit will be honored absent a motion explaining why the deadline or filing limit is impractical in the circumstances.

### Motions *in Limine*:

The granting or denial of a motion *in limine* turns on whether the admission of evidence reaches the level of reversible error or a mistrial. Motions *in limine* are not granted "except upon a clear showing of non-admissibility." The parties shall not file motions denominated as "*in limine*" that are, in substance, late-filed motions for summary judgment.

**1. Page Limit and Format**: Neither the motion *in limine* nor the response may exceed **three pages**, including the caption. Showing that the motion has merit should not require more than that. Motions *in limine* shall be consecutively numbered in the caption identifying the party filing it and the subject of the motion; e.g. "Defendant's Motion in *Limine* No. 1 Re: Insurance Agreement," and shall deal with one discrete subject per motion. Do not respond to more than one motion in *limine* in each response.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                                    11/28/2022

Any motion *in limine* or response to such a motion should begin with a simple declarative sentence that identifies the evidence that is the subject of the motion, with the understanding that the broader the scope of the evidence to be excluded, the less likely it is that a motion *in limine* will be granted.   The remainder of the motion or response should then explain why a mistrial or reversible error would or would not result if the motion is denied, with citations to authority that have reached the same conclusion in the same or similar circumstances (this also applies to motions *in limine* based on any failure to disclose, keeping in mind that nondisclosure implicates Ariz. R. Civ. P. 37(c)).   If the motion is unable to explain why its denial would result in a mistrial or reversible error, the remainder should then demonstrate persuasively what efficiency, economy, or other benefit is to be gained by granting the motion.

**2. Rule 7.2**:  Motions *in limine* shall be filed in accordance with Ariz.R.Civ.P. 7.2.  Prior to filing any motion *in limine*, the parties through counsel must meet and confer to attempt to resolve issues to be raised by such motions, and any motions *in limine* must include a certification that counsel have so conferred.

**3. Deadlines**:  The deadline for motions *in limine* is **14 days** before the final pretrial management conference.  In both instances, responses must be filed **7 days** after service, and no replies should be filed unless requested.

**4. Under Advisement**:  Although motions *in limine* will be considered as quickly as the court's schedule permits, they will not be taken under advisement any sooner than 15 days before the start of the trial, regardless of when they are filed.  If the parties believe that a ruling on such a motion early in the case will facilitate settlement, they should notify this division (by telephone at **602-372-0759** or e-mail to the judicial assistant) and every effort will be made to decide the issue as soon as time allows.

### ***Daubert* Motions**:

Any motion brought for a *Daubert* hearing or brought under Ariz.R.Evid. 702, shall be filed at least **120 days** before the Final Trial Management Conference).  Failure to file such a motion by this date shall constitute a waiver of (1) any objection that the expert is not qualified to render expert testimony, and/or (2) any objection that any opinion of the expert should be excluded under Ariz.R.Evid. 702.

### **Miscellaneous Issues**:

All court proceedings are recorded digitally and not by a court reporter.  Pursuant to Local Rule 2.22, if a party desires a court reporter for any proceeding in which a court reporter is not mandated by Arizona Supreme Court Rule 30, the party must submit a written request to the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                     11/28/2022

assigned judicial officer at least ten (10) judicial days in advance of the hearing, and must pay the authorized fee to the Clerk of the Court at least two (2) judicial days before the proceeding.  The fee is $140 for up to three hours and $280 for any hearing in excess of three hours.  This fee does not include preparation of transcripts.

Should you want an unofficial copy of the proceedings, the parties or counsel may request a CD of the proceedings for a $30.00 charge.  If a CD is requested, please obtain a form from the Self Service Center to request a daily copy of a court hearing or trial proceeding being conducted. Pay the applicable fee **at the Self Service Center**.  Attach the receipt showing payment of the fee and present both the receipt and the form to the bailiff.  **For copies of hearings or trial proceedings recorded previously, please call Electronic Records Services at 602-506-7100**.

Requests for interpreters, court reporters or video conference must be made at least two weeks prior to your hearing date.

Oral Argument/Trial time will be divided equally between Plaintiff and Defendant.

If you are not familiar with this division's electronic equipment, please make an appointment with this division's bailiff, Tomi Polvorosa, via email at tomi.polvorosa@jbazmc.maricopa.gov, to test the equipment at least one week prior to your hearing.

Preferred communication with this division is via email to the judicial assistant, Gail Cody, at gail.cody@jbazmc.maricopa.gov.  We are able to respond much quicker to an email.  Please make sure you endorse all parties involved in the case.

All inquiries regarding exhibit procedures should be directed to this division's courtroom clerk at **(602) 506-1375**.



Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
12/12/2022 2:11:01 PM
Filing ID 15253782

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **STIPULATED MOTION FOR PROTECTIVE ORDER** |
| v. | |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | (Assigned to the Hon. John Hannah) |
| Defendants. | |

Plaintiffs, Matthew and Shelagh Grosch (collectively, "Plaintiffs") and Defendants, Tyco Fire Products, LP and Matlick Enterprises, Inc. (collectively, "Defendants") stipulate and jointly move for entry of the attached Protective Order. A form of order is submitted herewith.

DATED this 12th day of December, 2022.

O'STEEN &HARRISON
ATTORNEYS AT LAW

**O'STEEN & HARRISON, PLC**

_____
Lincoln Combs

**FISHMAN HAYGOOD LLP**

*/s/ Danielle Teutonico* (with permission)
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiff*

**QUARLES & BRADY LLP**

*/s/ Catherine Allen* (with permission)
Eric Johnson
Catherine Allen
*Counsel for Tyco Fire Products LP*

**RESNICK & LOUIS PC**

*/s/ Ellen Levy* (with permission)
Ellen Levy
*Counsel for Matlick Enterprises, Inc.*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 12 day of December, 2022.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
kmiller@fishmanhaygood.com



jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorneys for Defendant Matlick Enterprises, Inc.*

Eric B. Johnson
Catherine Allen
**QUARLES & BRADY LLP**
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391
eric.johnson@quarles.com
Catherine.Allen@quarles.com
*Attorneys for Defendant Tyco Fire Products LP*


By */s/ Donna Avilez*



Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
12/12/2022 2:11:01 PM
Filing ID 15253782

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **STIPULATED MOTION FOR PROTECTIVE ORDER** |
| v. | |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | (Assigned to the Hon. John Hannah) |
| Defendants. | |

Plaintiffs, Matthew and Shelagh Grosch (collectively, "Plaintiffs") and Defendants, Tyco Fire Products, LP and Matlick Enterprises, Inc. (collectively, "Defendants") stipulate and jointly move for entry of the attached Protective Order. A form of order is submitted herewith.

DATED this 12th day of December, 2022.

O'STEEN & HARRISON
ATTORNEYS AT LAW

**O'STEEN & HARRISON, PLC**

_____
Lincoln Combs

**FISHMAN HAYGOOD LLP**

_/s/ Danielle Teutonico_ (with permission)
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
_Attorneys for Plaintiff_

**QUARLES & BRADY LLP**

_/s/ Catherine Allen_ (with permission)
Eric Johnson
Catherine Allen
_Counsel for Tyco Fire Products LP_

**RESNICK & LOUIS PC**

_/s/ Ellen Levy_ (with permission)
Ellen Levy
_Counsel for Matlick Enterprises, Inc._

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 12 day of December, 2022.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, _pro hac vice pending_
Jason W. Burge, _pro hac vice pending_
Danielle Teutonico, _pro hac vice pending_
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
kmiller@fishmanhaygood.com



jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorneys for Defendant Matlick Enterprises, Inc.*

Eric B. Johnson
Catherine Allen
**QUARLES & BRADY LLP**
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391
eric.johnson@quarles.com
Catherine.Allen@quarles.com
*Attorneys for Defendant Tyco Fire Products LP*

By /s/ *Donna Avilez*

Clerk of the Superior Court
*** Electronically Filed ***
12/15/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2022-000124                                     12/14/2022

HONORABLE PAULA A. WILLIAMS                CLERK OF THE COURT
FOR HONORABLE JOHN R. HANNAH JR                 A. Walker
                                                  Deputy

MATTHEW GROSCH, et al.          LINCOLN COMBS

v.

TYCO FIRE PRODUCTS L P, et al.  ERIC B JOHNSON


                                ELLEN S LEVY
                                COMM. P. WILLIAMS
                                JUDGE HANNAH


ORDER SIGNED

**LET THE RECORD REFLECT** this matter is temporarily reassigned to Commissioner Paula Williams in Judge Hannah's absence.

The Court has received the parties' Stipulated Motion for Protective Order, electronically filed on December 12, 2022,

**IT IS ORDERED** approving/granting Stipulated Motion for Protective Order, filed December 12, 2022, all in accordance with the formal written Order signed by the Court on December 13, 2022, and filed (entered) by the Clerk on December 14, 2022.

**Please note**: The court has signed a paper copy of the order which was originally provided electronically. After the order has been scanned and docketed by the Clerk of Court, copies of this order will be available through the ECR online at www.clerkofcourt.maricopa.gov or through www.AZTurboCourt.gov and from the Public Access Terminals at the Clerk of Court's offices located throughout Maricopa County.

Docket Code 022              Form V000A                    Page 1

| Attorney or Party without Attorney:<br>ERIC B. JOHNSON (SBN 23170)<br>QUARLES & BRADY, LLP<br>2 NORTH CENTRAL AVENUE<br>PHOENIX , AZ 85004<br>Telephone No: (602) 229-5200 | | For Court Use Only |
|---|---|---|
| Attorney For: Defendant | Ref. No. or File No.: 510241.00095 | Clerk of the Superior Court<br>*** Electronically Filed ***<br>K. Higuchi-Mason, Deputy<br>12/19/2022 12:21:59 PM<br>Filing ID 15286364 |
| Insert name of Court, and Judicial District and Branch Court:<br>MARICOPA COUNTY SUPERIOR COURT | | |
| Plaintiff: MATTHEW GROSCH AND SHELAGH GROSCH,<br>Defendant: TYCO FIRE PRODUCTS LP AND MATLICK ENTERPRISES, INC. | | |

| CERTIFICATE OF SERVICE | Hearing Date:<br>DECEMBER 30, 2022 | Time:<br>5:00 P.M. | Dept/Div: | Case Number:<br>CV2022-000124 |
|---|---|---|---|---|

1.  *At the time of service I was at least 21 years of age and not a party to this action.*

2.  I served copies of the
    CIVIL SUBPOENA DUCES TECUM FOR PRODUCTION OF DOCUMENTARY EVIDENCE OR OBJECTS OR INSPECTION OF PREMISES

3.  *a. Party served:*    INDUSTRIAL COMMISSION OF ARIZONA
    *b. Person served:*   Susan Gastelum - Admin

4.  *Address where the party was served:*    800 W. WASHINGTON STREET, PHOENIX, AZ 85007

5.  *I served the party:*
    a. by substituted service.   On: Mon, Dec 19 2022 at: 11:20 AM by leaving the copies with or in the presence of:
        Susan Gastelum - Admin , Hispanic , Female , Age: 65 , Hair: Black , Eyes: Brown , Description: Glasses Seated .

    (a) ( Person of suitable age and discretion. Informed him or her of the general nature of the papers.


    Service: $52.55, Mileage: $24.00, Certificate: $10.00, Wait: $0.00, Fees Advanced: $0.00, Total: $86.55

                                                                            I Declare under penalty of perjury under the laws of the State of
                                                                            Arizona that the foregoing is true and correct.

6.  *Person Executing:*
    *a.* Eric Henningsen MC-7129, Maricopa County
    **b. FIRST LEGAL**
       3737 North 7th. Street Suite 209
       PHOENIX, AZ 85014
    *c.* (602) 248-9700

                                        _____        _____
                                                12/19/2022
                                                 *(Date)*                      *(Signature)*


                                        **CERTIFICATE OF SERVICE**




                                                                                        *8112000 (10492717)*



Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
12/30/2022 9:09:25 AM
Filing ID 15326020

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **PLAINTIFFS' UNOPPOSED MOTION FOR CONTINUANCE OF DISCOVERY DEADLINES** |
| v. | (Assigned to the Hon. Paula A. Williams) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

Pursuant to Arizona Rule of Civil Procedure 74(F), Plaintiffs Matthew and Shelagh

Grosch, by and through undersigned counsel, hereby submit this Motion for Continuance of both

the deadline to propound discovery pursuant to Arizona Rules of Civil Procedure 33-36 and the

deadline to complete party depositions to February 28, 2023. Written discovery is still ongoing

O'STEEN & HARRISON

and due to scheduling conflicts, depositions must be scheduled for the latter half of January. Neither Tyco Fire Products, LP nor Matlick Enterprises, Inc. object to the continuance.[1]

**WHEREFORE**, based on the foregoing, Plaintiffs respectfully request that this Court grant their Motion and continue the written discovery and party deposition deadlines to February 28, 2023.

DATED this 30th day of December, 2022.

**O'STEEN & HARRISON, PLC**

Lincoln Combs

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 30th day of December, 2022.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170

---

[1] *See* **Exhibit A**, December 20, 2022 email from Ellen Levy, counsel for Matlick Enterprises, Inc., indicating Matlick does not object to the extension of the written discovery and party deposition deadlines; **Exhibit B**, December 20, 2022 email from Bob Shuaghnessy, counsel for Tyco Fire Products, LP, indicating same.

O'STEEN HARRISON
ATTORNEYS AT LAW

kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorneys for Defendant Matlick Enterprises, Inc.*

Eric B. Johnson
Catherine Allen
**QUARLES & BRADY LLP**
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391
eric.johnson@quarles.com
Catherine.Allen@quarles.com
*Attorneys for Defendant Tyco Fire Products LP*


By /s/ *Donna Avilez*

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Ellen Levy |
| **To:** | Teutonico, Danielle |
| **Subject:** | RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.) |
| **Date:** | Tuesday, December 20, 2022 11:21:43 AM |

No objection.

**From:** Teutonico, Danielle
**Sent:** Tuesday, December 20, 2022 10:14 AM
**To:** Ellen Levy <elevy@rlattorneys.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.)

Hi Ellen,

Just following up on my email below. Thanks!

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Teutonico, Danielle
**Sent:** Monday, December 19, 2022 2:51 PM
**To:** Allen, Catherine G. <Catherine.Allen@quarles.com>; Shaughnessy, Bob
<BShaughnessy@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Ellen Levy
<elevy@rlattorneys.com>; Hrom, Anna <Ahrom@wc.com>; Needham, Madison
<mneedham@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>
**Cc:** Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel
<rhamilton@fishmanhaygood.com>; lcombs@vanosteen.com; Donna Avilez
<davilez@vanosteen.com>
**Subject:** Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.)

All,

Given the fast approaching discovery deadlines, Plaintiffs propose to push all current discovery deadlines (deadline to propound discovery pursuant to Rules 33-36 and the deadline to complete party depositions) to **February 28, 2023**. Please let me know if you have any objection to this extension.

Best,

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana   70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Shaughnessy, Bob |
| **To:** | Teutonico, Danielle |
| **Cc:** | Hrom, Anna |
| **Subject:** | RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.) |
| **Date:** | Tuesday, December 20, 2022 11:47:10 AM |

Correct.  Thanks.


**Robert Shaughnessy**

**Williams & Connolly LLP**

680 Maine Avenue, S.W., Washington, DC 20024

(P) 202-434-5564 | (F) 202-434-5029

bshaughnessy@wc.com | www.wc.com


**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Tuesday, December 20, 2022 12:46 PM
**To:** Shaughnessy, Bob <BShaughnessy@wc.com>
**Cc:** Hrom, Anna <Ahrom@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.)

Bob,

Great speaking with you earlier. This is to confirm that Tyco has no objection to extending the written discovery deadline and party deposition deadline to February 28, 2023.


**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com
This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.


**From:** Shaughnessy, Bob <BShaughnessy@wc.com>
**Sent:** Monday, December 19, 2022 3:02 PM
**To:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Cc:** Hrom, Anna <Ahrom@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.)

Danielle:

Perhaps this is something we can discuss on our call tomorrow (recognizing that Matlick won't be involved in the call).

Bob Shaughnessy

**Robert Shaughnessy**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5564 | (F) 202-434-5029
bshaughnessy@wc.com | www.wc.com

**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Monday, December 19, 2022 3:51 PM
**To:** Allen, Catherine G. <Catherine.Allen@quarles.com>; Shaughnessy, Bob <BShaughnessy@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Ellen Levy <elevy@rlattorneys.com>; Hrom, Anna <Ahrom@wc.com>; Needham, Madison <mneedham@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>
**Cc:** Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; lcombs@vanosteen.com; Donna Avilez <davilez@vanosteen.com>
**Subject:** Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty.)

All,

Given the fast approaching discovery deadlines, Plaintiffs propose to push all current discovery deadlines (deadline to propound discovery pursuant to Rules 33-36 and the deadline to complete party depositions) to **February 28, 2023**. Please let me know if you have any objection to this extension.

Best,

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170

t: 504.586.5252 d:504.556.5560 f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.



Clerk of the Superior Court
*** Electronically Filed ***
Y. Moralez, Deputy
1/30/2023 12:24:59 PM
Filing ID 15466473

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **UNOPPOSED MOTION TO CONTINUE ALL DEADLINES** |
| v. | (Assigned to the Hon. Paula A. Williams) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

Pursuant to Arizona Rule of Civil Procedure 74(F), Plaintiffs Matthew and Shelagh

Grosch, by and through undersigned counsel, hereby submit this Unopposed Motion[1] to

---

[1] See Exhibit A, January 19-20 email exchange between Plaintiffs' counsel and counsel for all defendants where defense counsel stated no objection to a 90-day continuance of all deadlines.



Continue All Deadlines set forth in the current Scheduling Order by ninety (90) days. Given

Plaintiffs' Amended Complaint adding Kidde Fenwal Inc. ("Kidde Fenwal") and National Foam

Inc. ("National Foam"), the parties believe that a 90-day continuance of all deadlines is

necessary for the newly added defendants to be served and appear in this matter.

WHEREFORE, based on the foregoing, Plaintiffs respectfully request that this Court grant their

Motion and continue all deadlines in the current scheduling order by ninety (90) days.

     DATED this 30th day of January, 2023.


           **O'STEEN & HARRISON, PLC**



           _____

           Lincoln Combs

           **FISHMAN HAYGOOD LLP**
           Kerry J. Miller
           Jason W. Burge
           Danielle Teutonico
           *Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 30th day of January, 2023.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170



kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorneys for Defendant Matlick Enterprises, Inc.*

Eric B. Johnson
Catherine Allen
**QUARLES & BRADY LLP**
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391
eric.johnson@quarles.com
Catherine.Allen@quarles.com
*Attorneys for Defendant Tyco Fire Products LP*

By */s/ Donna Avilez*

# EXHIBIT "A"

| From: | Ellen Levy |
|---|---|
| To: | Shaughnessy, Bob; Teutonico, Danielle; Mendez, Chris; Johnson, Eric; Allen, Catherine G. |
| Cc: | Miller, Kerry; Burge, Jason W.; Hamilton, Rachel; Edwards, Sara; Hrom, Anna; Newkirk, Meaghan; Needham, Madison |
| Subject: | RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty |
| Date: | Friday, January 20, 2023 9:15:41 AM |

Matlick as well

**From:** Shaughnessy, Bob
**Sent:** Friday, January 20, 2023 7:38 AM
**To:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Ellen Levy <elevy@rlattorneys.com>;
Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G.
<Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>;
Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara
<sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan
<MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

That is fine with Tyco.

Bob Shaughnessy

**Robert Shaughnessy**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5564 | (F) 202-434-5029
bshaughnessy@wc.com | www.wc.com

**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Thursday, January 19, 2023 6:10 PM
**To:** Ellen Levy <elevy@rlattorneys.com>; Shaughnessy, Bob <BShaughnessy@wc.com>; Mendez,
Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G.
<Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>;
Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara
<sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan
<MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Bob and Ellen,

Would you agree to a 90-day continuance of all dates in the scheduling order?

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Ellen Levy <elevy@rlattorneys.com>
**Sent:** Thursday, January 19, 2023 2:14 PM
**To:** Shaughnessy, Bob <BShaughnessy@wc.com>; Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara <sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Agreed

**From:** Shaughnessy, Bob
**Sent:** Thursday, January 19, 2023 12:43 PM
**To:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>; Ellen Levy <elevy@rlattorneys.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara <sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Danielle:

Adding National Foam is fine with us (not that we're encouraging it).  But, as for the schedule, if NF is going to be brought into the case, won't we need more than 30 days to allow for service, them to answer and provide initial disclosures, and generally get up to where Tyco is at this point?

Bob Shaughnessy

**Robert Shaughnessy**

**Williams & Connolly LLP**

680 Maine Avenue, S.W., Washington, DC 20024

(P) 202-434-5564 | (F) 202-434-5029

bshaughnessy@wc.com | www.wc.com

**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Thursday, January 19, 2023 2:35 PM
**To:** Shaughnessy, Bob <BShaughnessy@wc.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>; Ellen Levy <elevy@rlattorneys.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara <sedwards@fishmanhaygood.com>
**Subject:** Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

All,

Pursuant to Arizona Rule of Civil Procedure 15(2), Plaintiffs would like to amend their Complaint to add National Foam, Inc. as a defendant in the above captioned matter. Please advise whether you consent to the addition of National Foam, Inc. as a defendant.

Additionally, as we have fast approaching discovery deadlines in this matter, please advise whether you consent continuing all deadlines in the current scheduling order by 30 days.

Thank you,

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.



Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
1/30/2023 12:29:03 PM
Filing ID 15466492

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| v. | (Assigned to the Hon. Paula A. Williams) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

NOW COME Plaintiffs, Matthew and Shelagh Grosch, by and through undersigned counsel and hereby submit their Unopposed Motion for Leave to File an Amended Complaint to add Defendants, Kidde Fenwal, Inc. and National Foam, Inc. pursuant to Arizona Rule of Civil Procedure 15(2). In accordance with this rule and the local rules of practice, Plaintiffs have



O'STEEN & HARRISON
ATTORNEYS AT LAW

obtained consent from all defendants in this matter to file the Amended Complaint[1], attached

hereto as Exhibit B.

THEREFORE, based on the foregoing, Plaintiffs respectfully request that this Court grant

them leave to file their Amended Complaint.

DATED this 30th day of January, 2023.

O'STEEN & HARRISON, PLC

Lincoln Combs

FISHMAN HAYGOOD LLP
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 30th day of January, 2023.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

---

[1] *See* Exhibit A, January 19-20 email exchange between Plaintiffs' counsel and counsel for all defendants where defense counsel stated no objection to the filing of an Amended Complaint.



Ellen S. Levy
**RESNICK & LOUIS, P.C.**
8111 E. Indian Bend Road
Scottsdale, Arizona 85250
elevy@rlattorneys.com
*Attorneys for Defendant Matlick Enterprises, Inc.*

Eric B. Johnson
Catherine Allen
**QUARLES & BRADY LLP**
Renaissance One, Two North Central Avenue
Phoenix, AZ 85004-2391
eric.johnson@quarles.com
Catherine.Allen@quarles.com
*Attorneys for Defendant Tyco Fire Products LP*


By /s/ *Donna Avilez*

# EXHIBIT "A"

| | |
|---|---|
| **From:** | Ellen Levy |
| **To:** | Shaughnessy, Bob; Teutonico, Danielle; Mendez, Chris; Johnson, Eric; Allen, Catherine G. |
| **Cc:** | Miller, Kerry; Burge, Jason W.; Hamilton, Rachel; Edwards, Sara; Hrom, Anna; Newkirk, Meaghan; Needham, Madison |
| **Subject:** | RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty |
| **Date:** | Friday, January 20, 2023 9:15:41 AM |

Matlick as well

**From:** Shaughnessy, Bob
**Sent:** Friday, January 20, 2023 7:38 AM
**To:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Ellen Levy <elevy@rlattorneys.com>;
Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G.
<Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>;
Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara
<sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan
<MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

That is fine with Tyco.

Bob Shaughnessy


**Robert Shaughnessy**
**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5564 | (F) 202-434-5029
bshaughnessy@wc.com | www.wc.com

**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Thursday, January 19, 2023 6:10 PM
**To:** Ellen Levy <elevy@rlattorneys.com>; Shaughnessy, Bob <BShaughnessy@wc.com>; Mendez,
Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G.
<Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>;
Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara
<sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan
<MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Bob and Ellen,

Would you agree to a 90-day continuance of all dates in the scheduling order?

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com

This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**From:** Ellen Levy <elevy@rlattorneys.com>
**Sent:** Thursday, January 19, 2023 2:14 PM
**To:** Shaughnessy, Bob <BShaughnessy@wc.com>; Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara <sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Agreed

**From:** Shaughnessy, Bob
**Sent:** Thursday, January 19, 2023 12:43 PM
**To:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric <Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>; Ellen Levy <elevy@rlattorneys.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>; Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara <sedwards@fishmanhaygood.com>; Hrom, Anna <Ahrom@wc.com>; Newkirk, Meaghan <MNewkirk@wc.com>; Needham, Madison <mneedham@wc.com>
**Subject:** RE: Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

Danielle:

Adding National Foam is fine with us (not that we're encouraging it).  But, as for the schedule, if NF is going to be brought into the case, won't we need more than 30 days to allow for service, them to answer and provide initial disclosures, and generally get up to where Tyco is at this point?

Bob Shaughnessy

**Robert Shaughnessy**

**Williams & Connolly LLP**
680 Maine Avenue, S.W., Washington, DC 20024
(P) 202-434-5564 | (F) 202-434-5029
bshaughnessy@wc.com | www.wc.com

**From:** Teutonico, Danielle <dteutonico@fishmanhaygood.com>
**Sent:** Thursday, January 19, 2023 2:35 PM
**To:** Shaughnessy, Bob <BShaughnessy@wc.com>; Mendez, Chris <cmendez@wc.com>; Johnson, Eric
<Eric.Johnson@quarles.com>; Allen, Catherine G. <Catherine.Allen@quarles.com>; Ellen Levy
<elevy@rlattorneys.com>
**Cc:** Miller, Kerry <kmiller@fishmanhaygood.com>; Burge, Jason W. <jburge@fishmanhaygood.com>;
Hamilton, Rachel <rhamilton@fishmanhaygood.com>; Edwards, Sara
<sedwards@fishmanhaygood.com>
**Subject:** Grosch v. Tyco et al., No. CV2022-000124 (Super. Ct. Ariz. Maricopa Cnty

All,

    Pursuant to Arizona Rule of Civil Procedure 15(2), Plaintiffs would like to amend their
Complaint to add National Foam, Inc. as a defendant in the above captioned matter. Please advise
whether you consent to the addition of National Foam, Inc. as a defendant.

    Additionally, as we have fast approaching discovery deadlines in this matter, please advise
whether you consent continuing all deadlines in the current scheduling order by 30 days.

Thank you,

**Danielle Teutonico**
dteutonico@fishmanhaygood.com

**Fishman**Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana  70170

t: 504.586.5252 d:504.556.5560  f: 1504.949.8205
fishmanhaygood.com
This transmittal and attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended
recipient, you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is prohibited. If you have received this
transmittal and/or attachments in error please notify us immediately by reply or by telephone (call us collect at 504-586-5252) and immediately delete this message and
all its attachments.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal
Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This message and any attachments are intended only for the addressee and may contain information that is
privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or
disclose the contents of the message and any attachments. Instead, please delete the message and any attachments
and notify the sender immediately. Thank you.

# EXHIBIT "B"



O'STEEN & HARRISON
ATTORNEYS AT LAW

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
|---|---|
| Plaintiffs, | **AMENDED COMPLAINT** |
| v. | **AND** |
| TYCO FIRE PRODUCTS, LP, MATLICK ENTERPRISES, INC., KIDDE FENWAL INC., and NATIONAL FOAM INC. | **JURY TRIAL DEMAND** |
| | (Assigned to the Hon. Paula A. Williams) |
| Defendants. | |

For their Amended Complaint against Defendants Tyco Fire Products, LP ("Tyco"), Kidde Fenwal Inc., ("Kidde Fenwal"), National Foam, Inc. ("National Foam"), and Matlick Enterprises, Inc. ("United Fire" and, collectively with Tyco, Kidde Fenwal, and National Foam, "Defendants"), Plaintiffs Matthew Grosch and Shelagh Grosch ("Plaintiffs"), through undersigned counsel, hereby allege, based upon information and belief, as follows:



## INTRODUCTION

1. Plaintiff Matthew Grosch ("Matt") has been a firefighter for fifteen years. Throughout that period, he worked with aqueous film-forming foams ("AFFFs") containing the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS include, but are not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2. AFFFs are used by fire departments, including the departments where Matt worked, to extinguish fires. Matt was exposed to AFFFs in training sessions, while fighting fires, and, after a fire was extinguished, by "painting" rooms, which entails coating every surface with a thick concentration of foam to prevent fires from rekindling. Throughout his career, Matt had routine dermal exposure to AFFFs.

3. Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFFs with knowledge that they contained highly toxic PFAS, which would expose end users of the product to the risks associated with PFAS. Each of the Defendants supplied AFFFs, either on a manufacturer or distributor basis, to the Phoenix Fire Department that employs Matt.

4. PFAS accumulates in the blood and bodily tissues of humans exposed to the material and persists for long periods of time. These are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS present significant health risks to humans who are exposed to them.

5. In his role as a firefighter, Matt used Defendants' AFFFs in their intended manner, without material change in the products' condition, and in a manner which Defendants were aware that firefighters like Matt would use the product. Matt was unaware of the toxic nature of the PFAS in AFFFs – indeed, Defendants represented their foam products were inert and posed no health hazards.



6.      After more than a decade of exposure to AFFFs, in March 2017 Matt was diagnosed with testicular cancer. Matt's consumption, and/or dermal absorption of Defendants' AFFF products caused him to develop the serious medical conditions and complications alleged herein.

7.      Through this action, Matt and his wife, Shelagh, seek to recover for the permanent and significant damages sustained as a direct consequence of his exposure to Defendants' AFFF products during the course of Matt's training and firefighting activities.

### PARTIES, JURISDICTION, AND VENUE

8.      Plaintiffs are a married couple residing in Maricopa County, Arizona.

9.      Defendant Tyco Fire Products, LP, as a successor-in-interest to the Ansul Company ("Tyco") is a Delaware limited partnership and does business throughout the United States, including in Maricopa County, Arizona. Tyco manufactured and currently manufactures the Ansul brand of products, including Ansul brand AFFF containing PFAS. Tyco, and its predecessor in interest Ansul, designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Amended Complaint.

10.     Defendant Kidde Fenwal, Inc. ("Kidde Fenwal") is a Massachusetts corporation and does business throughout the United States, including Maricopa County, Arizona. Upon information and belief, Kidde Fenwal and/or its legal predecessors from whom it assumed liability, including National Foam Ltd. ("National Foam"), designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Amended Complaint.

11.     Defendant National Foam, Inc. ("National Foam") is a Pennsylvania corporation and does business throughout the United States, including in Maricopa County, Arizona. National Foam designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS that are used in firefighting training



and response exercises that are the subject of this Amended Complaint.

12.     Defendant Matlick Enterprises, Inc. d/b/a United Fire Equipment Company ("United Fire") is an Arizona corporation and does business throughout this state, including in Maricopa County. United Fire marketed, distributed, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this Amended Complaint.

13.     Tyco, Kidde Fenwal, and National Foam are hereafter referred to as the "Manufacturer Defendants." United Fire is hereafter referred to as the "Distributor Defendant."

14.     Defendants have caused events to occur in Maricopa County, Arizona, out of which all claims stated herein arise, and venue is proper in this Court pursuant to A.R.S. S 12-401.

15.     The amount in controversy exceeds the Court's minimum jurisdictional amount.

16.     The Court has jurisdiction of this action pursuant to Article VI, Section 14 of the Arizona Constitution and A.R.S. § 12-123.

## GENERAL ALLEGATIONS

17.     Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish fires.

18.     AFFF has better firefighting capabilities than water because of its unique properties, which extinguish fires by smothering them, ultimately starving them of oxygen.

19.     AFFFs can be used to fight fires directly in conjunction with or in place of water, or they can be used to insulate a premises that was previously on fire, to prevent fire from reigniting.

20.     AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and other parts of the world. AFFF contains PFAS, which are highly fluorinated synthetical chemical compounds whose family includes PFOS and PFOA.

21.     PFAS have been used for decades in the manufacture of AFFF. PFAS chemicals



are entirely manmade, and do not naturally occur.

22.     Prior to commercial development and large-scale manufacture and use of AFFF containing PFAS, no such PFAS had been found or detected in humans.

23.     AFFF and PFAS are associated with various adverse health effects in humans.

24.     Exposure to AFFF has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease, and infertility.

25.     In the 1960s, studies by PFAS manufacturers raised concerns about the health risks caused by these substances.[1]

26.     By the 1970s, animal studies of PFAS revealed immunotoxicity and other adverse effects.

27.     By the 1980s, studies by PFAS manufacturers reported immunotoxicity and carcinogenicity effects caused by PFAS.

28.     By the 1990s, certain PFAS manufacturers began monitoring the levels of PFAS in the blood serum of their workers.  Studies began showing an excess occurrence of prostate cancer in individuals exposed to PFAS.

29.     By at least 2010, additional research and testing performed by certain PFAS manufacturers revealed multiple potential adverse health impacts among workers exposed to PFAS, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

30.     After the USEPA and other entities began asking manufacturers to stop manufacturing and/or using certain PFAS, Defendants began manufacturing and/or distributing more of certain other and/or "new" PFAS, including so-called "Short-Chain PFAS."

31.     Defendants manufacturing and/or distributing Short-Chain PFAS are aware that Short-Chain PFAS have also been found in human blood.  By the mid-2010s, manufacturers were

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6172956/



aware that certain Short-Chain PFAS have been found to cause the same triad of tumors, (testicular, liver, and pancreatic), in animals as non-Short-Chain PFAS.

32.    Moreover, by the early 2010s, research on Short-Chain PFAS suggested that the technical performance of these Short-Chain PFAS is lower, requiring larger quantities and/or more substances to be used to provide the same performance, leading to the same aggregate exposure for affected humans.

33.    Nonetheless, Defendants each downplayed the risks of AFFFs containing PFAS to firefighters like Matthew Grosch.

34.    Even after an independent science panel, known as the "C8 Science Panel," announced in the 2010s that human exposure to PFAS were associated with certain human diseases, including kidney and testicular cancer,[2] Defendants continued to downplay the risk of AFFFs.

35.    At all relevant times, Manufacturer Defendants, through their acts and omissions, concealed and/or withheld information from its customers, governmental entities, and the public that would have properly and fully alerted Plaintiff to the risks of exposure to AFFFs containing PFAS.

36.    At all relevant times, Defendants encouraged continued and increased use of PFAS by their customers and others and tried to encourage and foster the increased and further use of PFAS through the promotion of AFFFs to fire departments, including the fire department where Matthew Grosch works, while downplaying the risks.

37.    At all relevant times, Manufacturer Defendants were and/or should have been aware, or knew and/or should have known, that their design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials and/or sale of AFFFs containing PFAS would result in the contamination of the blood and/or body of Matthew Grosch with PFAS, causing injury, irreparable harm, and/or unacceptable

---

[2] https://ehp.niehs.nih.gov/doi/pdf/10.1289/ehp.1306615



1  risk of such injury and/or irreparable harm to Matthew Grosch.

2  **Defendants' AFFFs were used by the Phoenix Fire Department**

3       38.     Defendants designed, marketed, developed, manufactured, distributed, released,
4  trained users, produced instructional materials, and/or sold AFFFs containing toxic PFAS that
5  were used by fire departments around the country, including county and municipal firefighting
6  departments.

7       39.     Defendants each designed, marketed, developed, manufactured, distributed,
8  released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS in
9  such a way as to cause the exposure to and ultimate contamination of Matthew Grosch's blood
10 and body with PFAS, resulting in persistence and accumulation of PFAS in his blood and body.

11      40.     Each of the Defendants manufactured, sold, and/or distributed AFFFs to the
12 Phoenix Fire Department, thereby causing the contamination of the blood and/or body of Matthew
13 Grosch with PFAS.

14      41.     Tyco/Ansul manufactured and/or sold AFFFs to Phoenix Fire Department, based
15 upon information and belief, during all relevant time periods. Tyco/Ansul's AFFFs were used by
16 firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary course
17 of firefighting activities and in the manner in which these AFFFs were expected to be used by
18 Tyco/Ansul thereby exposing Matthew Grosch to PFAS.

19      42.     Kidde Fenwal manufactured and/or sold AFFFs to Phoenix Fire Department, based
20 upon information and belief, during all relevant time periods. Kidde Fenwal's AFFFs were used
21 by firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary
22 course of firefighting activities and in the manner in which these AFFFs were expected to be used
23 by Kidde Fenwal thereby exposing Matthew Grosch to PFAS.

24      43.     National Foam manufactured and/or sold AFFFs to Phoenix Fire Department,
25 based upon information and belief, during all relevant time periods. National Foam's AFFFs were
26 used by firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary



course of firefighting activities and in the manner in which these AFFFs were expected to be used by National Foam thereby exposing Matthew Grosch to PFAS.

44. United Fire distributed AFFFs to the Phoenix Fire Department, based upon information and belief, during all relevant time periods. AFFFs distributed by United Fire were used by firefighters in the Phoenix Fire Department, including Matthew Grosch, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by United Fire, thereby exposing Matthew Grosch to PFAS.

**The Plaintiff's exposure to Defendants' AFFFs**

45. Matthew Grosch and his wife, Shelagh Grosch, have been happily married since October 2001.

46. Matthew Grosch began his fire service career in January of 2007, with the Phoenix Fire Department, serving the city of Phoenix, Arizona.

47. Matt was first exposed to AFFFs in the Phoenix Fire Department academy, where he trained with Class A and B firefighting foams. During training, it was common to have AFFFs on his body from head to toe, and it was common to have direct skin contact with AFFFs while cleaning up after drills. At the time, he was led to believe that the foam was generally inert and provided no hazard to his health. After his training, in service as a firefighter, Matt was exposed to AFFFs while spraying foam during firefighting operations.

48. Matt's responsibilities included driving, pumping, and maintaining the fire truck, which included pumping AFFFs, cleaning AFFFs out of the firefighting equipment, and adding new foam as needed. While operating and cleaning equipment using foam, he was never given any instruction from the manufacturers of distributors to avoid contact with AFFFs, or that the materials were otherwise harmful.

49. During Matt's time as a firefighter, distributors like Defendants met with the Phoenix Fire Department and promoted the various uses of AFFFs as modern and advanced solutions to fire fighting.



50. The fire stations servicing the Phoenix-area airports had specific "crash trucks" that are designated solely for fighting aircraft fires. The crash truck for the Phoenix-area airports contained MilSpec AFFF.

51. The fire stations servicing the Phoenix-area airports also house engines used to fight residential and commercial fires. Although these non-airport engines used AFFFs, they were not used to fight aircraft fires and therefore did not have MilSpec AFFF.

52. Firefighters who regularly expect to fight aircraft fires obtain an Aircraft Rescue Firefighting ("ARF") certification. Matt was not ARF certified at any time prior to his diagnosis and never fought aircraft fires.

53. When Matt was stationed at the fire stations servicing the Phoenix-area airports, he worked exclusively on the trucks that were designated for residential and commercial firefighting, which did not hold MilSpec AFFF. During his professional career, Matt cannot recall ever interacting with MilSpec AFFF.

54. Over the course of 16 years as a firefighter with the Phoenix Department, from 2007 to the present, Matthew Grosch routinely used, handled, and came in direct contact with AFFFs containing PFOA produced, manufactured, sold, and/or distributed by the Defendants. His exposure to these products was in the ordinary course of his firefighting activities, and was in the standard way that Defendants anticipated that these products would be used and handled.

55. At no time in his career was Matt warned by the Defendants that their products carried a substantial risk of adverse medical outcomes, including cancers such as testicular cancer.

56. In March 2017, at the age of 40, Matthew Grosch was diagnosed with testicular cancer, with a significant tumor. He had no family history of testicular cancer, nor any genetic predisposition. He is not and has never been a smoker. Among other medical treatments, he underwent an orchiectomy and chemotherapy. His medical treatments continue to this day.

//

//



## FIRST CLAIM FOR RELIEF

**(Strict Products Liability-Design Defect and Failure to Warn against All Defendants)**

57.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 56 of this Amended Complaint as if they were fully set forth herein.

58.     Upon information and belief, Defendants are the manufacturers and/or distributors of the AFFFs containing PFAS to which Matthew Grosch was exposed.

59.     Defendants are each the sellers of the AFFFs containing PFAS to which Matthew Grosch was exposed. Defendants sell AFFFs in the ordinary course of their business.

60.     The use of the AFFFs in training activities and routine firefighting activities was the purpose for which the AFFFs were intended and was reasonably foreseeable by Defendants. The AFFFs were used in substantially the same condition in which they were sold.

61.     A reasonable firefighter would not expect the AFFFs used in training activities and routine firefighting activities to expose him to a known carcinogen.

62.     AFFFs failed to perform as safely as an ordinary firefighter would expect when the AFFFs were used in the reasonably foreseeable manner of routine firefighting activities.

63.     Defendants designed an unreasonably harmful product that was inherently defective in that it contained known carcinogens.

64.     Defendants had full knowledge that AFFFs contained known carcinogens and failed to warn Plaintiffs of the unreasonably dangerous risks.

65.     Matthew Grosch has suffered lasting and ongoing personal injuries resulting from the defective and unreasonably dangerous nature of the product caused by its defective design.

66.     Matthew Grosch was a healthy middle-aged man with no history of testicular cancer, making his likelihood of developing the disease quite low.

67.     As a direct and proximate result of the foregoing, Plaintiffs have been damaged, both via personal injuries and through loss of consortium, in an amount to be proven at trial.

//



### SECOND CLAIM FOR RELIEF

### (Negligent Failure to Warn Against Manufacturing Defendants)

68.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 68 of this Amended Complaint as if they were fully set forth herein.

69.     Manufacturing Defendants knew, through internal and external research, that AFFFs were likely dangerous when used in training activities and routine firefighting activities.

70.     Manufacturing Defendants had no reason to believe that Plaintiffs would realize the danger of AFFFs, including their carcinogenic effects.

71.     Manufacturing Defendants failed to exercise reasonable care to inform Plaintiffs of AFFFs dangers or of the facts which make it likely to be dangerous.

72.     Because of Defendants' failure to warn Plaintiffs about the dangers of AFFFs, Plaintiffs suffered personal injuries.

### THIRD CLAIM FOR RELIEF

### (Negligent Plan or Design of Product Against All Defendants)

73.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 72 of this Amended Complaint as if they were fully set forth herein.

74.     AFFFs, products designed by Defendants, are dangerous for use in training activities and routine firefighting activities, which is the intended use of AFFFs.

75.     Defendants failed to exercise reasonable care in continuing to design and failing to re-design AFFFs which contain dangerous carcinogens.

76.     Because of Defendants' defective design of AFFFs Plaintiffs suffered personal injuries.

### FOURTH CLAIM FOR RELIEF

### (Punitive Damages against Manufacturer Defendants)

77.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 76 of this Amended Complaint as if they were fully set forth herein.



78.     Upon information and belief, Manufacturer Defendants first started manufacturing, marketing, and selling AFFFs many years ago.

79.     Over the ensuing years, the Manufacturer Defendants either knew or should have known that an increasing volume of industry research demonstrated that AFFFs cause serious medical effects in humans who are exposed to them dermally, including tissue cancers such as testicular cancer.  Throughout that period, and up to the present, the Manufacturer Defendants have never warned firefighters or the broader public of the known health risks of AFFFs.

80.     The Manufacturer Defendants had obligations under various laws, including but not limited to 15 U.S.C. § 2607(3), to disclose to various government agencies the health risks of AFFFs containing PFAS, including in particular the carcinogenic effects of these products of which the Manufacturer Defendants were aware.  Nonetheless, the Manufacturer Defendants intentionally withheld from applicable government agencies their knowledge of the hazardous health effects AFFFs can cause to fire fighters like Matthew Grosch.

81.     The Manufacturer Defendants consciously pursued this course of conduct – the manufacture, marketing, and sale of a deficient and dangerous product with no representation to expected users of this known danger – in order to serve its own profit motives.

82.     The Manufacturer Defendants pursued the actions set forth above despite its knowledge of the substantial risk that AFFFs posed to firefighters like Matthew Grosch.

83.     The Manufacturer Defendants acted with an evil mind, meriting an award of punitive damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Loss of Consortium)

84.     Plaintiffs incorporate the allegations contained in paragraphs 1 through 83 of this Amended Complaint as if they were fully set forth herein.

85.     Shelagh Grosch is and was at all times relevant to this action, the legal spouse of Matthew Grosch, and they have at all times relevant to this action, lived together as husband and



wife.

86.     As a proximate result of the personal injuries suffered by Matthew Grosch, as described in this Amended Complaint, Shelagh Grosch has been deprived of the benefits of their marriage including his love, affection, society, and consortium, and other husbandly duties and actions.  Matthew Grosch provided Shelagh Grosch with all of the benefits of a marriage between husband and wife, prior to his exposure to Defendants' hazardous AFFFs and the resulting injuries described herein.

87.     Shelagh Grosch has also incurred the costs and expenses related to the medical care, treatment, medications, and hospitalization to which Matthew Grosch was subjected for the physical injuries he suffered as a proximate result of his use of the Defendants' AFFFs. Shelagh Grosch will continue to incur the future costs and expenses related to the care, treatment, medications, and hospitalization of Matthew Grosch due to his injuries from exposure to Defendants' hazardous AFFFs.

88.     Shelagh Grosch has suffered loss of consortium, as described herein, including the past, present, and future loss of her husband's companionship, services, society, and the ability of Matthew Grosch to provide Shelagh Grosch with the benefits of marriage, all of which has resulted in her pain, suffering, and mental and emotional distress and worry.

**JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, Plaintiffs Matthew and Shelagh Grosch hereby request that the Court enter judgment against all Defendants as follows:

A.     For general, consequential, special, and compensatory damages, including but not limited to pain and suffering, mental anguish, lost wages, lost future income, and loss of consortium;

B.     For Plaintiffs' costs and other expenses incurred in this action; and

C.     Such other and further relief as the Court deems just.



**WHEREFORE**, Plaintiffs Matthew and Shelagh Grosch hereby request that the Court additionally enter judgment against the Manufacturer Defendants as follows:

    A.    For punitive damages.

DATED this 30th day of January, 2023.

O'STEEN & HARRISON, PLC

Lincoln Combs

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk
via TurboCourt this 30th day of January, 2023.

**COPY** of the foregoing e-served this same date to:

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*



1  Ellen S. Levy
2  **RESNICK & LOUIS, P.C.**
   8111 E. Indian Bend Road
   Scottsdale, Arizona 85250
3  elevy@rlattorneys.com
4  *Attorneys for Defendant Matlick Enterprises, Inc.*

5  Eric B. Johnson
   Catherine Allen
6  **QUARLES & BRADY LLP**
7  Renaissance One, Two North Central Avenue
   Phoenix, AZ 85004-2391
8  eric.johnson@quarles.com
   Catherine.Allen@quarles.com
9  *Attorneys for Defendant Tyco Fire Products LP*

10

11  By /s/ *Donna Avilez* _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Granted as Submitted**
O'STEEN & HARRISON
*** See eSignature page ***
ATTORNEYS AT LAW

Clerk of the Superior Court
*** Electronically Filed ***
A. Walker, Deputy
2/17/2023 8:00:00 AM
Filing ID 15550360

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice pending*
Danielle Teutonico, *pro hac vice pending*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH | Case No. CV2022-000124 |
| Plaintiffs, | **ORDER** |
| v. | (Assigned to the Hon. Paula A. Williams) |
| TYCO FIRE PRODUCTS, LP and MATLICK ENTERPRISES, INC. | |
| Defendants. | |

UPON CONSIDERATION of Plaintiffs' Unopposed Motion for Continuance of Discovery Deadlines, the Court orders as follows:

1.      The parties' deadline to complete party depositions will be moved from January 20, 2023 **to February 28, 2023**.



2.      The parties' deadline to propound discovery pursuant to Arizona Civil Procedure Rules 33-36 will be moved from January 15, 2023 **to February 28, 2023.**

Date: _____          _____

                                        Judge of the Superior Court

# eSignature Page 1 of 1

Filing ID: 15550360   Case Number: CV2022-000124
Original Filing ID: 15326020

---

Granted as Submitted



/S/ John Hannah Date: 2/15/2023

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2022-000124                 SIGNATURE DATE: 2/15/2023

E-FILING ID #: 15550360                    FILED DATE: 2/17/2023 8:00:00 AM

ELLEN S LEVY

ERIC B JOHNSON

LINCOLN COMBS

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
2/23/2023 3:56:37 PM
Filing ID 15586162

**QUARLES & BRADY LLP**
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
Telephone 602.229.5200

Eric B. Johnson (#020512)
eric.johnson@quarles.com
Catherine G. Allen (#024697)
catherine.allen@quarles.com

*Counsel for Defendant Tyco Fire Products LP*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MATTHEW GROSCH and SHELAGH GROSCH,<br><br>Plaintiffs,<br><br>vs.<br><br>TYCO FIRE PRODUCTS LP, *et al.*,<br><br>Defendants. | **Case No. CV2022-000124**<br><br>**MOTION AND CONSENT OF LOCAL COUNSEL FOR PRO HAC VICE ADMISSION OF MADISON NEEDHAM, MEAGHAN NEWKIRK, ANNA HROM, AND ROBERT J. SHAUGHNESSY**<br><br>(Before the Hon. John Hannah) |

Eric B. Johnson and Catherine G. Allen, attorneys for Defendant Tyco Fire Products LP. ("Defendant"), pursuant to Rule 33(c) and (d) Rules of Supreme Court, moves the Court to admit **1) Madison Needham, 2) Meaghan Newkirk,** 3) **Anna Hrom, and 4) Robert J. Shaughnessy** as counsel for Defendant pro hac vice in this action.

Pursuant to Rule 33(d) Rules of Supreme Court, the following exhibits are attached hereto:

Exhibit 1 –    State Bar of Arizona Pro Hac Vice Notices of Receipt, verified Applications, and Certificates of Good Standing for **Madison Needham, Meaghan Newkirk, Anna Hrom, Robert J. Shaughnessy**

1

1    The filing fee as required by Rule 33(d) has been submitted to the State Bar of

2   Arizona.   Eric B. Johnson and Catherine Allen hereby agree to serve as designated local

3   counsel for the subject case.  A proposed Order Admitting **Madison Needham, Meaghan**

4   **Newkirk, Anna Hrom, and Robert J. Shaughnessy** accompanies this Motion.

5    DATED this 23rd day of February, 2023.

6
                                QUARLES & BRADY LLP
                                Two North Central Avenue
7                               Phoenix, AZ  85004-2391

8                               By   */s/ Eric B. Johnson*
9                                    Eric B. Johnson
                                     Catherine Allen
10

11                                   *Attorneys for Tyco Fire Product LP*

12  **EFILED** with the Clerk of the Court
    and a **COPY** e-mailed this
13  23rd day of February, 2023, to:

14  Lincoln Combs, Esq.
    O'STEEN & HARRISON, PLC
15  300 W. Clarendon Ave., Suite 400
    Phoenix, Arizona 85013-3424
16  lcombs@vanosteen.com

17  Kerry Miller
    Jason W. Burge
18  Danielle Teutonico
    FISHMAN HAYGOOD LLP
19  201 St. Charles Ave., Floor 46
    New Orleans, Louisiana 70170
20  kmiller@fishmanhaygood.com
    jburge@fishmanhaygood.com
21  dteutonico@fishmanhaygood.com
    *Counsel for Plaintiffs*
22

23  Ellen Levy
    RESNICK & LOUIS PC
24  8111 E. Indian Bend Rd.
    Scottsdale, Arizona 85250
25  elevy@rlattorneys.com
    *Counsel for Matlick Enterprises, Inc.*
26

27  */s/ Debra L. Hitchens*

28

2

# EXHIBIT 1



February 16, 2023

Ms. Carla Walters
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322

**RE:   Pro Hac Vice Applicant - Madison Needham P237115**
      **Pro Hac Application # 1013910**

Dear Ms. Allen:

Enclosed is the State Bar of Arizona Pro Hac Vice Notice, original verified application and original
Certificate of Good Standing(s), pursuant to Ariz. R. Sup. Ct., 39 Admission Pro Hac Vice.

**Pursuant to Rule 39(a)(2), a copy of each Order granting or denying the motion as entered
by the court, board or administrative agency shall be mailed by local counsel to the State
Bar of Arizona, Attention Membership Records.**

If you have any questions or need further assistance, please contact me or the Resource Center at
(602) 340-7239.

Sincerely,

Michael Acevedo

Michael Acevedo
Resource Center Specialist

1

**Maricopa County Superior Court**

2 | Grosch,
    Plaintiff

3 | ) CASE # **CV2022-000124**
  | )
  | )                   v. )
4 | ) SBA App #1013910
  | )
5 | Tyco, )
    Defendant. ) **NOTICE OF RECEIPT OF COMPLETE**
  | ) **APPLICATION**

6

7 NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has received the
  verified application and fee from Madison Needham.

8 In addition to this application, applicant has made the following applications to appear pro hac
9 vice, pursuant to Rule 39, within the previous three (3) years:

10 | Title of Matter | Court/Agency | Date | Granted? |

11

12 Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good
   Standing are attached hereto.

13 DATED this 16th day of February 2023

14

15 *Michael Acevedo*

16 Michael Acevedo
   Resource Center Specialist
   State Bar of Arizona

17

18 Original Mailed on this 16th day of February 2023 to:

19

20 ,

21

22

23

24

25



**STATE BAR OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# 101394
Bar Number# 9237115

CK 495042  $505.00

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Madison Needham

Firm/Company Name: Williams & Connolly LLP

Office Address: 680 Maine Avenue SW, Washington DC 20024

Telephone: 202-434-5672        Fax:                    Email Address: mneedham@wc.com

Residence Address: 1000 6th St SW Apt 415, Washington DC 20024

Title of cause or case where applicant seeks to appear: Grosch v. Tyco

Docket Number: NO. CV2022-000124

Court, Board, or Administrative Agency: Maricopa County Superior Court

Party on whose behalf applicant seeks to appear: Tyco Fire Products, LP

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted:<br>(Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| District of Columba | 12/3/2021 | 1780541 |
|  |  |  |
|  |  |  |
|  |  |  |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ■ is not (select one) currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

This case or cause ☐ is / ☑ is not (select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#

Revised 05/01/20

Page 2

## PART II: Local Counsel Information

Name of Arizona Local Counsel: Catherine G. Allen

State Bar of Arizona Number: 024697

Address: Quarles & Brady LLP, One Renaissance Square Two North Central Avenue Suite 600 Phoenix, Arizona 85004

Telephone: (602)229-5200          Fax: _____          Email Address: Catherine.allen@quarles.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

## PART III: Parties and Certification

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| (see attached) | | |
| | | |
| | | |
| | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

## Verification

STATE OF       Virgina                           )

County of      Arlington                          ) ss.

I, Madison Needham _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 12/16/2022 _____          Applicant's Signature: Madison Needham    Digitally signed by Madison Needham Date: 2022.12.16 10:42:53 -06'00'

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20____, by

_____.

Name of Applicant

_____
                                             Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of __Virginia__ )

County of __Arlington__ ) ss.
                        )

I, __Madison Needham__, a member of the State Bar of __District of Columbia__, submit this unsworn verification in support of my:

☐ Resignation of Membership

☒ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: __12/16/2022__     _____
                              Attorney signature

*Grosch v. Tyco Fire Products*, CV2022-000124 (Superior Court Maricopa County)

Part III: Parties

| Party | Counsel of Record | Address |
|---|---|---|
| Matthew Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ  85013 |
|  | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA  70170 |
| Shelagh Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ  85013 |
|  | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA  70170 |
| Tyco Fire Products LP | Eric B. Johnson<br>Catherine Allen | Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 600<br>Phoenix, AZ  85004 |
| Matlick Enterprises, Inc. | Ellen Levy | Resnick & Louis<br>8111 E. Indian Bend Rd.<br>Scottsdale, AZ  85250 |



On behalf of *JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,*
*the District of Columbia Bar does hereby certify that*

## Madison Needham

*was duly qualified and admitted on December 3, 2021 as an attorney and counselor entitled to*
*practice before this Court; and is, on the date indicated below, an Active member in good*
*standing of this Bar.*

**In Testimony Whereof,**
**I have hereunto subscribed my**
**name and affixed the seal of this**
**Court at the City of**
**Washington, D.C., on December 13, 2022.**

**JULIO A. CASTILLO**
**Clerk of the Court**

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

*For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email*
*memberservices@dcbar.org.*


**STATE BAR** OF **ARIZONA**

February 16, 2023

Ms. Carla Walters
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322

RE:   **Pro Hac Vice Applicant - Meaghan Newkirk P237117**
       **Pro Hac Application # 1013911**

Dear Ms. Allen:

Enclosed is the State Bar of Arizona Pro Hac Vice Notice, original verified application and original
Certificate of Good Standing(s), pursuant to Ariz. R. Sup. Ct., 39 Admission Pro Hac Vice.

**Pursuant to Rule 39(a)(2), a copy of each Order granting or denying the motion as entered
by the court, board or administrative agency shall be mailed by local counsel to the State
Bar of Arizona, Attention Membership Records.**

If you have any questions or need further assistance, please contact me or the Resource Center at
(602) 340-7239.

Sincerely,

Michael Acevedo
Resource Center Specialist

| | | |
|---|---|---|
| 1 | | **Maricopa County Superior Court** |

| | | |
|---|---|---|
| 2 | Grosch, | ) |
| |   Plaintiff | ) |
| 3 | | )      CASE # **CV2022-000124** |
| |                v. | ) |
| 4 | | )       SBA App #1013911 |
| | Tyco, | ) |
| 5 |   Defendant. | )   **NOTICE OF RECEIPT OF COMPLETE** |
| | | )                 **APPLICATION** |

6

7  NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the verified application and fee</u> from Meaghan Newkirk.

8  In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule 39, within the previous three (3) years:

9

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|

10

11

12  Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

13  DATED this 16th day of February 2023

14

15                                 Michael Acevedo
                               Resource Center Specialist

16                                 State Bar of Arizona

17

18  Original Mailed on this 16th day of February 2023 to:

19

20  Catherine Allen
Quarles & Brady LLP
2 N CENTRAL AVE STE 600

21  TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322

22

23

24

25



**STATE BAR**
**OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# *101391L*
Bar Number# *237117*

*CK 895042   $505.00*

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

## Application for Appearance Pro Hac Vice

### PART I: Applicant Information

Name of Applicant: **Meaghan Newkirk**

Firm/Company Name: **Williams & Connolly LLP**

Office Address: **680 Maine St SW, Washington, DC 20024**

Telephone: **202-434-5866**   Fax: _____   Email Address: **mnewkirk@wc.com**

Residence Address: **5260 25th Rd N, Arlington, VA 22207**

Title of cause or case where applicant seeks to appear: **Grosch v. Tyco**

Docket Number: **NO. CV2022-000124**

Court, Board, or Administrative Agency: **Maricopa County Superior Court**

Party on whose behalf applicant seeks to appear: **Tyco Fire Products, LP**

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| District of Columbia | 2/8/2019 | 1618683 |
| | | |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not (select one) currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| | | | |
| | | | |

This case or cause ☐ is / ☑ is not (select one) a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket# _____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Catherine G. Allen

State Bar of Arizona Number: 024697

Address: Quarles & Brady LLP, One Renaissance Square Two North Central Avenue Suite 600 Phoenix, Arizona 85004

Telephone: (602)229-5200 _____ Fax: _____ Email Address: Catherine.allen@quarles.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| (see attached) | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF   Virginia   )

County of   Arlington   ) ss.

I, Meaghan Newkirk _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 12/16/2022 _____   Applicant's Signature: Meaghan Newkirk   Digitally signed by Meaghan Newkirk Date: 2022.12.16 10:12:39 -05'00'

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20____, by

_____.

Name of Applicant

_____
Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of __Virginia__ )
County of __Arlington__ ) ss.

I, __Meaghan Newkirk__, a member of the State Bar of __District of Columbia__, submit this unsworn verification in support of my:

☐ Resignation of Membership

☑ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: __12/16/2022__          _Meaghan Newkirk_
                                Attorney signature

*Grosch v. Tyco Fire Products*, CV2022-000124 (Superior Court Maricopa County)

Part III: Parties

| Party | Counsel of Record | Address |
|---|---|---|
| Matthew Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ  85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA  70170 |
| Shelagh Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ  85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA  70170 |
| Tyco Fire Products LP | Eric B. Johnson<br>Catherine Allen | Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 600<br>Phoenix, AZ  85004 |
| Matlick Enterprises, Inc. | Ellen Levy | Resnick & Louis<br>8111 E. Indian Bend Rd.<br>Scottsdale, AZ  85250 |



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

## Meaghan Newkirk

*was duly qualified and admitted on February 8, 2019 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, an Active member in good
standing of this Bar.*

*In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on December 13, 2022.*

**JULIO A. CASTILLO**
**Clerk of the Court**

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

*For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.*



February 16, 2023


Ms. Carla Walters
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322

**RE:   Pro Hac Vice Applicant - Anna Hrom P237111**
**       Pro Hac Application # 1013909**

Dear Ms. Allen:

Enclosed is the State Bar of Arizona Pro Hac Vice Notice, original verified application and original Certificate of Good Standing(s), pursuant to Ariz. R. Sup. Ct., 39 Admission Pro Hac Vice.

**Pursuant to Rule 39(a)(2), a copy of each Order granting or denying the motion as entered by the court, board or administrative agency shall be mailed by local counsel to the State Bar of Arizona, Attention Membership Records.**

If you have any questions or need further assistance, please contact me or the Resource Center at (602) 340-7239.

Sincerely,

Michael Acevedo
Resource Center Specialist

**Maricopa County Superior Court**

| | |
|---|---|
| Grosch,<br>　Plaintiff | )<br>)<br>) |
| | ) |
| v. | ) |
| | ) |
| Tyco Fire Products LP,<br>　Defendant. | )<br>)<br>) |

CASE # **CV2022-000124**

SBA App #1013909

**NOTICE OF RECEIPT OF COMPLETE<br>APPLICATION**

NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the verified application and fee from Anna Hrom</u>.

In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule 39, within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Young v Chemguard, Inc. | Maricopa County Superior Court | 1/12/2023 | Pending Approval |
| Forbach v Chemguard, Inc. | Coconino County Superior Court | 1/12/2023 | Pending Approval |

Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 16th day of February 2023

Michael Acevedo
Resource Center Specialist
State Bar of Arizona

Original Mailed on this 16th day of February 2023 to:

Catherine Allen
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322


**STATE BAR**
OF**ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# *1013909*
Bar Number# *P237111*

*CK 895042   $505.00*

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

### Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: **Anna Hrom**

Firm/Company Name: **Williams & Connolly LLP**

Office Address: **680 Maine Ave SW, Washington, DC 20002**

Telephone: **202-434-5296**     Fax: **202-434-2900**     Email Address: **ahrom@wc.com**

Residence Address: **914 6th St NE, Washington, DC 20002**

Title of cause or case where applicant seeks to appear: **Grosch v. Tyco Fire Products LP**

Docket Number: **CV2022-000124**

Court, Board, or Administrative Agency: **Superior Court Maricopa County**

Party on whose behalf applicant seeks to appear: **Tyco Fire Products LP**

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| North Carolina | 4/22/16 | 50280 |
| District of Columbia | 10/27/20 | 1657785 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Forbach v. Chemguard, Inc. | S0300CV202100277 | Superior Ct Coconino County | pending |
| Young v. Chemguard, Inc. | CV2020-018108 | Superior Ct Maricopa County | pending |
| | | | |

This case or cause ☐ is / ☑ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket# _____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Catherine Allen

State Bar of Arizona Number: 024697

Address: Quarles & Brady LLP, One Renaissance Square, Two North Central Avenue, Suite 600, Phoenix, AZ 85004

Telephone: 602-229-5200     Fax:     Email Address: catherine.allen@quarles.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**

Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| (see attached) | | |
| | | |
| | | |
| | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:

1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF   District of Columbia   )

County of _____ ) ss.

I, Anna Throm _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 12/16/22     Applicant's Signature: Anna Throm

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20___, by

_____.

Name of Applicant

_____
Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona.  This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of ___District of Columbia___ )
                        ) ss.
County of _____ )

I, **Anna Johns Hrom**, a member of the State Bar of ___NC and DC___, submit this unsworn verification in support of my:

- ☐ Resignation of Membership

- ☒ Application for Appearance *Pro Hac Vice*

- ☐ Application for In-House Counsel certification

- ☐ Application for transfer to Inactive / Retired status

- ☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: **12/16/2022**　　　　　　　　　_Anna Hrom_____
　　　　　　　　　　　　　　　　　　Attorney signature

*Grosch v. Tyco Fire Products*, CV2022-000124 (Superior Court Maricopa County)

Part III: Parties

| Party | Counsel of Record | Address |
|---|---|---|
| Matthew Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ 85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA 70170 |
| Shelagh Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ 85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA 70170 |
| Tyco Fire Products LP | Eric B. Johnson<br>Catherine Allen | Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 600<br>Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | Resnick & Louis<br>8111 E. Indian Bend Rd.<br>Scottsdale, AZ 85250 |

# Supreme Court
## OF THE STATE OF NORTH CAROLINA



I, Grant E. Buckner, Clerk of the Supreme Court of North Carolina, do hereby certify that on April 22, 2016, license to practice as an Attorney and Counselor at Law in all the Courts of this State was issued by the North Carolina Board of Law Examiners to

## Anna Johns Hrom

according to the certified list of licentiates reported by the Secretary of said Board and filed in my office as required by statute.

To the date of this certificate, no order revoking said license has been filed with this Court and no order suspending same is in effect.

WITNESS my hand and the Seal of the Supreme Court of North Carolina at office in Raleigh, this December 13, 2022.

Grant E. Buckner
Clerk of the Supreme Court
of the State of North Carolina



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

## Anna Hrom

was duly qualified and admitted on October 27, 2020 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, an Active member in good
standing of this Bar.

*In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on December 13, 2022.*

**JULIO A. CASTILLO**
Clerk of the Court

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

*For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.*


**STATE BAR OF ARIZONA**

February 16, 2023

Ms. Carla Walters
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322

RE:   **Pro Hac Vice Applicant - Robert J. Shaughnessy P234550**
      **Pro Hac Application # 1013912**

Dear Ms. Allen:

Enclosed is the State Bar of Arizona Pro Hac Vice Notice, original verified application and original
Certificate of Good Standing(s), pursuant to Ariz. R. Sup. Ct., 39 Admission Pro Hac Vice.

**Pursuant to Rule 39(a)(2), a copy of each Order granting or denying the motion as entered
by the court, board or administrative agency shall be mailed by local counsel to the State
Bar of Arizona, Attention Membership Records.**

If you have any questions or need further assistance, please contact me or the Resource Center at
(602) 340-7239.

Sincerely,

Michael Acevedo

Michael Acevedo
Resource Center Specialist

**Maricopa County Superior Court**

Grosch,
   Plaintiff

         v.

Tyco Fire Products LP,
   Defendant.

CASE # **CV2022-000124**

SBA App #1013912

**NOTICE OF RECEIPT OF COMPLETE APPLICATION**

NOTICE IS HEREBY given by THE STATE BAR OF ARIZONA that it has <u>received the verified application and fee from Robert J. Shaughnessy.</u>

In addition to this application, applicant has made the following applications to appear pro hac vice, pursuant to Rule 39, within the previous three (3) years:

| Title of Matter | Court/Agency | Date | Granted? |
|---|---|---|---|
| Forbach v Chemguard, Inc. | Coconino County Superior Court | 1/12/2023 | Pending Approval |
| Landon Young, et al. v Chemguard, Inc., et al. | Maricopa County Superior Court | 2/2/2022 | Y |

Exhibit A, the original verified application and Exhibit B, the original Certificate(s) of Good Standing are attached hereto.

DATED this 16th day of February 2023

Michael Acevedo
Resource Center Specialist
State Bar of Arizona

Original Mailed on this 16th day of February 2023 to:

Catherine Allen
Quarles & Brady LLP
2 N CENTRAL AVE STE 600
TWO NORTH CENTRAL AVENUE SUITE 600
PHOENIX, AZ 85004-2322



**STATE BAR**
**OF ARIZONA**

Attn: Pro Hac Vice Dept
P.O. Box 842699
Los Angeles, CA 90084-2699
Phone: 602-340-7239

For Official Use Only
App# 1013912
Bar Number# 7234550

CF 895042 $505.00

Overnight or Hand Delivery:
4201 N. 24th St., Ste 100
Phoenix, AZ 85016-6266

### Application for Appearance Pro Hac Vice

**PART I: Applicant Information**

Name of Applicant: Robert J. Shaughnessy

Firm/Company Name: Williams & Connolly LLP

Office Address: 680 Maine Avenue, SW, Washington, DC 20024

Telephone: 202-434-5564     Fax: 202-434-2900     Email Address: bshaughnessy@wc.com

Residence Address: 3248 Rittenhouse Street NW, Washington, DC 20015

Title of cause or case where applicant seeks to appear: Grosch v. Tyco Fire Products LP

Docket Number: CV2022-000124

Court, Board, or Administrative Agency: Superior Court Maricopa County

Party on whose behalf applicant seeks to appear: Tyco Fire Products LP

**Pursuant to Arizona Supreme Court Rule 39(a)(2), the applicant shall complete the information below:**

| Courts to Which Applicant Has Been Admitted: (Attach additional pages if necessary) | Date of Admission: | Bar Number: |
|---|---|---|
| Virginia | 10/14/1988 | 29314 |
| District of Columbia | 6/21/1989 | 418926 |
| | | |
| | | |

☑ Applicant is a member in good standing in such courts.

☑ Applicant is not currently disbarred or suspended in any court.

Applicant ☐ is / ☑ is not **(select one)** currently subject to any pending disciplinary proceeding or investigation by any court, agency or organization authorized to discipline attorneys at law. **If yes, specify the jurisdiction, nature of investigation and contact information of the disciplinary authority investigating on an additional page.**

In the preceding three (3) years, applicant has filed applications to appear as counsel under Ariz. R. Sup. Ct., Rule 39(a) in the following:

| Title of Matter: | Docket #: | Court or Agency: | App Granted? (Y/N) |
|---|---|---|---|
| Young v. Chemguard, Inc. | CV2020-018108 | Superior Ct. Maricopa County | Y |
| Forbach v. Chemguard, Inc. | S0300CV202100277 | Superior Ct. Coconino County | pending |
| | | | |

This case or cause ☐ is / ☑ is not **(select one)** a related or consolidated matter for which applicant has previously applied to appear pro hac vice in Arizona. If this matter is a related or consolidated with any previous application, Applicant certifies that he/she will review and comply with appropriate rules of procedure as required in the underlying cause.
If applicable, please provide related or consolidated matter application or docket#_____

Revised 05/01/20

Page 2

**PART II: Local Counsel Information**

Name of Arizona Local Counsel: Catherine Allen

State Bar of Arizona Number: 024697

Address: Quarles & Brady LLP, One Renaissance Square, Two North Central Avenue, Suite 600, Phoenix, AZ 85004

Telephone: 602-229-5200     Fax: _____     Email Address: catherine.allen@quarles.com

☑ Local Counsel is a member in good standing.

☑ Local Counsel associating with a nonresident attorney in a particular cause shall accept joint responsibility with the nonresident attorney to the client, to opposing parties and counsel, and to court, board, or administrative agency in that particular cause.

**PART III: Parties and Certification**
Name(s) of each party in this cause and name and address of all counsel of record:

| Party: | Counsel of Record: | Address: |
|---|---|---|
| (see attached) | | |
| | | |
| | | |
| | | |

☑ Applicant is including with this application a nonrefundable application fee, payable to the State Bar of Arizona, in the amount of $505.00. Fifteen percent of the non-refundable application fee paid pursuant to this section shall be deposited into a civil legal services fund to be distributed by the Arizona Foundation for Legal Services and Education entirely to approved legal services organizations, as that term is defined in subparagraph (2)(c) of this rule.

☑ Applicant is furnishing a certificate from the state bar or from the clerk of the highest admitting court of each state, territory, or insular possession of the United States in which the nonresident attorney has been admitted to practice law certifying the nonresident attorney's date of admission to such jurisdiction and the current status of the nonresident attorney's membership or eligibility to practice therein. The certificate furnished shall be no more than forty-five (45) days old.

Applicant certifies the following:
1. Applicant shall be subject to the jurisdiction of the courts and agencies of the State of Arizona and to the State Bar of Arizona with respect to the law of this state governing the conduct of attorneys to the same extent as an active member of the State Bar of Arizona, as provided in Ariz. R. Sup. Ct. Rule 46(b).
2. Applicant will review and comply with appropriate rules of procedure as required in the underlying cause.
3. Applicant understands and shall comply with the standards of conduct required of members of the State Bar of Arizona.

**Verification**

STATE OF District of Columbia                          )
County of _____          ) ss.

I, Robert J. Shaughnessy _____, swear that all statements in the application are true, correct and complete to the best of my knowledge and belief.

Dated: 12-19-22 _____     Applicant's Signature: _Robert J. Shaughnessy_

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 20____, by

_____
Name of Applicant

_____
Notary Public

Revised 10/28/20

# COVID-19 Temporary Verification

This Form is intended to be a required supplement to State Bar of Arizona applications and certifications during the period of pandemic health advisories and the related emergency orders of the federal government, the Governor of Arizona, and the Supreme Court of Arizona. This unsworn declaration, under penalty of perjury, is to be submitted in lieu of a notarized verification pursuant to Arizona Rules of Civil Procedure, Rule 80(c).

State of   District of Columbia    )
                              ) ss.
County of _____ )

I, **Robert J. Shaughnessy** _____, a member of the State Bar of **DC and VA** _____, submit this unsworn verification in support of my:

☐ Resignation of Membership

☑ Application for Appearance *Pro Hac Vice*

☐ Application for In-House Counsel certification

☐ Application for transfer to Inactive / Retired status

☐ Application for Reinstatement after Summary Suspension by the Board of Governors

I hereby declare and verify, under the penalty of perjury, that the foregoing information and that on the applicable application form is true and correct.

Dated: **12-19-22** _____

_____
Attorney signature

*Grosch v. Tyco Fire Products*, CV2022-000124 (Superior Court Maricopa County)

Part III: Parties

| Party | Counsel of Record | Address |
|---|---|---|
| Matthew Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ 85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA 70170 |
| Shelagh Grosch | Lincoln Combs | O'Steen & Harrison, PLC<br>300 W. Clarendon Ave.<br>Suite 400<br>Phoenix, AZ 85013 |
| | Kerry Miller<br>Jason W. Burge<br>Danielle Teutonico | Fishman Haygood LLP<br>201 St. Charles Ave., Fl. 46<br>New Orleans, LA 70170 |
| Tyco Fire Products LP | Eric B. Johnson<br>Catherine Allen | Quarles & Brady LLP<br>One Renaissance Square<br>Two North Central Avenue<br>Suite 600<br>Phoenix, AZ 85004 |
| Matlick Enterprises, Inc. | Ellen Levy | Resnick & Louis<br>8111 E. Indian Bend Rd.<br>Scottsdale, AZ 85250 |



On behalf of JULIO A. CASTILLO, Clerk of the District of Columbia Court of Appeals,
the District of Columbia Bar does hereby certify that

# **Robert Shaughnessy**

was duly qualified and admitted on June 21, 1989 as an attorney and counselor entitled to
practice before this Court; and is, on the date indicated below, an Active member in good
standing of this Bar.

In Testimony Whereof,
I have hereunto subscribed my
name and affixed the seal of this
Court at the City of
Washington, D.C., on December 13, 2022.

**JULIO A. CASTILLO**
Clerk of the Court

Issued By:

David Chu - Director, Membership
District of Columbia Bar Membership

**For questions or concerns, please contact the D.C. Bar Membership Office at 202-626-3475 or email
memberservices@dcbar.org.**

# VIRGINIA STATE BAR

## CERTIFICATE OF GOOD STANDING

THIS IS TO CERTIFY THAT ROBERT JAMES SHAUGHNESSY IS AN ACTIVE MEMBER OF THE

VIRGINIA STATE BAR IN GOOD STANDING. MR. SHAUGHNESSY WAS LICENSED TO PRACTICE LAW

IN VIRGINIA ON OCTOBER 14, 1988, AFTER SUCCESSFULLY PASSING THE BAR EXAMINATION GIVEN

BY THE BOARD OF BAR EXAMINERS.

Issued December 8, 2022

*DaVida M. Davis*
**Director of Regulatory Compliance**

**Granted as Submitted**
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
J. Holguin, Deputy
3/13/2023 8:00:00 AM
Filing ID 15661989

1  **QUARLES & BRADY LLP**
   Firm State Bar No. 00443100
2  Renaissance One
   Two North Central Avenue
3  Phoenix, AZ 85004-2391
   Telephone 602.229.5200
4
5  Eric B. Johnson (#020512)
   eric.johnson@quarles.com
6  Catherine Guastello Allen (#024697)
   catherine.allen@quarles.com
7  *Counsel for Defendant Tyco Fire Products LP*

8  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9  **IN AND FOR THE COUNTY OF MARICOPA**
10

11
12 MATTHEW GROSCH and SHELAGH
   GROSCH,                                    Case No. CV2022-000124
13
                  Plaintiffs,                 **ORDER GRANTING MOTION AND
14                                            CONSENT OF LOCAL COUNSEL
                                              FOR PRO HAC VICE ADMISSION
15 vs.                                        OF MADISON NEEDHAM,
                                              MEAGHAN NEWKIRK, ANNA
16 TYCO FIRE PRODUCTS LP, *et al.*,           HROM, AND ROBERT J.
                                              SHAUGHNESSY**
17               Defendants.
                                              (Before the Hon. John Hannah)
18

19 Based upon the Motion for Admission Pro Hac Vice of **1) Madison Needham, 2)
20 Meaghan Newkirk, 3) Anna Hrom, and 4) Robert J. Shaughnessy**, and the consent to
21 appear as local counsel by Eric B. Johnson and Catherine Guastello Allen,
22    IT IS HEREBY ORDERED that **1) Madison Needham, 2) Meaghan Newkirk, 3)
23 Anna Hrom, and 4) Robert J. Shaughnessy** be admitted pro hac vice as counsel for
24 Defendants Tyco Fire Products LP.
25    DATED:_____
26
27                                            _____
                                              Judge, Maricopa County Superior Court
28

1

QB\510241.00095\78539980.1

# eSignature Page 1 of 1

Filing ID: 15661989   Case Number: CV2022-000124
Original Filing ID: 15586162

Granted as Submitted



/S/ John Hannah Date: 3/10/2023

Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2022-000124

SIGNATURE DATE: 3/10/2023

E-FILING ID #: 15661989

FILED DATE: 3/13/2023 8:00:00 AM

ELLEN S LEVY

ERIC B JOHNSON

LINCOLN COMBS

DOCKET CV TX